Robert E. Spicer, Jr. (VSB No. 24194)
William H. Schwarzschild, III (VSB No. 15274)
R. Joseph Noble (VSB No. 77138)
**WILLIAMS MULLEN**
Two James Center, 17th Floor
1021 East Cary Street
Post Office Box 1320
Richmond, Virginia 23218-1320
Tel: 804.783.6432
Fax: 804.783.6507
rspicer@williamsmullen.com
tschwarz@williamsmullen.com
jnoble@williamsmullen.com

*Counsel for LandAmerica Financial Group, Inc*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# RICHMOND DIVISION

| | |
|---|---|
| In re: )<br>    LANDAMERICA FINANCIAL )<br>    GROUP, INC., )<br>    )<br>                  Debtor. ) | Chapter 11<br><br>Case No. 08-35994 (KRH) |

## FIRST INTERIM APPLICATION OF WILLIAMS MULLEN
## FOR ALLOWANCE OF COMPENSATION AND EXPENSE
## REIMBURSEMENT AS SPECIAL CORPORATE COUNSEL TO THE DEBTOR

Williams, Mullen, Clark & Dobbins, P.C. ("Williams Mullen"), special corporate counsel for LandAmerica Financial Group, Inc. in the above-captioned case (the "Debtor"), submits the following as its First Interim Application For Allowance Of Compensation And Expense Reimbursement As Special Corporate Counsel To The Debtor (the "Application") pursuant to 11 U.S.C. §§ 330 and 331 and Rule 2016 of the Federal Rules of Bankruptcy Procedure. In this Application, Williams Mullen seeks approval of compensation in the amount of $193,618.50 and reimbursement of expenses in the amount of $4,298.46 for the period of November 26, 2008 through and including February 28, 2009, and in support thereof states as follows:

## JURISDICTION

1. The Court has jurisdiction to consider this matter under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding under 28 U.S.C. § 157(b). Venue is before the Court

pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are 11 U.S.C. §§ 330 and 331.

**BACKGROUND**

3. On November 26, 2008 (the "Petition Date"), the Debtor filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101-1330 (the "Bankruptcy Code"). The Debtor continues to operate its business and manage its properties as debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

4. On December 5, 2008, the Debtor applied to the Court for an order authorizing it to retain Williams Mullen as its special corporate counsel, effective *nunc pro tunc* to the Petition Date, to render legal services to the Debtor relating to the Debtor's ongoing business operations, including, without limitation, any corporate, securities, business combination, employee benefit, employment, and tax issues that may arise to the extent requested by the Debtor.

5. On December 16, 2008, Robert E. Spicer, Jr., on behalf of Williams Mullen, filed a supplemental declaration in support of the Debtor's application for the entry of an order authorizing the employment and retention of Williams Mullen as special corporate counsel to the Debtor.

6. On December 21, 2008, the Court entered an order (the "Retention Order") authorizing the Debtor to employ and retain Williams Mullen as its special corporate counsel effective *nunc pro tunc* to the Petition Date. A copy of the Retention Order is attached hereto as Exhibit A.

7. On December 21, 2008, the Court entered an Order Under Sections 105(a) and 331 Of The Bankruptcy Code Establishing Procedures For Interim Compensation (the "Interim

Compensation Order"). A copy of the Interim Compensation Order is attached hereto as <u>Exhibit B</u>.

8.  Pursuant to the terms of the Interim Compensation Order, if no objection is filed to a monthly fee application within twenty (20) days of the date of filing of that application, then the respective professionals may be paid eighty-five percent (85%) of the fees and one hundred percent (100%) of the expenses set forth in the applicable monthly fee application.

9.  The Interim Compensation Order provides for the payment of the remaining fifteen percent (15%) of fees following approval of the professional's interim compensation request by this Court.

10. On January 9, 2009, Williams Mullen served its first Monthly Fee Request for the amount of $129,531.77 consisting of $129,060.50 for professional fees and $471.27 for expenses relating to the period from the Petition Date through and including December 31, 2008. The 20 day period for objections expired on January 30, 2009 without any objections, at which time Williams Mullen was paid 85% of the requested professional fees and 100% of requested expenses, in the aggregate amount of $110,172.70.

11. On March 5, 2009, Williams Mullen served its second Monthly Fee Request for the period from January 1, 2009 through and including January 31, 2009 for the amount of $28,225.38, consisting of $28,023.50 for professional fees and $201.88 for expenses. The 20 day period for objections expired on March 26, 2009, without any objections. On April 2, 2009, Williams Mullen was paid 85% of the requested professional fees and 100% of requested expenses, in the aggregate amount of $24,021.86.

12. On March 16, 2009, Williams Mullen served its third Monthly Fee Request for the period from February 1, 2009 through and including February 28, 2009 for the amount of

$40,159.81, consisting of $36,534.50 for professional fees and $3,625.31 for expenses. The 20 day period for objections expired on April 6, 2009, without any objections. As of the date of this Application, Williams Mullen has not received any payment of fees or expenses relating to the third Monthly Fee Request.

13. Williams Mullen has rendered professional services to the Debtor from and including November 26, 2008 through and including February 28, 2009 (the "Interim Fee Period") for which it seeks compensation in the amount of $193,618.50. The Debtor paid $109,701.43 after the first Monthly Fee Request and $23,819.98 after the second Monthly Fee Request, leaving a remaining balance of $60,097.09. Attached hereto as Exhibit C is a statement of the fees incurred.

14. During the Interim Fee Period, Williams Mullen incurred $4,298.46 in out-of-pocket expenses for which it seeks reimbursement. The Debtor paid $471.27 after the first Monthly Fee Request and $201.88 after the second Monthly Fee Request, leaving a remaining balance of $3,625.31. Attached hereto as Exhibit C is a statement of the expenses incurred.

15. Pursuant to the Interim Compensation Order, Williams Mullen is filing this Application for allowance of compensation for professional services rendered and reimbursement of expenses in this case during the Interim Fee Period.

## SUMMARY OF SERVICES RENDERED

16. Williams Mullen provided various services to the Debtor, which may be summarized as follows:

A.  General Corporate – Total Hours 2.4                Total $796.00

| ATTORNEY/ PARALEGAL | YEAR ADMITTED | HOURLY RATE | TOTAL HOURS | FEE |
|---|---|---|---|---|
| R. E. Spicer Jr. | 1984 | $460.00 | 1.0 | $460.00 |
| R. W. Hulcher | 2006 | $285.00 | 0.7 | $199.50 |

| M. D. Rundstrom | N/A | $195.00 | 0.7 | $136.50 |

Description
Correspondence, conferences, document review, and legal analysis.

Attached hereto as <u>Exhibit C- General Corporate</u> is a complete statement of such services rendered by Williams Mullen.

Necessity and Benefit to the Estate
Williams Mullen assisted the Debtor with a regulatory filing, a legal demand letter and the use of escrowed funds from a prior acquisition.

B.   Securities – Total Hours 109.3                     Total $44,454.50

| ATTORNEY/ PARALEGAL | YEAR ADMITTED | HOURLY RATE[1] | TOTAL HOURS | FEE |
|---|---|---|---|---|
| R. E. Spicer Jr. | 1984 | $460.00/$480.00 | 76.7 | $35,620.00 |
| W. Schwarzschild III | 1975 | $460.00 | 0.3 | $138.00 |
| R. B. Ball | 1976 | $460.00 | 1.0 | $460.00 |
| C. W. Kemp | 1999 | $345.00/$360.00 | 3.4 | $1,177.50 |
| C. E. James | 2001 | $300.00 | 0.4 | $120.00 |
| R. W. Hulcher | 2006 | $285.00 | 18.8 | $5,358.00 |
| W. W. Rabke | 2008 | $220.00 | 1.3 | $286.00 |
| M. D. Rundstrom | N/A | $175.00 | 7.4 | $1,295.00 |

Description
Correspondence, conferences, document review, legal advice, and legal analysis.

Attached hereto as <u>Exhibit C- Securities</u> is a complete statement of such services rendered by Williams Mullen.

Necessity and Benefit to the Estate
Williams Mullen assisted the Debtor with its public company reporting obligations under the Securities Exchange Act of 1934, and related matters.

C.   General Employee Benefits – Total Hours 157.7              Total $49,982.50

| ATTORNEY/ PARALEGAL | YEAR ADMITTED | HOURLY RATE[2] | TOTAL HOURS | FEE |
|---|---|---|---|---|
| C. M. Marriott | 1986 | $460.00 | 29.8 | $13,708.00 |
| C. L. Rascow | 1979 | $460.00 | 0.6 | $276.00 |
| B. M. Dewitt | 1995 | $355.00/$362.62 | 58.8 | $20,922.00 |
| M. S. Stefanis | 1991 | $355.00 | 2.5 | $887.50 |

---

[1] Williams Mullen hourly rates increased for some attorneys and paralegals on February 1, 2009.
[2] Williams Mullen hourly rates increased for some attorneys and paralegals on February 1, 2009.

| N. Massengill | 1992 | $325.00 | 0.2 | $65.00 |
| E. P. Hindsley | 2008 | $220.00 | 59.4 | $13,068.00 |
| C. G. Pollock | N/A | $165.00 | 6.4 | $1,056.00 |

Description
Correspondence, conferences, document preparation, document review, legal advice, and legal analysis.

Attached hereto as <u>Exhibit C- General Employment Benefits</u> is a complete statement of such services rendered by Williams Mullen.

Necessity and Benefit to the Estate
Williams Mullen assisted the Debtor with necessary review and compliance in connection with employee benefit plans and related matters arising generally and from the bankruptcy filing of the Debtor.

D.      <u>General Immigration</u> – Total Hours 1.2     Total $492.00

| ATTORNEY/ PARALEGAL | YEAR ADMITTED | HOURLY RATE | TOTAL HOURS | FEE |
|---|---|---|---|---|
| W. J. Benos | 1988 | $410.00 | 1.2 | $492.00 |

Description
Correspondence, conferences, document review, legal advice, and legal analysis.

Attached hereto as <u>Exhibit C- General Immigration</u> is a complete statement of such services rendered by Williams Mullen.

Necessity and Benefit to the Estate
Williams Mullen assisted the Debtor with the filing of immigration documentation for employees designated by the Debtor.

E.      <u>Fidelity National Financial, Inc.</u> – Total Hours 95.6     Total $37,481.50

| ATTORNEY/ PARALEGAL | YEAR ADMITTED | HOURLY RATE | TOTAL HOURS | FEE |
|---|---|---|---|---|
| J. P. Smith | 1968 | $550.00 | 1.7 | $935.00 |
| R. E. Spicer Jr. | 1984 | $510.00 | 22.6 | $11,526.00 |
| R. B. Ball | 1976 | $510.00 | 2.5 | $1,275.00 |
| G. R. Bishop | 1999 | $395.00 | 10.0 | $3,950.00 |
| C. M. Marriott | 1986 | $510.00 | 9.0 | $4,590.00 |
| B. M. Dewitt | 1995 | $395.00 | 3.3 | $1,303.50 |
| L. V. Parker Jr. | 2003 | $330.00 | 3.9 | $1,287.00 |
| R. W. Hulcher | 2006 | $315.00 | 35.9 | $11,308.50 |
| M. D. Rundstrom | N/A | $195.00 | 6.7 | $1,306.50 |

Description
Correspondence, conferences, document preparation and revision, document review, legal advice, and legal analysis.

Attached hereto as Exhibit C- Fidelity National Financial, Inc. is a complete statement of such services rendered by Williams Mullen.

Necessity and Benefit to the Estate
Williams Mullen assisted the Debtor with the sale of its principal title insurance subsidiaries to Fidelity National Financial Inc.

F.    Bankruptcy – Total Hours 40.4          Total $18,540.00

| ATTORNEY/ PARALEGAL | YEAR ADMITTED | HOURLY RATE[3] | TOTAL HOURS | FEE |
|---|---|---|---|---|
| R. E. Spicer Jr. | 1984 | $460.00/$480.00 | 31.5 | $14,494.00 |
| W. Schwarzschild | 1975 | $460.00/$480.00 | 8.6 | $3,964.00 |
| R. W. Hulcher | 2006 | $295.00 | 0.2 | $59.00 |
| W. W. Rabke | 2008 | $230.00 | 0.1 | $23.00 |

Description
Correspondence, conferences, document preparation, document review, research, bankruptcy filings, legal advice, and legal analysis.

Attached hereto as Exhibit C- Bankruptcy is a complete statement of such services rendered by Williams Mullen.

Necessity and Benefit to the Estate
Williams Mullen assisted the Debtor by monitoring its bankruptcy filings and preparing necessary documents for filing with the Court relating to the employment of Williams Mullen.

G.    NYSE Stock Trading Inquiry – Total Hours 90.3          Total $26,821.00

| ATTORNEY/ PARALEGAL | YEAR ADMITTED | HOURLY RATE[4] | TOTAL HOURS | FEE |
|---|---|---|---|---|
| R. E. Spicer Jr. | 1984 | $460.00/$480.00 | 15.6 | $7,288.00 |
| R. W. Hulcher | 2006 | $285.00/$295.00 | 55.7 | $16,151.50 |
| M. D. Rundstrom | N/A | $175.00/$180.00 | 19 | $3,381.50 |

Description
Correspondence, conferences, document preparation, document review, research, legal advice, and legal analysis.

---

[3] Williams Mullen hourly rates increased for some attorneys and paralegals on February 1, 2009.
[4] Williams Mullen hourly rates increased for some attorneys and paralegals on February 1, 2009.

Attached hereto as <u>Exhibit C- NYSE Stock Trading Inquiry</u> is a complete statement of such services rendered by Williams Mullen.

Necessity and Benefit to the Estate
Williams Mullen assisted the Debtor with the preparation of responses to the NYSE's request for information.

H.   <u>Executive Benefits</u> – Total Hours 2.5      Total $1,200.00

| ATTORNEY/ PARALEGAL | YEAR ADMITTED | HOURLY RATE | TOTAL HOURS | FEE |
|---|---|---|---|---|
| C. L. Rascoe | 1979 | $480.00 | 1.1 | $528.00 |
| C. M. Marriott | 1986 | $480.00 | 1.4 | $672.00 |

Description
Correspondence, document review, legal advice, and legal analysis.

Attached hereto as <u>Exhibit C- Executive Benefits</u> is a complete statement of such services rendered by Williams Mullen.

Necessity and Benefit to the Estate
Williams Mullen assisted the Debtor with its review of executive benefit issues, including its Outside Directors Deferral Plan.

I.   <u>Cash Balance Plan</u> – Total Hours 28.7      Total $10,115.00

| ATTORNEY/ PARALEGAL | YEAR ADMITTED | HOURLY RATE | TOTAL HOURS | FEE |
|---|---|---|---|---|
| B. M. Dewitt | 1995 | $370.00 | 25.1 | $9,287.00 |
| E. P. Hindsley | 2008 | $230.00 | 3.6 | $828.00 |

Description
Correspondence, conferences, document preparation, document review, research, legal advice, and legal analysis.

Attached hereto as <u>Exhibit C- Cash Balance Plan</u> is a complete statement of such services rendered by Williams Mullen.

Necessity and Benefit to the Estate
Williams Mullen assisted the Debtor with its review and oversight of issues arising in connection with the Cash Balance Plan.

J.   <u>Employee Savings and Stock Ownership Plan</u> – Total Hours 9.8   Total $3,736.00

| ATTORNEY/ PARALEGAL | YEAR ADMITTED | HOURLY RATE | TOTAL HOURS | FEE |
|---|---|---|---|---|

| | | | | |
|---|---|---|---|---|
| C. M. Marriott | 1986 | $480.00 | 1.0 | $480.00 |
| B. M. Dewitt | 1995 | $370.00 | 8.8 | $3,256.00 |

Description
Correspondence, conferences, document preparation, document review, research, legal advice, and legal analysis.

Attached hereto as Exhibit C- Employee Savings and Stock Ownership Plan is a complete statement of such services rendered by Williams Mullen.

Necessity and Benefit to the Estate
Williams Mullen assisted the Debtor with its review and oversight of its plan termination and related issues.

17. The total amount of interim compensation requested by Williams Mullen is based on the hourly rates normally charged by the attorneys and the paralegals who performed legal services for the Debtor in this matter and are further summarized on Exhibit C.

18. Attached hereto as Exhibit D is a summary sheet concerning this Application. The fees sought by Williams Mullen are reasonable for the work it performed and in practice before the United States Bankruptcy Court. Such fees are customary for the specialized services provided and are comparable in amount to services rendered by other attorneys in the area. The fees sought herein are reasonable considering the nature and extent of the work, the time spent, and the value of the services.

19. Williams Mullen hereby certifies that it has submitted and served monthly statements as permitted under the Interim Compensation Order. In addition, it will file and serve this Application as required under the Interim Compensation Order.

20. Williams Mullen submits that the legal services rendered to the Debtor and the out-of-pocket expenses incurred therewith were necessary and reasonable in view of the Debtor's obligations in this case and the scope and nature of the matters in which the Debtor was involved.

21. This Application is made without prejudice to the firm's right to seek further interim allowances and/or final allowance of compensation in the future in accordance with the Retention Order and the Interim Compensation Order.

## CONCLUSION

WHEREFORE, Williams Mullen respectfully requests that the Court enter an Order substantially in the form attached hereto as <u>Exhibit E</u> approving the compensation and reimbursement of expenses requested herein, authorizing and directing the Debtor to pay such amounts and granting such other and further relief as the Court deems appropriate.

WILLIAMS MULLEN

By: _____
Counsel

6175267_2.DOC