IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

------------------------------------------------------------ x
In re:                                                      :
                                                            :   Chapter 11
                                                            :
LandAmerica Financial Group, Inc., et al.,                  :
                                                            :   Case No. 08-35994
Debtors.                                                    :
                                                            :   Jointly Administered
                                                            :
------------------------------------------------------------ X


SUMMARY FOR FIRST INTERIM APPLICATION OF
BINGHAM McCUTCHEN LLP FOR ALLOWANCE OF
COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD
DECEMBER 3, 2008 THROUGH FEBRUARY 28, 2009

| | |
|---|---|
| Name of Applicant: | **BINGHAM McCUTCHEN LLP** |
| Authorized to Provide Professional Services to: | **Co-Counsel to Official Committee of Unsecured Creditors** |
| Date of Retention: | ***nunc pro tunc* as of December 3, 2008** |
| Period for which compensation and/or reimbursement is sought: | **December 3, 2008 through February 28, 2009** |
| Amount of Compensation sought as actual, reasonable and necessary: | **$1,796,844.50** |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary: | **$   50,017.13** |
| Fees Paid for Current Application Period: | **$        0.00** |
| Expenses Paid for Current Application Period: | **$        0.00** |
| Amount of Holdback Fees Sought (15%): | **$ 269,526.68** |

This is an interim application.

A/73004406.3

Jeffrey S. Sabin (*admitted pro hac vice*)
Mark M. Elliott (*admitted pro hac vice*)
Justin G. Imperato (VSB No. 72167)
BINGHAM McCUTCHEN LLP
399 Park Avenue
New York, New York 10029
Telephone: (212) 705-7000
Facsimile: (212) 752-5378

*Co-Counsel to The Official Committee of Unsecured Creditors*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

------------------------------------------------------------ x
In re:                                                       :
                                                             :  Chapter 11
LandAmerica Financial Group, Inc., et al.,                   :
                                                             :  Case No. 08-35994
Debtors.                                                     :
                                                             :  Jointly Administered
                                                             :
------------------------------------------------------------ X

**FIRST INTERIM APPLICATION OF BINGHAM McCUTCHEN LLP
FOR ALLOWANCE AND PAYMENT OF INTERIM
COMPENSATION AND REIMBURSEMENT OF EXPENSES
FOR THE PERIOD DECEMBER 3, 2008 THROUGH FEBRUARY 28, 2009**

Bingham McCutchen LLP ("**Bingham**") submits this first interim application (the "**Application**") pursuant to Sections 330 and 331 of the United States Bankruptcy Code, 11 U.S.C. § 101, et seq. (as amended, the "**Bankruptcy Code**") for allowance and payment of interim compensation and reimbursement of expenses for the period December 3, 2008 through and including February 28, 2009 (the "**Application Period**") for professional services rendered by Bingham as co-counsel to the Official Committee of Unsecured Creditors of LandAmerica Financial Group, Inc. (the "**Committee**").

As discussed below, Bingham seeks allowance and payment of interim compensation and fees in the amount of $1,846,861.63, consisting of $1,796,844.50 in fees (the "**Fees**") and $50,017.13 in expenses (the "**Expenses**") incurred during the Application Period. In support hereof, Bingham respectfully represents as follows:

**I.     BACKGROUND**

1.     On November 26, 2008 (the "**Petition Date**"), LandAmerica Financial Group, Inc. (the "**Debtor**") filed a voluntary petition for relief with this Court under chapter 11 of the Bankruptcy Code, thereby commencing the instant bankruptcy proceedings (the "**Bankruptcy Case**"). Also, on November 26, 2008, an affiliate of the Debtor, LandAmerica 1031 Exchange Services, Inc. ("**LES**"), filed a voluntary petition for relief with this Court under chapter 11 of the Bankruptcy Code. The bankruptcy cases for the Debtor and LES have been procedurally consolidated for administrative purposes (collectively, the "**Chapter 11 Cases**").

2.     The Debtor continues to operate its businesses and manage its properties as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Bankruptcy Case.

3.     On December 3, 2008, the United States Trustee for Region Four (the "**U.S. Trustee**"), pursuant to section 1102 of the Bankruptcy Code, appointed the Committee to represent the interests of the Debtor's unsecured creditors in the Bankruptcy Case.

4.     On December 3, 2008, the Official Committee held its first meeting. At its first meeting, the Official Committee decided to retain: (i) Bingham as counsel to the Committee; (ii) LeClaireRyan as Virginia counsel to the Committee; and (iii) Alvarez & Marshal Dispute Analysis & Forensic Services, LLC and Alvarez & Marsal North America, LLC ("**A&M**") as financial advisor to the Committee.

5. On January 22, 2009, this Court entered an order authorizing the employment of Bingham as counsel to the Committee, *nunc pro tunc*, to December 3, 2008 [Doc. No. 723] (the "**Retention Order**").

6. On December 21, 2008, this Court entered that certain Order Under Sections 105(a) and 331 of the Bankruptcy Code Establishing Interim Compensation Procedures dated December 21, 2008 (the "**Compensation Procedures Order**").

7. Pursuant to the terms of the Compensation Procedures Order, if no objection to a professional's monthly fee request is served within twenty (20) days of the date of service of such monthly fee request, then the Debtor is authorized to pay such professional eighty-five percent (85%) of the requested fees and one hundred percent (100%) of the requested expenses. The Compensation Procedures Order provides for the payment of the remaining fifteen percent (15%) of fees following approval of the professional's interim fee application by this Court.

## II. JURISDICTION AND VENUE

8. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## III. CASE STATUS

9. As stated above, no trustee or examiner has been appointed pursuant to 1107(a) and 1108 of the Bankruptcy Code.

10. No disclosure statement or plan of reorganization has been filed in the Bankruptcy Case.

11. On March 23, 2009, this Court entered an Order Extending the Debtors' Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereto Pursuant to Section

1121(d) of the Bankruptcy Code by 120 days through and including July 24, 2009 and September 22, 2009, respectively.

IV. **RELIEF REQUESTED**

12. Pursuant to this Application, Bingham seeks allowance and payment of interim compensation in the amount of $1,846,861.63, consisting of $1,796,844.50 in Fees and $50,017.13 in Expenses incurred during the Application Period.

13. On March 26, 2009, Bingham served its first monthly fee request for the period from December 3, 2008 through and including December 31, 2008 for the amount of $777,871.92, consisting of $755,344.00 for professional fees and $22,527.92 for expenses.

14. On April 14, 2009, Bingham served its second monthly fee request for the period from January 1, 2009 through and including January 31, 2009 for the amount of $501,639.85, consisting of $488,679.50 for professional fees and $12,960.35 for expenses.

15. On April 14, 2009, Bingham served its third monthly fee request for the period from February 1, 2009 through and including February 28, 2009 for the amount of $537,349.86, consisting of $522,821.00 for professional fees and $14,528.86 for expenses.

16. As of the date hereof, Bingham has not received any payment in respect of its monthly fee requests.

17. With respect to the Expenses for which reimbursement is sought hereunder, Bingham applies the following practices:

> a. Photocopying – charged by Bingham at $.20 per page; copies billed by third party vendors (where indicated) are charged at the invoiced cost thereof;
>
> b. Telecommunications – long distance calls are billed at $.35 per minute and are included in the entry for telephone charges on Exhibit C. Bingham does not charge for the first page of outgoing facsimiles; subsequent pages, to the extent facsimiles are billed hereunder, are charged at $1.50 per page, which amount has been reduced to $1.00 per

page in accordance with the U.S. Trustee's Guidelines. There is no charge for incoming facsimiles;

c.      Meals – Bingham does not charge for in-house meals, except for working meals or in respect of meetings with third parties, which meals are charged at cost; meals for dinner meetings in New York were capped at $50 per person and meals in Richmond, VA were capped at $35.00 per person. A credit was made on the January 2009 bill to reflect an adjustment to December meal charges;

d.      Travel (Transportation) – taxis and car fare are billed at the invoiced cost thereof. Domestic air travel is billed by coach class at the rates in effect at the time of travel;

e.      Westlaw and Lexis – Bingham pays a flat monthly fee for Westlaw and Lexis, and there is no effective way to bill the actual cost to the client as usage varies each month. Accordingly, Bingham charges the client based on scheduled rates provided by Westlaw and Lexis without further markup. Bingham believes this is a fair price and understands the arrangement is typical of law firms throughout the country. PACER charges, to the extent billed, are billed at actual cost.

## V.     BASIS FOR RELIEF

### A.     Retention of Bingham and General Description of Services Provided

18.     Pursuant to an Order of this Court entered on January 22, 2009, Bingham was retained as co-counsel to the Committee *nunc pro tunc* to December 3, 2008.

19.     During the Application Period, attorneys at Bingham expended 2,934.0 hours on the Chapter 11 Cases, while paralegals expended 192.1 hours, producing a blended hourly rate of $595.44 (excluding paralegals).[1]

20.     The Fees and Expenses for which Bingham requests allowance of compensation and reimbursement related to the Application Period and were rendered in connection with the Bankruptcy Case and in the exercise of Bingham's professional responsibilities as co-counsel to the Committee. Bingham respectfully submits that the services rendered by it during the

---

[1] Bingham's hourly rates increased on January 1, 2009.

Application Period were at the request of the Committee and in all respects have been reasonable, necessary and beneficial to the Committee and to the Debtor's estate.

21. A copy of the detailed time records maintained by Bingham with respect to the Application Period is attached hereto as **Exhibit A**. Furthermore, attached hereto as **Exhibit B** is a schedule that sets forth (a) the name of each attorney and paralegal who performed services in connection with this case during the Application Period, (b) the number of hours expended by each attorney and paralegal, (c) the year in which each attorney was licensed to practice law, (d) the position of each attorney or paralegal within Bingham, (e) the standard hourly rate that Bingham charges for the same or similar services of each attorney or paralegal in matters not related to the Bankruptcy Case, and (f) the total fees attributable to all such services rendered by each attorney or paralegal.

22. Bingham also maintains records of all actual and necessary out-of-pocket expenses incurred in connection with the rendering of professional services. Annexed hereto as **Exhibit C** is a schedule that sets forth the categories of expenses incurred and amounts for which reimbursement is sought, together with computer records maintained in the ordinary course of business, which were used to compile such information.

23. In general, as outlined in the annexed fee statements and summaries, Bingham's services to the Committee during the Application Period centered initially on the sale of the Debtor's primary title insurance underwriting subsidiaries - Commonwealth Land Title Insurance Company, Lawyers Title Insurance Corporation, and United Capital Title Insurance Company (the "**Underwriters**"). Since the sale of the Underwriters, Bingham has been working with the Committee and its professionals to evaluate the Debtor's remaining businesses to determine the manner in which to best maximize value for the Debtor's estate, including through one or more

sales of such remaining businesses and/or the prompt and orderly wind-down and liquidation of such businesses. Additionally, Bingham, together with the Committee's other professionals, have represented the Committee in the litigation pending in the LES bankruptcy proceeding concerning claims asserted by customers of LES pursuant to this Court's Order Establishing Schedule Protocol for Adversary Proceedings, dated January 16, 2009 (the "**Protocol Order**"). Bingham submits that the hard work of the Committee and its professionals, including Bingham, to preserve value for the Committee's constituents has been reasonable, necessary and beneficial to the Debtor's estate and its creditors.

24. In accordance with the factors enumerated in Section 330 of the Bankruptcy Code, the Fees requested are fair and reasonable given (a) the complexity of the Bankruptcy Case, (b) the time expended in rendering services in connection with the Bankruptcy Case, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services rendered in cases not under this title. Moreover, with respect to the Expenses sought hereunder, Bingham has disbursed and/or incurred the Expenses in the ordinary course of rendering professional services during the Application Period. Such Expenses were necessary and reasonable in scope and amount and do not include a charge for profit. Accordingly, Bingham hereby requests approval and payment of all Fees and Expenses sought hereunder.

**B.     Summary of Services Rendered by Category**

25. The services rendered by Bingham during the Application Period have been segregated into several distinct categories in accordance with the U.S. Trustee's Guidelines. Each such category is described in more detail below and with reference to the detailed time entries annexed hereto as **Exhibit A**. A summary of the individuals providing services in each respective category during the Application Period and the fees requested on account of such

services is also incorporated in **Exhibit A**. With respect to each category of services, Bingham has worked closely with its co-counsel, LeClairRyan, to avoid duplication of effort.

### Case Administration
**(Fees Sought: $69,784.00; Hrs. Billed: 216.4)**

26. The services performed by Bingham in this category primarily related to general administrative matters and document management regarding numerous pleadings and discovery filed in the Chapter 11 Cases and related adversary proceedings.

### Fee/Employment Applications
**(Fees Sought: $12,385.50; Hrs. Billed: 25.7)**

27. The services performed by Bingham in this category primarily related to preparation of retention applications for itself and A&M.

### Committee Meetings and Communications
**(Fees Sought: $271,729.00; Hrs. Billed: 417.7)**

28. The services performed by Bingham in this category related to written, electronic and telephonic communications with Committee members and the orderly conduct, coordination and management of communications with the Committee. The services within this category include extensive efforts by Bingham in developing proposed case strategies for consideration by the Committee, as well as coordination with the Committee in terms of approval and implementation of such strategies. Bingham arranged regularly scheduled telephonic meetings among the Committee and its professional advisors to discuss various issues including general case status, Committee governance, business issues, asset sales, litigation matters and overall case strategy.

### Financing
### (Fees Sought: $1,074.00; Hrs. Billed: 1.2)

29. Bingham's services in this category related to discussions with interested debtor-in-possession lenders.

### Fee/Employment Objections
### (Fees Sought: $1,731.50; Hrs. Billed: 2.9)

30. Bingham's services in this category related to review and analysis of applications to employ professionals on behalf of the estates of the Debtor and LES, and included preparation of an objection to the application of the Debtor and LES to retain Zolfo Cooper and Mitchell as Chief Restructuring Officer.

### Employment Benefits/Pensions
### (Fees Sought: $11,567.50; Hrs. Billed: 18.7)

31. Bingham's services in this category related to analysis regarding pension and deferred compensation matters, including employee benefit issues that arose in the context of the Debtor's sale of the Underwriters.

### Business Operations
### (Fees Sought: $37,211.50; Hrs. Billed: 74.6)

32. Bingham's services in this category related primarily to analysis of the Debtor's financial statements, cash management system and the operations of the Debtor's numerous subsidiaries.

### Asset Disposition
### (Fees Sought: $567,487.00; Hrs. Billed: 974.0)

33. Bingham's services in this category related to evaluating the manner in which to best maximize value for the Debtor's estate through asset sales or the orderly winding down of burdensome businesses and assets. Bingham's services during the Application Period centered primarily on Debtor's sale of the Underwriters, which included analysis of proposed bids for the

Underwriters, evaluation of the impact of the proposed sale on the Debtor's estate, conducting formal and informal discovery to provide information to the Committee to assist its evaluation of the sale, representing the Committee in regulatory proceedings regarding the approval of the sale and negotiating with interested parties on the sale. Since the sale of the Underwriters, Bingham has been working with the Committee and its professionals to evaluate the Debtor's remaining businesses and assets to ascertain the best approach to maximizing the value of those assets for the Debtor's estate.

**Asset Analysis and Recovery**
**(Fees Sought: $360,261.00; Hrs. Billed: 705.9)**

34. During the Application Period, Bingham analyzed potential avoidance actions and other claims against equity, insider, creditor, and third party constituencies, and advised the Committee regarding these claims. In addition Bingham analyzed a variety of inter-estate claims and issues. Bingham developed and implemented strategies to recover assets, including possible resolution of issues within any plan of reorganization.

**Claims Administration and Objection**
**(Fees Sought: $12,652.50; Hrs. Billed: 22.5)**

35. Bingham's services in this category relate primarily to analysis of certain claim issues, including intercompany claims and claims included in the Debtor's schedules.

**Litigation**
**(Fees Sought: $10,782.50; Hrs. Billed: 16.3)**

36. During the Application Period, Bingham worked with LeClairRyan in litigating on behalf of the Committee. Bingham also deposed key management personnel regarding the proposed sale of the Underwriters and participated in litigation involving customers of LES. In this regard, Bingham coordinated with LeClairRyan in an effort to avoid duplication.

**Plan and Disclosure Statement**
**(Fees Sought: $14,810.00; Hrs. Billed: 25.3)**

37. During the Application Period, Bingham worked extensively with the Committee to develop frameworks for a potential plan of reorganization. As part of this process, Bingham analyzed legal issues relevant to the development of any plan of reorganization.

**Review of Pleadings**
**(Fees Sought: $10,666.00; Hrs. Billed: 17.5)**

38. The services performed by Bingham in this category related to the review and consideration of various pleadings and electronic docketing notices in the Chapter 11 Cases and the scheduled hearing dates and response deadlines for each pleading.

**Non-Working Travel**
**(Fees Sought: $10,004.00; Hrs. Billed: 18.8)**

39. The entries in this category represent time expended by attorneys while traveling for purposes relating to the Chapter 11 Cases and not otherwise working. Non-working travel time is billed at 50% of actual time traveling.

**Tax Issues**
**(Fees Sought: $158,220.00; Hrs. Billed: 197.5)**

40. During the Application Period, Bingham analyzed the tax consequences of the sale of the Underwriters and other assets. Bingham also analyzed the outstanding tax claims asserted against the Debtors. In addition, Bingham analyzed a variety of tax issues relevant to the development of any plan of reorganization.

**1031 Matters**
**(Fees Sought: $246,478.50; Hrs. Billed: 391.1)**

41. Bingham's services in this category included extensive participation on behalf of the Committee in the test cases being litigated in the LES bankruptcy proceedings pursuant to the

Protocol Order. Bingham also analyzed various intercompany claims relating to the LES estate. In this regard, Bingham coordinated with LeClairRyan in an effort to avoid duplication.

## VI. PROCEDURES

42. Bingham has complied with (i) Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), (ii) the Local Bankruptcy Rules for the Eastern District of Virginia (the "**Local Rules**"), (iii) the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, dated January 30, 1996 (the "**U.S. Trustee's Guidelines**"), and (iv) the Compensation Procedures Order.

43. In accordance with the U.S. Trustee's Guidelines, contemporaneously with the filing of the Application, a copy of this Application has been provided to The Prudential Insurance Company of America (as chair of the Committee) for approval.

44. In accordance with Rule 2016, Bankruptcy Code Section 504, and the U.S. Trustee's Guidelines, no payments (other than those approved by the Court and as stated herein) have heretofore been made or promised to Bingham for services rendered or to be rendered in any capacity whatsoever in connection with the Chapter 11 Cases. No agreement or understanding exists between Bingham and any other person or entity for a division of compensation or reimbursement received or to be received herein or in connection with the Bankruptcy Cases.

## VII. NOTICE

45. A copy of this Application will be served on the Office of the United States Trustee, the Debtors, counsel for the Debtors, and co-counsel to the Committee, counsel to the Official Committee of Unsecured Creditors for LES and all other required parties in accordance

with Fed. R. Bankr. P. 2002(a)(6) and the Compensation Procedures Order. Bingham submits that no further notice is necessary.

## VIII. CONCLUSION

WHEREFORE, Bingham respectfully requests this Court enter an order: (i) awarding Bingham $1,796,844.50 as a first interim allowance of compensation with respect to the Fees; (ii) awarding Bingham $50,017.13 as a first interim reimbursement of the Expenses; (iii) authorizing Bingham to retain and apply to the foregoing award the amount of any payments received in respect of the Application Period; (iv) authorizing and directing the Debtor to pay to Bingham the unpaid balance of amounts awarded in respect of the Application Period; and (v) granting such other and further relief as the Court may deem proper.

**[Remainder of page intentionally left blank. Next page is signature page.]**

| | |
|---|---|
| Dated: New York, NY<br>April 14, 2009 | BINGHAM McCUTCHEN LLP<br><br> /s/ Jeffrey S. Sabin                <br>Jeffrey S. Sabin (*admitted pro hac vice*)<br>Mark M. Elliott (*admitted pro hac vice*)<br>Justin G. Imperato (Va. Bar No. 72167)<br>399 Park Avenue<br>New York, New York 10029<br>Telephone: (212) 705-7000<br>Facsimile: (212) 752-5378<br><br>Co-Counsel to the Official Committee of Unsecured Creditors |
| Filed by:<br><br>` |  /s/ Martha E. Hulley              <br>Bruce H. Matson (Va. Bar No. 29874)<br>Christopher L. Perkins (Va. Bar No. 41783)<br>Martha E. Hulley (Va. Bar No. 73052)<br>LECLAIRRYAN, A Professional<br> Corporation<br>Riverfront Plaza, East Tower<br>951 East Byrd street<br>Richmond, Virginia 23219<br>Telephone: (804) 783-2003<br>Facsimile: (804) 783-2994 |

# CERTIFICATE OF SERVICE

I hereby certify that pursuant to the Court's Order Under Sections 105(a) and 331 of the Bankruptcy Code Establishing Interim Compensation Procedures dated December 21, 2008, on the 14th day of April 2009, a true and correct copy of the foregoing was served on all persons receiving electronic notice in these cases, including the following:

> Michelle H. Gluck, Esquire
> Executive Vice President and Chief Legal Officer
> Michael D. Beverly, Esquire
> Senior Vice President, Associate Gen. Counsel and Corp.Secretary
> LandAmerica Financial Group, Inc.
> 5600 Cox Road
> Glen Allen, Virginia 23060

> Robert B. Van Arsdale
> Office of the United States Trustee
> 701 East Broad St. Suite 4304
> Richmond, Virginia 23219
>   *Assistant United States Trustee*

> Dion W. Hayes, Esq.
> John H. Maddock, III, Esq.
> McGuireWoods LLP
> One James Center
> 901 East Cary Street
> Richmond, Virginia 23219
>   *Counsel for the Debtors*

> Paul V. Shalhoub, Esq.
> Rachel C. Strickland, Esq.
> WILLKIE FARR & GALLAGHER, LLP
> 787 Seventh Avenue
> New York, New York 10019
>   *Counsel for the Debtors*

> Charles R. Gibbs, Esq.
> AKIN GUMP STRAUSS HAUER & FELD LLP
> 1700 Pacific Avenue. Suite 4100
> Dallas, Texas 75201
>   *Counsel for the Official Committee of Unsecured Creditors*
>   *for LandAmerica 1031 Exchange Services, Inc.*

Lynn Tavenner, Esq.
TAVENNER & BERAN, PLC
20 North Eighth Street, Second Floor
Richmond, VA 23219
    *Counsel for the Official Committee of Unsecured Creditors*
    *of LandAmerica 1031 Exchange Services, Inc.*


    /s/ Martha E. Hulley