Jeffrey S. Sabin (*admitted pro hac vice*)
Mark M. Elliott (*admitted pro hac vice*)
BINGHAM McCUTCHEN LLP
399 Park Avenue
New York, New York 10022
Telephone: (212) 705-7000
Facsimile: (212) 752-5378

-and-

Bruce H. Matson (Va. Bar No. 22874)
Christopher L. Perkins (Va. Bar No. 41783)
Christian K. Vogel (Va. Bar No. 75537)
LECLAIRRYAN, A Professional Corporation
Riverfront Plaza, East Tower
951 East Byrd Street, Eighth Floor
Richmond, Virginia 23219
Telephone: (804) 783-2003
Facsimile: (804) 783-2294

*Counsel for The Official Committee of Unsecured Creditors
Of LandAmerica Financial Group, Inc.*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# RICHMOND DIVISION

------------------------------------------------------------ x
-
|  | : | Chapter 11 |
|---|---|---|
| In re: | : |  |
|  | : | Case No. 08-35994 |
| LandAmerica Financial Group, Inc., et al., | : |  |
|  | : | Jointly Administered |
| Debtors. | : |  |
|  | : |  |

------------------------------------------------------------X

**LECLAIRRYAN'S SECOND INTERIM APPLICATION FOR
ALLOWANCE OF COMPENSATION AND EXPENSE REIMBURSEMENT AS
<u>COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS</u>**

LeClairRyan, A Professional Corporation ("LeClairRyan"), counsel for the Official Committee of Unsecured Creditors of LandAmerica Financial Group, Inc. (the "LFG Committee"), submits this Second Interim Application for Allowance of Compensation and Expense Reimbursement as legal counsel to the LFG Committee (this "Application") pursuant to 11 U.S.C. §§ 330 and 503(b)(2) and Rule 2016 of the Federal Rules of Bankruptcy Procedure.  In this Application, LeClairRyan seeks approval of compensation in the amount of $471,456.00 and reimbursement of expenses in the amount of $26,447.19 for the period of March 1, 2009 through May 31, 2009 (the "Application Period"), of which $70,718.40 remains unpaid and outstanding.[1]  In support of this Application, LeClairRyan respectfully represents the following:

**Jurisdiction and Venue**

1.     This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue of these proceedings and the within motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background**

2.     On November 26, 2008 (the "Petition Date"), LandAmerica Financial Group, Inc. ("LFG") and its affiliate, LandAmerica 1031 Exchange Services, Inc. ("LES"), filed voluntary petitions for relief with this Court under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code").

---

[1] Applicant's May 2009 Fee Request was submitted on June 22, 2009.  No objections have been served and therefore LeClairRyan should be paid at 85% of fees and 100% of expenses as of July 13, 2009.  The amount of this payment is expected to be $118,583.50.  The remaining amount of the outstanding balance consists of 15% holdback balances for each Monthly Fee Request, as follows: $24,447.15 for March 2009; $26,332.05 for April 2009; and $19,939.20 for May 2009.

2

3. Pursuant to this Court's order dated November 28, 2009, the bankruptcy cases for the Debtor and LES have been procedurally consolidated for administrative purposes (the "Bankruptcy Cases").

4. The Debtor continues to operate its businesses and manage its properties as a debtor-in-possession, pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

5. On December 3, 2008, the United States Trustee appointed the LFG Committee.

6. On January 21, 2009, this Court entered an order authorizing the employment of LeClairRyan as counsel to the LFG Committee *nunc pro tunc* effective as of December 3, 2008 (the "Employment Order").

7. The terms of LeClairRyan's employment are as follows:  LeClairRyan charges legal fees on an hourly basis at its attorneys' hourly rates, which are set in accordance with the attorneys' seniority and experience.  Attached hereto as Exhibit 1 is the hourly rate schedule for LeClairRyan in this case.  LeClairRyan also charges for its actual out-of-pocket expenses incurred such as copying, long distance telephone, travel, overnight mail, telecopies, computer research and other disbursements.

**Relief Requested**

8. By this Fee Application, LeClairRyan is seeking approval of compensation and reimbursement of expenses that it has received in this case on an interim basis (as described above) pursuant to the Court's Order Under Sections 105(a) and 331 of the Bankruptcy Code Establishing Interim Compensation Procedures dated December 21, 2008 (the "Interim Compensation Order"), pursuant to the Employment Order, and pursuant to 11 U.S.C. §§ 330.

9. LeClairRyan seeks approval of compensation in the amount of $471,456.00 for professional services rendered to the LFG Committee and reimbursement of $26,447.19 for out-of-

pocket expenses incurred for the LFG Committee's benefit from and including March 1, 2009, through and including May 31, 2009. Attached hereto as Exhibit 2 are LeClairRyan's monthly fee requests for March 2009, April 2009, and May 2009, respectively, for services rendered and expenses incurred during the Application Period.

## Summary of Services Rendered During Current Period

10. The total amount of compensation requested by LeClairRyan for the Application Period is based on the hourly rates agreed to be charged by the attorneys, paralegals, and legal assistants who performed legal services for the LFG Committee in this matter.

11. In the course of representing the LFG Committee during the Application Period, LeClairRyan has provided various services, which may be summarized as follows:

    A.    Asset Analysis and Recovery:  Total Hours 42.1    Total $16,699.50

    Description – Investigate sale of subsidiaries and debtor entities; analysis of existing executory contracts and leases; review and file responses to various motions relating to disposition of assets of the Debtors including motions to extend various assumption/rejection deadlines; review and respond to financial institution setoff demands; review and respond to various motions filed by creditors against LES and LFG; attendance at meeting of creditors; research; review and analyze various information from financial advisors regarding asset analysis; review document productions regarding various assets.

    Necessity and Benefit to the Estate - LeClairRyan's services were necessary to assist the LFG Committee in analyzing potential assets that may serve as a basis for liquidation and distribution for the benefit of creditors.

B. <u>Asset Disposition</u>:  Total Hours 19.1                                      Total $7,148.00

<u>Description</u> – Continue to review various documentation of sale/transition of underwriting subsidiaries; investigation of motions by Debtors to dispose of significant subsidiaries and various assets; analyze lease and executory contract rejection notices; investigate notices of settlement; review various motions on rejection and abandonment procedures.

<u>Necessity and Benefit to the Estate</u> - LeClairRyan's services were necessary to assist the LFG Committee and the Estate in the negotiation and sale of numerous estate assets in order to maximize the value received to the Estate.

C. <u>Business Operation</u>:  Total Hours .6                                         Total $168.00

<u>Description</u> – Review proposals from Debtors regarding business operations; specifically plans regarding employee incentives.

<u>Necessity and Benefit to the Estate</u> – LeClairRyan's services were necessary to assist the LFG Committee in determining whether to approve the Debtor's various business operation decisions.

D. <u>Case Administration</u>:  Total Hours 658.20                               Total $177,002.00

<u>Description</u> – Research, analysis, conferences, document review and preparation, correspondence, and court appearances on case administrative matters including, but not limited to: filing and service of pleadings, LFG Committee's communications and strategy regarding case, review daily docket filings, various trial and hearing preparation and internal organizational meetings.

<u>Necessity and Benefit to the Estate</u> - LeClairRyan's services were necessary to assist the LFG Committee in the complex and ordinary issues pertaining to the ongoing maintenance of this bankruptcy case.

E. <u>Claims Administration and Objections</u>:  Total Hours 35.6         Total $11,101.50

<u>Description</u> – Review motions of creditors, including motions to file late proofs of claim; develop internal claims review process and coordinate efforts of Alvarez & Marsal; develop claims analysis protocol; review/negotiate analysis protocol with the Debtors; Review/analysis of various claims.

<u>Necessity and Benefit to the Estate</u> - LeClairRyan's services were necessary to advise the LFG Committee of its responsibilities and obligations concerning creditors' claims against the Debtor and its estate.

5

F. <u>Fee/Employment Applications</u>:  Total Hours 47.6           Total $13,975.00

<u>Description</u> – Document preparation and review regarding the employment and compensation of the LFG Committee's legal counsel and other professionals and analysis of fees paid to date.

<u>Necessity and Benefit to the Estate</u> - Compliance with employment and compensation requirements is necessary for LeClairRyan and other professionals to provide the requested services to the LFG Committee.

G. <u>Creditor Meeting</u>: Total Hours 24.5           Total $9,160.50

<u>Description</u> – Weekly and special LFG Committee professionals meetings and conference calls to discuss status of various pleadings, adversary proceedings, asset sales and dispositions and strategic planning.

<u>Necessity and Benefit to the Estate</u> – Regular meetings with the LFG Committee members and their professionals is necessary for LeClairRyan and other professionals to effectively and efficiently facilitate communication with members and provide the requested services to the LFG Committee.

H. <u>Plan & Disclosure Statement</u>:  Total Hours 17.5           Total: $7,564.00

<u>Description</u> – Review, analyze and respond to motions of the Debtors to extend exclusivity; review of progress towards plan of reorganization; develop and negotiate mediation protocol.

<u>Necessity and Benefit to the Estate</u> – LeClairRyan's services to analyze, review and respond to the Debtors requests for extension of the exclusivity periods were necessary to ensure the expedient drafting and development of a plan of reorganization for the benefit of not only the LFG Committee, but the entire bankruptcy estate.

I. <u>Relief from Stay</u>:  Total Hours 1.7           Total: $476.00

<u>Description</u> – Review and analyze motions for relief from stay filed by creditors against the Debtors.

<u>Necessity and Benefit to the Estate</u> – The analysis of various motions for relief from stay is necessary in order to ensure that assets will not be depleted, or strained in the orderly reorganization of the Debtor.  LeClairRyan's oversight role often provides significant third party input permitting the parties to come to appropriate settlements.

J.    <u>Litigation</u>:  Total Hours 607.7    Total $220,874.00

<u>Description</u> – Intervene and participate in litigation of Lead Adversary Proceedings regarding 1031 exchange funds including, but not limited to, drafting and responding to pleadings; drafting, reviewing and responding to written discovery; conducting and defending fact and expert depositions; research; document review; drafting and responding to motions for summary judgment; conduct oral argument of summary judgment motions; engage in settlement negotiations; organize and prepare for mediation of various ARS and subordination claims between LES Committee, LES, LFG and the LFG Committee; including but not limited to the request and review of various document productions, written discovery, and research of various legal issues.

<u>Necessity and Benefit to the Estate</u> – LeClairRyan's services were necessary to advise the LFG Committee regarding its efforts to litigate various issues regarding 1031 exchange funds held by LES and the subordination demands of the LES Committee.

K.    <u>Travel</u>:  Total Hours 18.5    Total $7,287.50

<u>Description</u> – Travel to monthly in-person LFG Committee meetings in New York City; travel to local Richmond offices.

<u>Necessity and Benefit to the Estate</u>- LeClairRyan's travel was necessary to provide the requested services to the LFG Committee in an effective and efficient manner.

Attached hereto as <u>Exhibit 3</u> is a chart showing the services rendered by task category.

12.    The fees sought by LeClairRyan are reasonable for the work it performed in the specialized area of bankruptcy and in practice before the United States Bankruptcy Court for the Eastern District of Virginia.  Such fees are customary for specialized bankruptcy practice and are comparable in amount to services rendered by other attorneys in the area.  The fees sought herein are reasonable considering the nature and extent of the work, the time spent, and the value of the services.

**Applicable Legal Standard**

13.    The Bankruptcy Code sets forth the legal standards for awarding compensation to professionals employed by the LFG Committee.  The format for fee applications is set forth in the

7

Compensation Guidelines for Professionals in the United States Bankruptcy Court for the Eastern District of Virginia (the "Guidelines").

14. Under § 330 of the Bankruptcy Code, the Court may award counsel to the LFG Committee reasonable compensation for actual, necessary services rendered by such attorneys and paraprofessionals employed by such attorneys based on the nature, extent and value of the services rendered, time spent on such services and the cost of comparable services other than in a bankruptcy case. Furthermore, the Court may award reimbursement for actual, necessary expenses.

15. The expenses incurred by LeClairRyan, as set forth herein, are reasonable and necessary charges for items such as photocopying, long distances telephone calls, facsimiles, delivery services and messenger services, and filing fees. Photocopy charges are assessed at twenty cents ($0.20) per page, which LeClairRyan believes to be at least comparable with the average charge in this area. No charge was incurred for the receipt of incoming facsimiles, and outgoing facsimiles were charged at the rate of fifty cents ($0.50) per page, which LeClairRyan believes to be a reasonable charge for such an expense. LeClairRyan also incurred (a) delivery charges when such delivery was more economical or when prompt delivery was necessary in a given circumstance, and (b) outsource service charges for the copying and service (including postage) of certain pleadings when the circumstances warranted the use of such service.

16. Under the "lodestar" approach, the Court should consider the number of hours of service reasonably devoted to the case multiplied by the attorney's reasonable rates. Courts frequently consider the specific "lodestar" factors enumerated in <u>Johnson v. Georgia Highway Express, Inc.</u>, 488 F.2d 714 (5th Cir. 1974). These lodestar tests were adopted by the Fourth Circuit in <u>Barber v. Kimbrells, Inc.</u>, 577 F.2d 216, 226 (4th Cir.), <u>cert. denied</u>, 439 U.S. 934 (1978), and in <u>Anderson v. Morris</u>, 658 F.2d 246, 249 (4th Cir. 1981), where the Fourth Circuit held that the

8

District Court should employ the lodestar approach, and then adjust the fee on the basis of the remaining Johnson factors in the case. The following are the Johnson factors,[2] and LeClairRyan's discussion of each factor, which the Applicant respectfully requests that the Court consider in determining the reasonableness of the amount of professional compensation requested in this Application:

- The time and labor required.  LeClairRyan expended 1,473.1 hours of professional services on behalf of the LFG Committee during the Application Period.  During this second interim period, the LFG Committee was involved in a variety of legal and other matters, which often required immediate response from legal professionals in order to preserve value to the bankruptcy estate.  This period included ongoing efforts to sell significant subsidiaries of LandAmerica Financial Group, Inc., expedited litigation concerning 1031 exchange funds held by LES that may affect recoveries available to the LFG Committee, claims analysis, execution of post-petition plans to operate the remaining businesses, and other matters with which the LFG Committee required LeClairRyan's assistance.  The time and labor spent by LeClairRyan was reasonable and necessary to provide the LFG Committee with the quality and extent of services required to appropriately fulfill its obligations.

- The novelty and difficulty of the case.  The issues addressed by LeClairRyan in connection with its services to the LFG Committee were often novel and complex, specifically as those issues related to the LES adversary proceedings regarding 1031 exchange funds and required the expertise of professionals with a specialized background in bankruptcy, restructuring, and litigation.

- The skills requisite to perform the services properly.  The services performed by LeClairRyan's professionals required the skills of trained bankruptcy, insolvency, and restructuring professionals, with an appreciation and understanding of complex Chapter 11 reorganization, asset disposition and litigation.

- The preclusion of other employment.  Although LeClairRyan's services for the LFG Committee were often time-critical, this engagement did not preclude LeClairRyan from accepting other engagements.  Nevertheless, a number of LeClairRyan's bankruptcy professionals working on this matter were exclusively or substantially focused on this case, while other professionals were utilized on a limited basis to minimize costs to the LFG Committee while meeting required deadlines.

---

2 Johnson, 488 F.2d at 717-19; Barber, 577 F.2d at 226, n.28; Anderson, 658 F.2d at 248, n.2.

9

- The customary fee charged.  LeClairRyan seeks allowance of professional fees based on hourly rates that are consistent with rates charged by LeClairRyan in matters similar to the magnitude and complexity present in this case. The hourly rates charged by LeClairRyan are within the range of those customarily charged by other professionals having comparable skills and expertise in similar matters.

- Whether the fee is fixed or contingent.  LeClairRyan's fees are charged according to the time spent on behalf of the LFG Committee and Applicant's prevailing hourly rates.

- Time limitations imposed by the client or the circumstances.  Many of the matters that arose in connection with this case presented time-critical challenges for LeClairRyan.

- The amount involved and the results obtained.  LeClairRyan provided critical timely assistance to the LFG Committee in this ongoing case.  Applicant's fees in the amount of $471,456.00 are reasonable in light of the results obtained.

- The experience, reputation and ability of the professionals.  LeClairRyan is well qualified to provide professional services for the LFG Committee.  LeClairRyan's professionals collectively have extensive experience in mergers and acquisitions, financial restructuring, interim and crisis management, regulatory compliance issues, complex business and commercial litigation and other matters relevant to this case.

- The "undesirability" of the case.  While LeClairRyan is well-equipped and well-qualified to represent the LFG Committee as local counsel and to assist lead counsel with substantial expertise, both the magnitude and time-sensitive nature of the case prevents LeClairRyan's professionals from assisting the firm on other matters.

- The nature and length of the professional relationship with the client.  Following appointment of the LFG Committee, LeClairRyan was immediately engaged as local counsel to the LFG Committee and has served in that capacity at that time.  Both LeClairRyan's excellent reputation and significant experience practicing in the Bankruptcy Courts for the Eastern District of Virginia provide the LFG Committee with significant added value.

- Awards in similar cases.  LeClairRyan believes the professional fees sought herein are consistent with fees charged by similarly skilled professionals for comparable services in other bankruptcy cases.  The fees sought by this Application are based on hourly rates that are LeClairRyan's customary and usual rates for its other clients for similar services.  Further, the hourly rates charged by LeClairRyan are within the range of those customarily charged by other professionals having comparable skills and expertise in similar matters.

17. LeClairRyan believes that the services rendered to the LFG Committee and the out-of-pocket expenses incurred therewith were necessary and reasonable in view of the LFG Committee's obligations in this case and the scope and nature of the matters in which LeClairRyan was involved to competently represent the LFG Committee.

18. Upon information and belief, the rates charged by LeClairRyan are comparable to the legal fees charged by other law firms in similar Chapter 11 cases. LeClairRyan believes that the fees requested herein clearly satisfy the <u>Johnson</u> factors as set forth above.

**Notice**

19. Pursuant to F.R.B.P. 2002(a)(6), notice of this Fee Application will be provided to all creditors. LeClairRyan submits that no further notice is necessary. This Fee Application will be served upon counsel for the Debtors, Counsel for the LES Committee, and to the Office of the United States Trustee.

**Conclusion**

WHEREFORE, LeClairRyan respectfully requests that the Court enter an order in a form substantially similar to that attached hereto as <u>Exhibit 4</u>: (i) providing approval of compensation during the Current Period in the amount of $471,456.00 for professional services rendered to the LFG Committee and reimbursement of $26,447.19 for out-of-pocket expenses incurred for the LFG Committee's benefit from and including March 1, 2009, through and including May 31, 2009; (ii) authorizing the Debtors to pay all unpaid professional fees and expenses requested herein; and (iii) granting such other and further relief as the Court deems appropriate.

LECLAIRRYAN, A PROFESSIONAL
CORPORATION

/s/ Christian K. Vogel

11

          Counsel

          *Counsel for the Official Committee Of Unsecured Creditors of LandAmerica Financial Group, Inc.*

Jeffrey S. Sabin (*admitted pro hac vice*)
Mark M. Elliott (*admitted pro hac vice*)
BINGHAM McCUTCHEN LLP
399 Park Ave.
New York, New York 10029
Telephone: (212) 705-7000
Facsimile: (212) 752-5378

-and-

Bruce H. Matson (Va. Bar No. 29874)
Christopher L. Perkins (Va. Bar No. 41783)
Christian K. Vogel (Va. Bar No. 75537)
LECLAIRRYAN, A Professional Corporation
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia  23219
(804) 783-2003
*Counsel for The Official Committee of Unsecured Creditors Of LandAmerica Financial Group, Inc.*

**CERTIFICATE OF SERVICE**

      I hereby certify that pursuant to the Court's Order Under Sections 105(a) and 331 of the Bankruptcy Code Establishing Interim Compensation Procedures dated December 21, 2008, on the 15th day of July 2009, a true and correct copy of the foregoing was served on all persons receiving electronic notice in these cases, including the following:

      Michelle H. Gluck, Esquire
      Executive Vice President and Chief Legal Officer
      Michael D. Beverly, Esquire
      Senior Vice President, Associate Gen. Counsel and Corp. Secretary
      LandAmerica Financial Group, Inc.
      5600 Cox Road
      Glen Allen, Virginia 23060

      Robert B. Van Arsdale
      Office of the United States Trustee
      701 East Broad St. Suite 4304
      Richmond, Virginia 23219
          *Assistant United States Trustee*

      Dion W. Hayes, Esq.
      John H. Maddock, III, Esq.
      McGuireWoods LLP
      One James Center
      901 East Cary Street
      Richmond, Virginia 23219
          *Counsel for the Debtors*

      Paul V. Shalhoub, Esq.
      Rachel C. Strickland, Esq.
      WILLKIE FARR & GALLAGHER, LLP
      787 Seventh Avenue
      New York, New York 10019
          *Counsel for the Debtors*

      Charles R. Gibbs, Esq.
      AKIN GUMP STRAUSS HAUER & FELD LLP
      1700 Pacific Avenue. Suite 4100
      Dallas, Texas 75201
          *Counsel for the Official Committee of Unsecured Creditors*
              *for LandAmerica 1031 Exchange Services, Inc.*

        Lynn Tavenner, Esq.
        TAVENNER & BERAN, PLC
        20 North Eighth Street, Second Floor
        Richmond, VA 23219
              *Counsel for the Official Committee of Unsecured Creditors*
                    *of LandAmerica 1031 Exchange Services, Inc.*


                /s/ Christian K. Vogel