IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

---------------------------------------------------------- x
In re:                                                     :
                                                           :   Chapter 11
LandAmerica Financial Group, Inc., et al.,                 :
                                                           :   Case No. 08-35994
Debtors.                                                   :
                                                           :   Jointly Administered
                                                           :
---------------------------------------------------------- X

## SUMMARY FOR SECOND INTERIM APPLICATION OF BINGHAM McCUTCHEN LLP FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD MARCH 1, 2009 THROUGH MAY 31, 2009

| | |
|---|---|
| Name of Applicant: | **BINGHAM McCUTCHEN LLP** |
| Authorized to Provide Professional Services to: | **Co-Counsel to Official Committee of Unsecured Creditors** |
| Date of Retention: | *nunc pro tunc* as of December 3, 2008 |
| Period for which compensation and/or reimbursement is sought: | March 1, 2009 through May 31, 2009 |
| Amount of Compensation sought as actual, reasonable and necessary: | $1,572,479.50 |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary: | $ 60,277.25 |
| Fees Paid for Current Application Period: | $ 0.00 |
| Expenses Paid for Current Application Period: | $ 0.00 |
| Amount of Holdback Fees Sought (15%): | $ 235,871.93 |

This is an interim application.

A/73087423.1

Jeffrey S. Sabin (*admitted pro hac vice*)
Mark M. Elliott (*admitted pro hac vice*)
Justin G. Imperato (VSB No. 72167)
BINGHAM McCUTCHEN LLP
399 Park Avenue
New York, New York 10029
Telephone: (212) 705-7000
Facsimile: (212) 752-5378

Co-Counsel to The Official Committee of Unsecured Creditors

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF VIRGINIA
### RICHMOND DIVISION

---------------------------------------------------------- x
In re:                                                     :
                                                           :   Chapter 11
LandAmerica Financial Group, Inc., et al.,                 :
                                                           :   Case No. 08-35994
Debtors.                                                   :
                                                           :   Jointly Administered
                                                           :
---------------------------------------------------------- x

### SECOND INTERIM APPLICATION OF BINGHAM McCUTCHEN LLP
### FOR ALLOWANCE AND PAYMENT OF INTERIM
### COMPENSATION AND REIMBURSEMENT OF EXPENSES
### FOR THE PERIOD MARCH 1, 2009 THROUGH MAY 31, 2009

Bingham McCutchen LLP ("**Bingham**") submits this second interim application (the "**Application**") pursuant to Sections 330 and 331 of the United States Bankruptcy Code, 11 U.S.C. § 101, et seq. (as amended, the "**Bankruptcy Code**") for allowance and payment of interim compensation and reimbursement of expenses for the period March 1, 2009 through and including May 31, 2009 (the "**Application Period**") for professional services rendered by Bingham as co-counsel to the Official Committee of Unsecured Creditors of LandAmerica Financial Group, Inc. (the "**Committee**").

A/73084381.3

As discussed below, Bingham seeks allowance and payment of interim compensation and fees in the amount of $1,632,756.75, consisting of $1,572,479.50 in fees (the "**Fees**") and $60,277.25 in expenses (the "**Expenses**") incurred during the Application Period. In support hereof, Bingham respectfully represents as follows:

## I. BACKGROUND

1. On November 26, 2008 (the "**Petition Date**"), LandAmerica Financial Group, Inc. (the "**Debtor**") filed a voluntary petition for relief with this Court under chapter 11 of the Bankruptcy Code, thereby commencing the instant bankruptcy proceedings (the "**Bankruptcy Case**"). Also, on November 26, 2008, an affiliate of the Debtor, LandAmerica 1031 Exchange Services, Inc. ("**LES**"), filed a voluntary petition for relief with this Court under chapter 11 of the Bankruptcy Code. In addition, on March 6, 2009, March 27, 2009, and March 31, 2009, various affiliates of the Debtor (LandAmerica Assessment Corporation, LandAmerica Title Company, Southland Title Corporation, Southland Title of Orange County, and Southland Title of San Diego, collectively the "**Subsidiary Debtors**") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code with this Court. The bankruptcy cases for the Debtor, LES, and the Subsidiary Debtors (collectively, the "**Debtors**") have been procedurally consolidated for administrative purposes (collectively, the "**Chapter 11 Cases**").

2. The Debtor continues to operate its businesses and manage its properties as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Bankruptcy Case.

3. On December 3, 2008, the United States Trustee for Region Four (the "**U.S. Trustee**"), pursuant to section 1102 of the Bankruptcy Code, appointed the Committee to represent the interests of the Debtor's unsecured creditors in the Bankruptcy Case.

A/73084381.3                     2

4. On December 3, 2008, the Official Committee held its first meeting. At its first meeting, the Official Committee decided to retain: (i) Bingham as counsel to the Committee; (ii) LeClaireRyan as Virginia counsel to the Committee; and (iii) Alvarez & Marshal Dispute Analysis & Forensic Services, LLC and Alvarez & Marsal North America, LLC ("**A&M**") as financial advisor to the Committee.

5. On January 22, 2009, this Court entered an order authorizing the employment of Bingham as counsel to the Committee, *nunc pro tunc*, to December 3, 2008 [Doc. No. 723] (the "**Retention Order**").

6. On December 21, 2008, this Court entered that certain Order Under Sections 105(a) and 331 of the Bankruptcy Code Establishing Interim Compensation Procedures dated December 21, 2008 (the "**Compensation Procedures Order**").

7. Pursuant to the terms of the Compensation Procedures Order, if no objection to a professional's monthly fee request is served within twenty (20) days of the date of service of such monthly fee request, then the Debtor is authorized to pay such professional eighty-five percent (85%) of the requested fees and one hundred percent (100%) of the requested expenses. The Compensation Procedures Order provides for the payment of the remaining fifteen percent (15%) of fees following approval of the professional's interim fee application by this Court.

## II. JURISDICTION AND VENUE

8. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## III. CASE STATUS

9. As stated above, no trustee or examiner has been appointed pursuant to 1107(a) and 1108 of the Bankruptcy Code.

A/73084381.3                                     3

10. No disclosure statement or plan of reorganization has been filed in the Bankruptcy Case.

11. On March 23, 2009, this Court entered an Order Extending the Debtors' Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereto Pursuant to Section 1121(d) of the Bankruptcy Code by 120 days through and including July 24, 2009 and September 22, 2009, respectively.

IV.     **RELIEF REQUESTED**

12. Pursuant to this Application, Bingham seeks allowance and payment of interim compensation in the amount of $1,632,756.75, consisting of $1,572,479.50 in Fees and $60,277.25 in Expenses incurred during the Application Period.

13. On July 15, 2009, Bingham served its fourth monthly fee request for the period from March 1, 2009 through and including March 31, 2009 for the amount of $518,232.04, consisting of $495,495.00 for professional fees and $22,737.04 for expenses.

14. On July 15, 2009, Bingham served its fifth monthly fee request for the period from April 1, 2009 through and including April 30, 2009 for the amount of $496,496.44, consisting of $479,243.00 for professional fees and $17,253.44 for expenses.

15. On July 15, 2009, Bingham served its fifth monthly fee request for the period from May 1, 2009 through and including May 31, 2009 for the amount of $618,028.27, consisting of $597,741.50 for professional fees and $20,286.77 for expenses.

16. As of the date hereof, Bingham has not received any payment in respect of its monthly fee requests in respect of the Application Period. Bingham has received payments totaling $1,846,901.63[1], consisting of $1,796,844.50 in fees and $50,017.13 in expenses in

---

[1] This amount includes an overpayment of $40.00. Bingham will coordinate with the Debtors to either return such amount or apply a credit towards amounts due in respect of this Application Period.

A/73084381.3                                                4

respect of its first interim fee application as awarded by the Court pursuant to that certain Order Granting First Interim Application of Bingham McCutchen LLP for Allowance and Payment of Interim Compensation and Reimbursement of Expenses for the Period December 3, 2008 - February 28, 2009, entered May 20, 2009 [Doc. ID No. 1460].

17. With respect to the Expenses for which reimbursement is sought hereunder, Bingham applies the following practices:

    a. Photocopying – charged by Bingham at $.20 per page; copies billed by third party vendors (where indicated) are charged at the invoiced cost thereof;

    b. Telecommunications – long distance calls are billed at $.35 per minute and are included in the entry for telephone charges on Exhibit C. Bingham does not charge for the first page of outgoing facsimiles; subsequent pages, to the extent facsimiles are billed hereunder, are charged at $1.50 per page, which amount has been reduced to $1.00 per page in accordance with the U.S. Trustee's Guidelines. There is no charge for incoming facsimiles;

    c. Meals – Bingham does not charge for in-house meals, except for working meals or in respect of meetings with third parties, which meals are charged at cost; meals for dinner meetings in New York were capped at $50 per person and meals in Richmond, VA were capped at $35.00 per person;

    d. Travel (Transportation) – taxis and car fare are billed at the invoiced cost thereof. Domestic air travel is billed by coach class at the rates in effect at the time of travel;

    e. Westlaw and Lexis – Bingham pays a flat monthly fee for Westlaw and Lexis, and there is no effective way to bill the actual cost to the client as usage varies each month. Accordingly, Bingham charges the client based on scheduled rates provided by Westlaw and Lexis without further markup. Bingham believes this is a fair price and understands the arrangement is typical of law firms throughout the country. PACER charges, to the extent billed, are billed at actual cost.

V. **BASIS FOR RELIEF**

A. **Retention of Bingham and General Description of Services Provided**

18. Pursuant to an Order of this Court entered on January 22, 2009, Bingham was retained as co-counsel to the Committee *nunc pro tunc* to December 3, 2008.

19. During the Application Period, attorneys at Bingham expended 2,625.7 hours on the Chapter 11 Cases, while paralegals expended 287.6 hours, producing a blended hourly rate of $571.07 (excluding paralegals).

20. The Fees and Expenses for which Bingham requests allowance of compensation and reimbursement related to the Application Period and were rendered in connection with the Bankruptcy Case and in the exercise of Bingham's professional responsibilities as co-counsel to the Committee. Bingham respectfully submits that the services rendered by it during the Application Period were at the request of the Committee and in all respects have been reasonable, necessary and beneficial to the Committee and to the Debtor's estate.

21. A copy of the detailed time records maintained by Bingham with respect to the Application Period is attached hereto as **Exhibit A**. Furthermore, attached hereto as **Exhibit B** is a schedule that sets forth (a) the name of each attorney and paralegal who performed services in connection with this case during the Application Period, (b) the number of hours expended by each attorney and paralegal, (c) the year in which each attorney was licensed to practice law, (d) the position of each attorney or paralegal within Bingham, (e) the standard hourly rate that Bingham charges for the same or similar services of each attorney or paralegal in matters not related to the Bankruptcy Case, and (f) the total fees attributable to all such services rendered by each attorney or paralegal.

22. Bingham also maintains records of all actual and necessary out-of-pocket expenses incurred in connection with the rendering of professional services. Annexed hereto as

**Exhibit C** is a schedule that sets forth the categories of expenses incurred and amounts for which reimbursement is sought, together with computer records maintained in the ordinary course of business, which were used to compile such information.

23.  Prior to the Application Period, Bingham's services to the Committee initially centered on the sale of the Debtor's primary title insurance underwriting subsidiaries - Commonwealth Land Title Insurance Company, Lawyers Title Insurance Corporation, and United Capital Title Insurance Company (the "**Underwriters**") and on representing the Committee (in coordination with the Committee's other professionals) in the litigation pending in the LES bankruptcy proceeding concerning claims asserted by customers of LES pursuant to this Court's Order Establishing Schedule Protocol for Adversary Proceedings, dated January 16, 2009 (the "**Protocol Order**").

24.  Bingham's services to the Committee during the Application Period, as set forth more fully herein and in the annexed fee statements and summaries, generally focused on representing the Committee in the test case litigation in the LES estate pursuant to the Protocol Order, reviewing and analyzing claims asserted against the Debtors and their non-debtor affiliates, and working with the Committee and its professionals to evaluate the Debtor's remaining businesses to determine the manner in which to best maximize value for the Debtor's estate, including through one or more sales of such remaining businesses and/or the prompt and orderly wind-down and liquidation of such businesses. Bingham also analyzed other potential sources of recovery for the Debtor's estate, including, but not limited to, potential tax refunds, avoidance actions and other claims for recoveries against insiders, creditors and third parties. Bingham also analyzed certain intercompany claims and other disputes between the Debtor's estate and the LES estate and engaged in extensive discovery in preparation for a Court-ordered

mediation of such disputes. Bingham further worked with the Committee and its professional advisors to develop a strategy for proposing and confirming a plan of reorganization or liquidation for the Debtor. Bingham submits that the hard work of the Committee and its professionals, including Bingham, to preserve value for the Committee's constituents has been reasonable, necessary and beneficial to the Debtor's estate and its creditors.

25. In accordance with the factors enumerated in Section 330 of the Bankruptcy Code, the Fees requested are fair and reasonable given (a) the complexity of the Bankruptcy Case, (b) the time expended in rendering services in connection with the Bankruptcy Case, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services rendered in cases not under this title. Moreover, with respect to the Expenses sought hereunder, Bingham has disbursed and/or incurred the Expenses in the ordinary course of rendering professional services during the Application Period. Such Expenses were necessary and reasonable in scope and amount and do not include a charge for profit. Accordingly, Bingham hereby requests approval and payment of all Fees and Expenses sought hereunder.

B. **Summary of Services Rendered by Category**

26. The services rendered by Bingham during the Application Period have been segregated into several distinct categories in accordance with the U.S. Trustee's Guidelines. Each such category is described in more detail below and with reference to the detailed time entries annexed hereto as **Exhibit A**. A summary of the individuals providing services in each respective category during the Application Period and the fees requested on account of such services is also incorporated in **Exhibit A** . With respect to each category of services, Bingham has worked closely with its co-counsel, LeClairRyan, to avoid duplication of effort.

### Case Administration
### (Fees Sought: $49,090.00; Hrs. Billed: 173.2)

27. The services performed by Bingham in this category primarily related to general administrative matters and document management regarding numerous pleadings and discovery filed in the Chapter 11 Cases and related adversary proceedings.

### Fee/Employment Applications
### (Fees Sought: $58,945.50; Hrs. Billed: 165.9)

28. The services performed by Bingham in this category primarily related to preparation of monthly fee statements for the months of December 2008 and January through March 2009, as well as preparation of Bingham's first interim fee application. Bingham also prepared a retention application for McGrath North Mullin & Kratz, PC LLO, as special counsel to the Committee.

### Committee Meetings and Communications
### (Fees Sought: $277,629.50; Hrs. Billed: 504.2)

29. The services performed by Bingham in this category related to in-person, written, electronic and telephonic communications with Committee members and the orderly conduct, coordination and management of communications with the Committee. The services within this category include extensive efforts by Bingham in developing proposed case strategies for consideration by the Committee, as well as coordination with the Committee in terms of approval and implementation of such strategies. Bingham arranged in-person meetings of the Committee and its professional advisors as well as regularly scheduled telephonic meetings to discuss various issues including general case status, Committee governance, business issues, asset sales, litigation matters and overall case strategy. Bingham also prepared weekly reports for distribution to the Committee.

### Relief from Stay Proceedings
### (Fees Sought: $7,308.50; Hrs. Billed: 15.5)

30.     Bingham's services in this category related to review and analysis of relief from stay motions filed by Wildcat Synergy Equities, BVT, Sun Trust and Grandview Condominium Owners' Association and the related responses and objections thereto filed by the Debtor.

### Fee/Employment Objections
### (Fees Sought: $2,555.00; Hrs. Billed: 3.2)

31.     During the Application Period, Bingham's services in this category related to review and analysis of proposals to engage professionals related to the Debtor's estate, including, but not limited to, the Debtor's proposal to engage an advisor with respect to the potential sale of the Debtor's interests in certain investment funds.

### Employment Benefits/Pensions
### (Fees Sought: $46,470.00; Hrs. Billed: 73.0)

32.     Bingham's services in this category related to analysis regarding pension and deferred compensation matters, including reviewing claims asserted against the Debtors by the Pension Benefit Guaranty Corporation and addressing employee benefit issues that arose in the context of the Debtor's efforts to sell its interests in subsidiaries, including the Underwriters, LandAmerica Assessment Corp., LandAmerica Home Warranty Company, LandAmerica Valuation Corp., and LoanCare Servicing Center, Inc.

### Business Operations
### (Fees Sought: $35,509.50; Hrs. Billed: 49.4)

33.     Bingham's services in this category related primarily to analysis of the Debtor's financial statements, cash flow statements and forecasts, review of issues arising under the transition services agreement between Debtor and Fidelity National Title Insurance Company

and Chicago Title Insurance Company that was entered in connection with the sale of the Underwriters, and analyzing the operations of the Debtor's numerous remaining subsidiaries.

### Asset Disposition
**(Fees Sought: $120,826.50; Hrs. Billed: 156.8)**

34. Bingham's services in this category related to evaluating the manner in which to best maximize value for the Debtor's estate through asset sales or the orderly winding down of burdensome businesses and assets. Bingham's services during the Application Period centered primarily on the Debtor's efforts to sell its interests in various subsidiaries, including, but not limited to, LandAmerica Assessment Corp., LandAmerica Home Warranty Company, LandAmerica Valuation Corp., and LoanCare Servicing Center, Inc., which included analysis of proposed bids for those assets, assisting the Committee in its evaluation of the impact of the proposed sales on the Debtor's estate, representing the Committee in proceedings regarding the approval of the sales and negotiating with parties that asserted interests in, or claims against, those assets, including, but not limited to, the Pension Benefit Guaranty Corporation. Bingham also worked with the Committee and its professionals to evaluate the Debtor's remaining businesses and assets to ascertain the best approach to maximizing the value of those assets for the Debtor's estate.

### Asset Analysis and Recovery
**(Fees Sought: $262.451.00; Hrs. Billed: 589.5)**

35. During the Application Period, Bingham analyzed potential avoidance actions and other potential claims for recoveries against equity, insider, creditor, and third party constituencies, and advised the Committee regarding these claims. In addition Bingham analyzed a variety of inter-estate claims and issues. Bingham developed and implemented

A/73084381.3    11

strategies to recover assets, including possible resolution of issues within any plan of reorganization or liquidation.

### Claims Administration and Objection
**(Fees Sought: $136,985.50; Hrs. Billed: 255.5)**

36. Bingham's services in this category relate primarily to analysis and research of certain claim issues related to administrative expense claims filed against the Debtor, intercompany claims, potential government claims, claims included in the Debtor's schedules and claims set forth in proofs of claim filed against the Debtors.

### Litigation
**(Fees Sought: $275,851.00; Hrs. Billed: 486.2)**

37. During the Application Period, Bingham worked with LeClairRyan in litigating on behalf of the Committee. Bingham reviewed and analyzed various inter-estate issues, including claims asserted by the Debtor against the LES estate and defenses to such claims raised by the LES estate. Bingham also engaged in litigation on behalf of the Committee with respect to the Debtor's motion to establish a litigation protocol for resolving inter-estate disputes. In preparation for the Court-ordered mediation of such inter-estate disputes, Bingham analyzed legal issues to be addressed in the mediation, engaged in discovery and worked with the Committee and its other professionals to develop a strategy for the mediation. Bingham also reviewed and analyzed threatened and pending litigation against the Debtor's non-debtor subsidiaries. In this regard, Bingham coordinated with LeClairRyan in an effort to avoid duplication.

### Plan and Disclosure Statement
**(Fees Sought: $99,451.50; Hrs. Billed: 151.2)**

38. During the Application Period, Bingham worked extensively with the Committee to develop frameworks for a potential plan of reorganization or liquidation. As part of this

process, Bingham analyzed legal issues relevant to the development, proposal and confirmation of any such plan.

### Review of Pleadings
### (Fees Sought: $13,671.50; Hrs. Billed: 21.6)

39. The services performed by Bingham in this category related to the review and consideration of various pleadings and electronic docketing notices in the Chapter 11 Cases and the scheduled hearing dates and response deadlines for each pleading.

### Non-Working Travel
### (Fees Sought: $10,092.50; Hrs. Billed: 18.7)

40. The entries in this category represent time expended by attorneys while traveling for purposes relating to the Chapter 11 Cases and not otherwise working. Non-working travel time is billed at 50% of actual time traveling.

### General Court Attendance
### (Fees Sought: $14,833.50; Hrs. Billed: 26.3)

41. The services performed by Bingham in this category related to preparation for and participation in omnibus hearings before this Court.

### Tax Issues
### (Fees Sought: $86,067.50; Hrs. Billed: 100.1)

42. During the Application Period, Bingham analyzed the outstanding tax claims asserted against the Debtors. Bingham also analyzed the tax consequences of potential sales of the Debtor's assets. In addition, Bingham analyzed a variety of tax issues relevant to the development of any plan of reorganization or liquidation.

### 1031 Matters
### (Fees Sought: $74,741.00; Hrs. Billed: 123.0)

43. Bingham's services in this category included representing the Committee (in conjunction with the Debtor's other professionals) in the test cases being litigated in the LES

A/73084381.3

13

bankruptcy proceedings pursuant to the Protocol Order. Bingham also analyzed various intercompany claims relating to the LES estate and engaged in discovery in preparation for litigation and mediation regarding such intercompany claims. In this regard, Bingham coordinated with LeClairRyan in an effort to avoid duplication.

## VI. PROCEDURES

44. Bingham has complied with (i) Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), (ii) the Local Bankruptcy Rules for the Eastern District of Virginia (the "**Local Rules**"), (iii) the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, dated January 30, 1996 (the "**U.S. Trustee's Guidelines**"), and (iv) the Compensation Procedures Order.

45. In accordance with the U.S. Trustee's Guidelines, contemporaneously with the filing of the Application, a copy of this Application has been provided to The Prudential Insurance Company of America (as chair of the Committee) for approval.

46. In accordance with Rule 2016, Bankruptcy Code Section 504, and the U.S. Trustee's Guidelines, no payments (other than those approved by the Court and as stated herein) have heretofore been made or promised to Bingham for services rendered or to be rendered in any capacity whatsoever in connection with the Chapter 11 Cases. No agreement or understanding exists between Bingham and any other person or entity for a division of compensation or reimbursement received or to be received herein or in connection with the Bankruptcy Cases.

## VII. NOTICE

47. A copy of this Application will be served on the Office of the United States Trustee, the Debtors, counsel for the Debtors, and co-counsel to the Committee, counsel to the

A/73084381.3                                14

Official Committee of Unsecured Creditors for LES and all other required parties in accordance with Fed. R. Bankr. P. 2002(a)(6) and the Compensation Procedures Order. Bingham submits that no further notice is necessary.

## VIII. CONCLUSION

WHEREFORE, Bingham respectfully requests this Court enter an order: (i) awarding Bingham $1,572,479.50 as a second interim allowance of compensation with respect to the Fees; (ii) awarding Bingham $60,277.25 as a second interim reimbursement of the Expenses; (iii) authorizing Bingham to retain and apply to the foregoing award the amount of any payments received in respect of the Application Period; (iv) authorizing and directing the Debtor to pay to Bingham the unpaid balance of amounts awarded in respect of the Application Period; and (v) granting such other and further relief as the Court may deem proper.

**[Remainder of page intentionally left blank. Next page is signature page.]**

Dated: New York, NY  
July 15, 2009

BINGHAM McCUTCHEN LLP

/s/ Jeffrey S. Sabin  
Jeffrey S. Sabin (*admitted pro hac vice*)  
Mark M. Elliott (*admitted pro hac vice*)  
Justin G. Imperato (Va. Bar No. 72167)  
399 Park Avenue  
New York, New York 10029  
Telephone: (212) 705-7000  
Facsimile: (212) 752-5378

Co-Counsel to the Official Committee of Unsecured Creditors

Filed by:

/s/ Christian K. Vogel  
Bruce H. Matson (Va. Bar No. 29874)  
Christopher L. Perkins (Va. Bar No. 41783)  
Christian K. Vogel (Va. Bar No. 75537)  
LECLAIRRYAN, A Professional  
 Corporation  
Riverfront Plaza, East Tower  
951 East Byrd Street  
Richmond, Virginia 23219  
Telephone: (804) 783-2003  
Facsimile: (804) 783-2994

A/73084381.3