IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

2009 AUG 18 PM 2: 12

RICHMOND DIVISION

In re:                                                                 | Chapter 11

LANDAMERICA FINANCIAL GROUP, INC., et al.    | Case No. 08-35994 (KH)

Debtors                                                              | Jointly Administered

## OBJECTION TO PROFESSIONAL FEES

I, the undersigned, hereby file my objections to the professional fees outlined below in conjunction with the "Second Interim Application for Compensation" in this matter, the hearing for which is scheduled 8/25/2009 at 11:00 AM at Judge Huennekens Courtroom, 701 E. Broad St., Rm. 5000.

I am a victim of LandAmerica 1031 Exchange Services, Inc.'s (LES) failed efforts to remain afloat after the Auction Rate Securities market failed in February 2008. As such, I have been deemed an "unsecured creditor" in this matter, but I am really an exchange depositor or an 'involuntary creditor.' At a time when LandAmerica's cash balances have dropped, I feel that extreme caution is due in examining all submitted fees to ensure that the work was necessary and done productively, was not duplicative, that it benefitted the Estate to the extent charged, that it was managed efficiently, and that it was done in an effort to keep costs down.

## TOTAL OF FEES QUESTIONED

Recent applications for compensation for professional services from March 1, 2009 through May, 31 2009 were in the amount of **$3,826,291.00**, comprising a high percentage of the remaining cash of LandAmerica 1031 Exchange Services, Inc., the debtor. The present requested fees & costs are:

| | |
|---|---|
| Akin Gump | $1,188,704 fees and $ 90,837 costs |
| Tavenner & Beran | $    76,594 fees and $  2,557 costs |
| Protiviti | $  499,924 fees and $36,523 costs |
| Willkie Farr | $1,252,440 fees and $77,276 costs |
| McGuire Woods | $  592,729 fees and $  8,727 costs |

Total requested fees through May 31, 2009 **$ 7,971,939.** At this rate, by the time this case is finished, the fees could exceed 50% of the cash that was in the commingled bank account when the bankruptcy was filed. The Exchangers have not even been told of the results obtained by these large fees. Where is the value? Why are we kept in the dark? Highly respected empirical research in academia into the level of professional bankruptcy fees suggests the fees must be aggressively managed and reviewed to protect the remaining value in the estate. Associated with this research are models that predict fee levels in large corporate bankruptcies. By the standards of the well known LoPucki-Doherty model, the fees in this particular bankruptcy case appear extreme.

1

Recent bankruptcies of General Motors, Tronox and Stanford clearly show Judges and Trustees are empowered to fight fee inflation and padding, and to protect victims and creditors, who are in no position to truly understand what the attorneys professionals are actually doing, from bankruptcy predation.

These matters have come up in those recent cases, with favorable fee-reducing results:
* fee application not supported by appropriate documentation
* impermissibly vague supporting documentation
* excessive use of high billing professionals

" ... courts have endorsed percentage cuts as a practical means of trimming fat from a fee application." *Byers*, 598 F.Supp. 2d at 648, *quoting N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1146 (2nd Cir. 1983) (internal citations omitted).

<u>In light of the above, I believe that at least a 75 % reduction from the requested fees is appropriate.</u>

## CONCLUSION

Therefore, I respectfully ask that the requested fees be denied until they can be fully and independently analyzed. I request that the US Trustee implement a formal program to re-examine the reasonableness of these fees.

Name: DENISE J. WILSON
Exchanger/Depositor/Creditor

P.O. Box 7439
Tacoma, WA 98417
Address