# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# RICHMOND DIVISION

------------------------------------------------------------ x
In re:                                                       :
                                                             :  Chapter 11
                                                             :
LandAmerica Financial Group, Inc., et al.,                   :
                                                             :  Case No. 08-35994
Debtors.                                                     :
                                                             :  Jointly Administered
                                                             :
------------------------------------------------------------ X

## SUMMARY FOR THIRD INTERIM APPLICATION OF BINGHAM McCUTCHEN LLP FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD JUNE 1, 2009 THROUGH AUGUST 31, 2009

| | |
|---|---|
| Name of Applicant: | **BINGHAM McCUTCHEN LLP** |
| Authorized to Provide Professional Services to: | **Co-Counsel to Official Committee of Unsecured Creditors** |
| Date of Retention: | ***nunc pro tunc* as of December 3, 2008** |
| Period for which compensation and/or reimbursement is sought: | **June 1, 2009 through August 31, 2009** |
| Amount of Compensation sought as actual, reasonable and necessary: | **$1,719,206.00** |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary: | **$    63,811.69** |
| Fees Paid for Current Application Period: | **$  605,202.13** |
| Expenses Paid for Current Application Period: | **$    32,609.54** |
| Amount of Holdback Fees Sought (15%): | **$  257,880.90** |

This is an interim application.

Jeffrey S. Sabin (admitted *pro hac vice*)
Jared R. Clark (admitted *pro hac vice*)
Justin G. Imperato (VSB No. 72167)
BINGHAM McCUTCHEN LLP
399 Park Avenue
New York, New York 10029
Telephone: (212) 705-7000
Facsimile: (212) 752-5378


*Co-Counsel to The Official Committee of Unsecured Creditors*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| In re: | : |
| | : Chapter 11 |
| LandAmerica Financial Group, Inc., et al., | : |
| | : Case No. 08-35994 |
| Debtors. | : |
| | : Jointly Administered |

**THIRD INTERIM APPLICATION OF BINGHAM McCUTCHEN LLP
FOR ALLOWANCE AND PAYMENT OF INTERIM
COMPENSATION AND REIMBURSEMENT OF EXPENSES
FOR THE PERIOD JUNE 1, 2009 THROUGH AUGUST 31, 2009**

Bingham McCutchen LLP ("**Bingham**") submits this third interim application (the "**Application**") pursuant to Sections 330 and 331 of the United States Bankruptcy Code, 11 U.S.C. § 101, et seq. (as amended, the "**Bankruptcy Code**") for allowance and payment of interim compensation and reimbursement of expenses for the period June 1, 2009 through and including August 31, 2009 (the "**Application Period**") for professional services rendered by Bingham as co-counsel to the Official Committee of Unsecured Creditors of LandAmerica Financial Group, Inc. (the "**Committee**").

As discussed below, Bingham seeks allowance and payment of interim compensation and reimbursement of expenses in the amount of $1,783,017.69, consisting of $1,719,206.00 in fees (the "**Fees**") and $63,811.69 in expenses (the "**Expenses**") incurred during the Application Period. In support hereof, Bingham respectfully represents as follows:

## I. BACKGROUND

1. On November 26, 2008 (the "**Petition Date**"), LandAmerica Financial Group, Inc. (the "**Debtor**") filed a voluntary petition for relief with this Court under chapter 11 of the Bankruptcy Code, thereby commencing the instant bankruptcy proceedings (the "**Bankruptcy Case**"). Also, on November 26, 2008, an affiliate of the Debtor, LandAmerica 1031 Exchange Services, Inc. ("**LES**"), filed a voluntary petition for relief with this Court under chapter 11 of the Bankruptcy Code. In addition, on March 6, 2009, March 27, 2009, March 31, 2009 and July 17, 2009 affiliates of the Debtor (LandAmerica Assessment Corporation, LandAmerica Title Company, Southland Title Corporation, Southland Title of Orange County, Southland Title of San Diego and LandAmerica Credit Services, Inc., collectively the "**Subsidiary Debtors**") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code with this Court. The bankruptcy cases for the Debtor, LES, and the Subsidiary Debtors (collectively, the "**Debtors**") have been procedurally consolidated for administrative purposes (collectively, the "**Chapter 11 Cases**").

2. The Debtor continues to operate its businesses and manage its properties as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Bankruptcy Case.

3. On December 3, 2008, the United States Trustee for Region Four (the "**U.S. Trustee**"), pursuant to section 1102 of the Bankruptcy Code, appointed the Committee to represent the interests of the Debtor's unsecured creditors in the Bankruptcy Case.

4. On December 3, 2008, the Committee held its first meeting. At its first meeting, the Committee decided to retain: (i) Bingham as counsel to the Committee; (ii) LeClairRyan, A Professional Corporation ("**LeClairRyan**"), as Virginia counsel to the Committee; and (iii) Alvarez & Marshal Dispute Analysis & Forensic Services, LLC and Alvarez & Marsal North America, LLC (collectively, "**A&M**") as financial advisor to the Committee.

5. On January 22, 2009, this Court entered an order authorizing the employment of Bingham as counsel to the Committee, *nunc pro tunc*, to December 3, 2008 [Doc. No. 723] (the "**Retention Order**").

6. The law firm of McKee Nelson, LLP ("**McKee**") merged with and into Bingham effective August 15, 2009. Bingham researched McKee's client database prior to the merger to determine whether McKee had any potential conflicts of interest with interested parties to these chapter 11 proceedings including, but not limited to, current or former relationships with the Debtors or subsidiaries/affiliates of the Debtors. No such relationships were found. Bingham will file a supplemental affidavit pursuant to Rule 2014 of the Federal Rules of Bankruptcy Procedure further describing the potential conflict of interest searches referenced above.

7. On December 21, 2008, this Court entered that certain Order Under Sections 105(a) and 331 of the Bankruptcy Code Establishing Interim Compensation Procedures dated December 21, 2008 (the "**Compensation Procedures Order**").

8. Pursuant to the terms of the Compensation Procedures Order, if no objection to a professional's monthly fee request is served within twenty (20) days of the date of service of such monthly fee request, then the Debtor is authorized to pay such professional eighty-five percent (85%) of the requested fees and one hundred percent (100%) of the requested expenses.

The Compensation Procedures Order provides for the payment of the remaining fifteen percent (15%) of fees following approval of the professional's interim fee application by this Court.

## II. JURISDICTION AND VENUE

9. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## III. CASE STATUS

10. As stated above, no trustee or examiner has been appointed pursuant to 1107(a) and 1108 of the Bankruptcy Code.

11. On September 9, 2009, the Debtor and its affiliated debtors filed the Joint Chapter 11 Plan of LandAmerica Financial Group, Inc. and Its Affiliated Debtors [Doc. No. 1992] (as amended on October 2, 2009 [Doc. No. 2109], on October 12, 2009 [Doc. No. 2185], on October 13, 2009 [Doc. No. 2206] and as may be further amended from time to time, the "**Plan**") and a Disclosure Statement [Doc. No. 1991] (as amended on October 2, 2009 [Doc. No. 2110], on October 12, 2009 [Doc. No. 2186], on October 13, 2009 [Doc. No. 2207] and as may be further amended from time to time, the "**Disclosure Statement**") with respect to the Plan. A hearing to consider the adequacy of the Disclosure Statement was held on October 13, 2009. On October 14, 2009, the Court approved the Disclosure Statement in its Omnibus Order: (A) Approving Disclosure Statement; (B) Fixing Voting Record Date; (C) Approving Solicitation Materials and Procedures for Distribution Thereof; (D) Approving Forms of Ballots and Establishing Procedures for Voting on Debtors' Plan; (E) Scheduling Hearing and Establishing Notice and Objection Procedures in Respect of Confirmation of Debtors' Plan; and (F) Granting Related Relief [Doc. No. 2214].

12. On September 18, 2009, this Court entered an Order Extending Certain Debtors' Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereto Pursuant of Section 1121(d) of the Bankruptcy Code [Doc. No. 2036] through and including October 15, 2009 and December 15, 2009, respectively.

## IV. RELIEF REQUESTED

13. Pursuant to this Application, Bingham seeks allowance and payment of interim compensation and reimbursement of expenses in the amount of $1,783,017.69, consisting of $1,719,206.00 in Fees and $63,811.69 in Expenses incurred during the Application Period.

14. On August 7, 2009, Bingham served its monthly fee request for the period from June 1, 2009 through and including June 30, 2009 for the amount of $744,612.04, consisting of $712,002.50 for professional fees and $32,609.54 for expenses.

15. On September 25, 2009, Bingham served its monthly fee request for the period from July 1, 2009 through and including July 31, 2009 for the amount of $487,348.92, consisting of $470,278.00 for professional fees and $17,070.92 for expenses.

16. On September 25, 2009, Bingham served its monthly fee request for the period from August 1, 2009 through and including August 31, 2009 for the amount of $551,056.73, consisting of $536,925.50 for professional fees and $14,131.23 for expenses.

17. Pursuant to the Compensation Procedures Order, Bingham has received eighty-five percent (85%) of its monthly fees and one hundred percent (100%) of its monthly expenses for the period June 1, 2009 - June 30, 2009. Bingham has submitted, but not received payment for its fee statements for July 1, 2009 - July 31, 2009 and August 1, 2009 - August 31, 2009. As

of the date hereof, Bingham has received payments totaling $4,157,430.05[1], consisting of $3,974,526.13 in fees and $142,903.92 in expenses.

18. With respect to the Expenses for which reimbursement is sought hereunder, Bingham applies the following practices:

    a. Photocopying – charged by Bingham at $.20 per page; copies billed by third party vendors (where indicated) are charged at the invoiced cost thereof;

    b. Telecommunications – long distance calls are billed at $.35 per minute and are included in the entry for telephone charges on Exhibit C. Bingham does not charge for the first page of outgoing facsimiles; subsequent pages, to the extent facsimiles are billed hereunder, are charged at $1.50 per page, which amount has been reduced to $1.00 per page in accordance with the U.S. Trustee's Guidelines. There is no charge for incoming facsimiles;

    c. Meals – Bingham does not charge for in-house meals, except for working meals or in respect of meetings with third parties, which meals are charged at cost; meals for dinner meetings in New York were capped at $50 per person and meals in Richmond, VA were capped at $35.00 per person;

    d. Travel (Transportation) – taxis and car fare are billed at the invoiced cost thereof. Domestic air travel is billed by coach class at the rates in effect at the time of travel;

    e. Westlaw and Lexis – Bingham pays a flat monthly fee for Westlaw and Lexis, and there is no effective way to bill the actual cost to the client as usage varies each month. Accordingly, Bingham charges the client based on scheduled rates provided by Westlaw and Lexis without further markup. Bingham believes this is a fair price and understands the arrangement is typical of law firms throughout the country. PACER charges, to the extent billed, are billed at actual cost.

## V.     BASIS FOR RELIEF

**A.     Retention of Bingham and General Description of Services Provided**

19. Pursuant to an Order of this Court entered on January 22, 2009, Bingham was retained as co-counsel to the Committee *nunc pro tunc* to December 3, 2008.

---

[1] This amount includes an overpayment of $40.00. Bingham will coordinate with the Debtors to either return such amount or apply a credit towards amounts due in respect of this Application Period.

20. During the Application Period, attorneys at Bingham expended 2,918.2 hours on the Chapter 11 Cases, while paralegals expended 163.9 hours, producing a blended hourly rate of $575.03 (excluding paralegals).

21. The Fees and Expenses for which Bingham requests allowance of compensation and reimbursement related to the Application Period and were rendered in connection with the Bankruptcy Case and in the exercise of Bingham's professional responsibilities as co-counsel to the Committee. Bingham respectfully submits that the services rendered by it during the Application Period were at the request of the Committee and in all respects have been reasonable, necessary and beneficial to the Committee and to the Debtor's estate.

22. A copy of the detailed time records maintained by Bingham with respect to the Application Period is attached hereto as **Exhibit A**. Furthermore, attached hereto as **Exhibit B** is a schedule that sets forth (a) the name of each attorney and paralegal who performed services in connection with this case during the Application Period, (b) the number of hours expended by each attorney and paralegal, (c) the year in which each attorney was licensed to practice law, (d) the position of each attorney or paralegal within Bingham, (e) the standard hourly rate that Bingham charges for the same or similar services of each attorney or paralegal in matters not related to the Bankruptcy Case, and (f) the total fees attributable to all such services rendered by each attorney or paralegal.

23. Bingham also maintains records of all actual and necessary out-of-pocket expenses incurred in connection with the rendering of professional services. Annexed hereto as **Exhibit C** is a schedule that sets forth the categories of expenses incurred and amounts for which reimbursement is sought, together with computer records maintained in the ordinary course of business, which were used to compile such information.

24. Prior to the Application Period, Bingham's services to the Committee initially centered on the sale of the Debtor's primary title insurance underwriting subsidiaries - Commonwealth Land Title Insurance Company, Lawyers Title Insurance Corporation, and United Capital Title Insurance Company (the "**Underwriters**") and on representing the Committee (in coordination with the Committee's other professionals) in the litigation pending in the LES bankruptcy proceeding concerning claims asserted by customers of LES pursuant to this Court's Order Establishing Schedule Protocol for Adversary Proceedings, dated January 16, 2009 (the "**Protocol Order**").

25. On May 21, 2009, this Court entered its Order Pursuant to Section 105(a) and 105(d) of the Bankruptcy Code, Approving (I) Mediation Protocol to Resolve Certain Inter-Estate Issues and (II) Mediation Protocol Regarding Global Settlement of Lead Case Litigation and Plan of Liquidation for LandAmerica 1031 Exchange Services, Inc. (the "**Mediation Protocol**").

26. Bingham's services to the Committee during the Application Period, as set forth more fully herein and in the annexed fee statements and summaries, generally focused on representing the Committee in two mediations pursuant to the Mediation Protocol, reviewing and analyzing claims asserted against the Debtors and their non-debtor affiliates, and working with the Committee and its professionals to evaluate the Debtor's remaining businesses to determine the manner in which to best maximize value for the Debtor's estate, including through one or more sales of such remaining businesses and/or the prompt and orderly wind-down and liquidation of such businesses. Bingham also analyzed other potential sources of recovery for the Debtor's estate, including, but not limited to, potential tax refunds, avoidance actions and other claims for recoveries against insiders, creditors and third parties. Bingham also analyzed

certain intercompany claims and other disputes between the Debtor's estate and the LES estate and engaged in extensive discovery and preparation for the two mediations pursuant to the Protocol Order. Bingham further worked with the Committee, its professional advisors and the Debtors to develop a strategy for proposing and confirming a plan of reorganization or liquidation for the Debtors. Bingham submits that the hard work of the Committee and its professionals, including Bingham, to preserve value for the Committee's constituents has been reasonable, necessary and beneficial to the Debtor's estate and its creditors.

27. In accordance with the factors enumerated in Section 330 of the Bankruptcy Code, the Fees requested are fair and reasonable given (a) the complexity of the Bankruptcy Case, (b) the time expended in rendering services in connection with the Bankruptcy Case, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services rendered in cases not under this title. Moreover, with respect to the Expenses sought hereunder, Bingham has disbursed and/or incurred the Expenses in the ordinary course of rendering professional services during the Application Period. Such Expenses were necessary and reasonable in scope and amount and do not include a charge for profit. Accordingly, Bingham hereby requests approval and payment of all Fees and Expenses sought hereunder.

### B. Summary of Services Rendered by Category

28. The services rendered by Bingham during the Application Period have been segregated into several distinct categories in accordance with the U.S. Trustee's Guidelines. Each such category is described in more detail below and with reference to the detailed time entries annexed hereto as **Exhibit A**. A summary of the individuals providing services in each respective category during the Application Period and the fees requested on account of such

services is also incorporated in **Exhibit A**. With respect to each category of services, Bingham has worked closely with its co-counsel, LeClairRyan, to avoid duplication of effort.

<u>**Case Administration**</u>
**(Fees Sought: $23,061.50; Hrs. Billed: 65.6)**

29. The services performed by Bingham in this category primarily related to general administrative matters and document management regarding numerous pleadings and discovery filed in the Chapter 11 Cases and related adversary proceedings.

<u>**Fee/Employment Applications**</u>
**(Fees Sought: $21,120.00; Hrs. Billed: 68.2)**

30. The services performed by Bingham in this category primarily related to preparation of monthly fee statements for the months of April, May, and June 2009, as well as preparation of Bingham's second interim fee application.

<u>**Committee Meetings and Communications**</u>
**(Fees Sought: $224,420.00; Hrs. Billed: 401.6)**

31. The services performed by Bingham in this category related to in-person, written, electronic and telephonic communications with Committee members and the orderly conduct, coordination and management of communications with the Committee. The services within this category include ongoing extensive efforts by Bingham in developing proposed case strategies for consideration by the Committee, as well as coordination with the Committee in terms of approval and implementation of such strategies. Bingham arranged and attended in-person meetings of the Committee and its professional advisors as well as regularly scheduled telephonic meetings to discuss various issues including general case status, Committee governance, business issues, asset sales, litigation matters and overall case strategy. Bingham also prepared weekly reports for distribution to the Committee.

### Relief from Stay Proceedings
### (Fees Sought: $395.00; Hrs. Billed: 0.6)

32. Bingham's services in this category related to review and analysis of the relief from stay motion filed by Heritage Owner, LLC, et al. and the related response and objection thereto filed by the Debtor.

### Fee/Employment Objections
### (Fees Sought: $5,492.00; Hrs. Billed: 8.1)

33. During the Application Period, Bingham's services in this category related to review and analysis of proposals to engage professionals related to the Debtor's estate, including, but not limited to, the Debtor's proposal to engage Quinn Emanuel Urquhart Oliver & Hedges, LLP as special litigation counsel and preparation of an objection thereto.

### Employment Benefits/Pensions
### (Fees Sought: $77,488.50; Hrs. Billed: 141.9)

34. Bingham's services in this category related to analysis regarding pension and deferred compensation matters, including, but not limited to, reviewing claims asserted against the Debtors by the Pension Benefit Guaranty Corporation, addressing pension plan termination issues, analyzing control group liability issues and analyzing pension plan valuation issues.

### Business Operations
### (Fees Sought: $10,048.50; Hrs. Billed: 17.8)

35. Bingham's services in this category related primarily to analysis of the Debtor's financial statements, cash flow statements and forecasts, review of issues regarding leases in connection with the Debtor's operations at its Glen Allen facility, and analyzing the operations of the Debtor's numerous remaining subsidiaries.

### Asset Disposition
**(Fees Sought: $41,361.50; Hrs. Billed: 55.2)**

36. Bingham's services in this category related to evaluating the manner in which to best maximize value for the Debtor's estate through asset sales or the orderly winding down of burdensome businesses and assets. Bingham's services during the Application Period centered primarily on the Debtor's efforts to sell its interest in the following entities, which include, but are not limited to, Real EC Technologies, OneStop, Inc., Centennial Bank and LandAmerica Credit Services, Inc., which included analysis of proposed bids for those assets, assisting the Committee in its evaluation of the impact of the proposed sales on the Debtor's estate, and negotiating with parties that asserted interests in, or claims against, those assets. Bingham also worked with the Committee and its professionals to evaluate the Debtor's remaining businesses and assets to ascertain the best approach to maximizing the value of those assets for the Debtor's estate.

### Asset Analysis and Recovery
**(Fees Sought: $114,847.00; Hrs. Billed: 253.1)**

37. During the Application Period, Bingham analyzed potential avoidance actions and other potential claims for recoveries against equity, insider, creditor, and third party constituencies, and advised the Committee regarding these claims. In addition Bingham analyzed a variety of inter-estate claims and issues. Bingham developed and implemented strategies to recover assets, including possible resolution of issues within any plan of reorganization or liquidation. Additionally, Bingham analyzed issues that arose in connection with applicable director and officer insurance policies and advised the Committee on the same.

### Claims Administration and Objection
### (Fees Sought: $96,871.00; Hrs. Billed: 145.9)

38.     Bingham's services in this category relate primarily to analysis and research of certain claim issues related to administrative expense claims filed against the Debtor, intercompany claims, potential government claims, claims included in the Debtor's schedules and claims set forth in proofs of claim filed against the Debtors. Additionally, during the Application Period, Bingham prepared objections to certain claims filed against the Debtors.

### Litigation
### (Fees Sought: $566,369.50; Hrs. Billed: 1,103.8)

39.     During the Application Period, Bingham worked with LeClairRyan in litigating on behalf of the Committee. Bingham reviewed and analyzed various inter-estate issues, including claims asserted by the Debtor against the LES estate and defenses to such claims raised by the LES estate. Bingham also engaged in litigation on behalf of the Committee with respect to the Debtor's motion to establish the Mediation Protocol. In preparation for the Court-ordered mediation of such inter-estate disputes pursuant to the Mediation Protocol, Bingham analyzed legal issues to be addressed in the mediation, engaged in discovery, worked with the Committee and its other professionals to develop a strategy for the mediation and prepared a mediation statement for submission to the Court-appointed mediator. During the Application Period, Bingham participated in two separate two-day mediation sessions in Richmond, Virginia pursuant to the Mediation Protocol. Bingham also reviewed and analyzed threatened and pending litigation against the Debtors and the Debtors' non-debtor subsidiaries. In this regard, Bingham coordinated with LeClairRyan in an effort to avoid duplication.

### Plan and Disclosure Statement
**(Fees Sought: $313,599.50; Hrs. Billed: 511.2)**

40. During the Application Period, Bingham worked extensively with the Committee to develop frameworks for a potential plan of reorganization or liquidation. As part of this process, Bingham analyzed legal issues relevant to the development, proposal and confirmation of any such plan. Additionally, Bingham prepared term sheets to address various potential plan issues, addressed exclusivity issues with the Debtors, analyzed case law and issues in connection with the implementation of a liquidation trustee, worked with the Debtors to develop and draft trust agreements for liquidation trusts pursuant to a plan of reorganization or liquidation and worked with A&M and other professionals to develop recovery analyses.

### Review of Pleadings
**(Fees Sought: $12,939.00; Hrs. Billed: 19.5)**

41. The services performed by Bingham in this category related to the review and consideration of various pleadings and electronic docketing notices in the Chapter 11 Cases and the scheduled hearing dates and response deadlines for each pleading.

### Non-Working Travel
**(Fees Sought: $29,433.00; Hrs. Billed: 47.9)**

42. The entries in this category represent time expended by attorneys while traveling for purposes relating to the Chapter 11 Cases and not otherwise working. Non-working travel time is billed at 50% of actual time traveling.

### General Court Attendance
**(Fees Sought: $14,505.50; Hrs. Billed: 19.7)**

43. The services performed by Bingham in this category related to preparation for and participation in omnibus hearings before this Court.

### Tax Issues
### (Fees Sought: $133,585.00; Hrs. Billed: 179.4)

44. During the Application Period, Bingham analyzed the outstanding tax claims asserted against the Debtors. Bingham also analyzed the tax consequences of potential sales of the Debtor's assets. In addition, Bingham analyzed a variety of tax issues relevant to the development of any plan of reorganization or liquidation.

### 1031 Matters
### (Fees Sought: $33,669.50; Hrs. Billed: 42.6)

45. Bingham's services in this category included representing the Committee (in conjunction with the Debtor's other professionals) in the test cases being litigated in the LES bankruptcy proceedings pursuant to the Protocol Order. Bingham also prepared for and participated in stage two of the Court-ordered mediation involving the Debtor, LES and customers/creditors of LES and prepared a mediation statement to the Court-appointed mediator in connection with stage two of the Mediation Protocol. In this regard, Bingham coordinated with LeClairRyan in an effort to avoid duplication.

### VI. PROCEDURES

46. Bingham has complied with (i) Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), (ii) the Local Bankruptcy Rules for the Eastern District of Virginia (the "**Local Rules**"), (iii) the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, dated January 30, 1996 (the "**U.S. Trustee's Guidelines**"), and (iv) the Compensation Procedures Order.

47. In accordance with the U.S. Trustee's Guidelines, contemporaneously with the filing of the Application, a copy of this Application has been provided to The Prudential Insurance Company of America (as chair of the Committee) for approval.

48. In accordance with Rule 2016, Bankruptcy Code Section 504, and the U.S. Trustee's Guidelines, no payments (other than those approved by the Court and as stated herein) have heretofore been made or promised to Bingham for services rendered or to be rendered in any capacity whatsoever in connection with the Chapter 11 Cases. No agreement or understanding exists between Bingham and any other person or entity for a division of compensation or reimbursement received or to be received herein or in connection with the Bankruptcy Cases.

## VII. NOTICE

49. A copy of this Application will be served on the Office of the United States Trustee, the Debtors, counsel for the Debtors, and co-counsel to the Committee, counsel to the Official Committee of Unsecured Creditors for LES and all other required parties in accordance with Fed. R. Bankr. P. 2002(a)(6) and the Compensation Procedures Order. Bingham submits that no further notice is necessary.

## VIII. CONCLUSION

WHEREFORE, Bingham respectfully requests this Court enter an order: (i) awarding Bingham $1,719,206.00 as a third interim allowance of compensation with respect to the Fees; (ii) awarding Bingham $63,811.69 as a third interim reimbursement of the Expenses; (iii) authorizing Bingham to retain and apply to the foregoing award the amount of any payments received in respect of the Application Period; (iv) authorizing and directing the Debtor to pay to Bingham the unpaid balance of amounts awarded in respect of the Application Period; and (v) granting such other and further relief as the Court may deem proper.

[Remainder of page intentionally left blank. Next page is signature page.]

Dated: New York, NY  
       October 15, 2009

BINGHAM McCUTCHEN LLP

/s/ Jeffrey Sabin  
Jeffrey S. Sabin (admitted *pro hac vice*)  
Jared R. Clark (admitted *pro hac vice*)  
Justin G. Imperato (Va. Bar No. 72167)  
399 Park Avenue  
New York, New York 10029  
Telephone: (212) 705-7000  
Facsimile: (212) 752-5378  

Co-Counsel to the Official Committee of Unsecured Creditors

Filed by:

  /s/ Martha E. Hulley  
Bruce H. Matson (Va. Bar No. 29874)  
Christopher L. Perkins (Va. Bar No. 41783)  
Martha E. Hulley (Va. Bar No. 73052)  
LECLAIRRYAN, A Professional  
 Corporation  
Riverfront Plaza, East Tower  
951 East Byrd Street  
Richmond, Virginia 23219  
Telephone: (804) 783-2003  
Facsimile: (804) 783-2994

A/73163505.2

# CERTIFICATE OF SERVICE

I hereby certify that pursuant to the Court's Order Under Sections 105(a) and 331 of the Bankruptcy Code Establishing Interim Compensation Procedures dated December 21, 2008, on the 15th day of October 2009, a true and correct copy of the foregoing was served on all persons receiving electronic notice in these cases, including the following:

Anna King, Esq.
Chad Perrine, Esq.
G. William Evans
LandAmerica Financial Group, Inc.
5600 Cox Road
Glen Allen, Virginia 23060

Robert B. Van Arsdale
Office of the United States Trustee
701 East Broad St. Suite 4304
Richmond, Virginia 23219
    *Assistant United States Trustee*

Dion W. Hayes, Esq.
John H. Maddock, III, Esq.
McGuireWoods LLP
One James Center
901 East Cary Street
Richmond, Virginia 23219
    *Counsel for the Debtors*

Paul V. Shalhoub, Esq.
Rachel C. Strickland, Esq.
WILLKIE FARR & GALLAGHER, LLP
787 Seventh Avenue
New York, New York 10019
    *Counsel for the Debtors*

Charles R. Gibbs, Esq.
AKIN GUMP STRAUSS HAUER & FELD LLP
1700 Pacific Avenue. Suite 4100
Dallas, Texas 75201
    *Counsel for the Official Committee of Unsecured Creditors*
    *for LandAmerica 1031 Exchange Services, Inc.*

Lynn Tavenner, Esq.
TAVENNER & BERAN, PLC
20 North Eighth Street, Second Floor
Richmond, VA 23219
    *Counsel for the Official Committee of Unsecured Creditors*
    *of LandAmerica 1031 Exchange Services, Inc.*


    /s/ Martha E. Hulley