Bruce E. Arkema (VSB No. 18625)
barkema@durrettebradshaw.com
Kevin J. Funk (VSB No. 65465)
kfunk@durrettebradshaw.com
Ronald A. Page, Jr. (VSB No. 71343)
rpage@durrettebradshaw.com
DurretteBradshaw PLC
1111 East Main Street, 16th Floor
Richmond, Virginia 23219
Telephone: (804) 644-1400

-and-

Robert O. Lampl, Admitted *Pro Hac Vice*
Pa. I.D. # 19809
960 Penn Avenue
Suite 1200
Pittsburgh, PA 15222
(412) 392-0330 – phone
(412) 392-0335 – fax
rlampl@lampllaw.com

*Counsel for Joseph J. Germinaro and
Gabriella P. Germinaro*

UNITED STATES BANKRUPTCY COURT
IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| IN RE: | ) |
| | ) |
| LANDAMERICA FINANCIAL GROUP, INC., et al., | ) Chapter 11 |
| | ) Case No. 08-35994-KRH |
| | ) Jointly Administered |
| Debtors. | ) |

**OBJECTION TO JOINT CHAPTER 11 PLAN OF LANDAMERICA FINANCIAL
GROUP, INC. AND ITS AFFILIATED DEBTORS**

Comes Now Joseph J. Germinaro and Gabriella P. Germinaro, by and through counsel, and file this OBJECTION TO JOINT CHAPTER 11 PLAN OF LANDAMERICA FINANCIAL GROUP, INC. AND ITS AFFILIATED DEBTORS as follows:

1. The Objectors are Joseph J. Germinaro and Gabriella P. Germinaro (collectively, "Objectors"), adult individuals and citizens of the Commonwealth of Pennsylvania. The Objectors' standing to bring this Objection is by virtue of their having engaged in a § 1031 exchange transaction with LES on November 17, 2008, nine days prior to filing of the Debtors' Petition for Relief.

2. As a result of the filing of the Debtors' Chapter 11 Case, the Objectors have been deprived of their ownership, possession and use of $831,837.27 and have been unable to consummate certain anticipated and planned real estate transactions. The Objectors thus have sustained both compensatory damages and consequential damages as a result of the Debtors' actions.

3. The Objectors filed an Adversary Proceeding against LES in this Honorable Court at No. 08-03215(KRH), which has been stayed pursuant to this Court's January 16, 2009 Order Establishing Scheduling Protocol for Adversary Proceedings.

4. The principal Debtors in this Jointly Administered Chapter 11 Case, LandAmerica Financial Group, Inc. ("LFG") and LandAmerica 1031 Exchange Services, Inc. ("LES"), have filed a Joint Chapter 11 Plan (the "Plan") on behalf of themselves and their Affiliated Debtors (collectively, the "Debtors") by which the Debtors propose the means and manner by which claims against the Debtors' Estate are to be administered.

5. The Objectors believe that certain employees of Lawyer's Title Insurance Corporation ("LTIC") or LES are liable to them for their damages as aforesaid. LTIC was an affiliate or subsidiary of the Debtors and was sold to Fidelity National Title Insurance Company ("Fidelity") and/or Chicago Title Insurance Company ("Chicago") shortly after the Debtors filed the instant Chapter 11 Case.

6. The Objectors further believe that at least one of the foregoing individuals served in the capacity as an officer and/or director of LTIC. It is not known if any of the said individuals was an officer or director of LES, but it is believed they were not.

7. The Objectors intend to file suit against said individuals in the Court of Common Pleas of Allegheny County, Pennsylvania.

8. The Objectors have reviewed the Plan and note that certain provisions thereof act to preclude individual actions against certain affiliates and/or subsidiaries of the Debtors, and further appear to act to bar claims implicating certain insurance proceeds available to LFG and/or LES pursuant to policies of D&O and/or E&O insurance owned by or inuring to the benefit of the Debtors or its subsidiaries or affiliates.

9. The Objectors believe that the cause of action they intend to file is unique to them, and is not a claim which could be asserted by LFG or LES, and thus is not the property of the Debtors' Estate. Further, the Objectors have been advised that LTIC is not considered a subsidiary of the Debtors for purposes of the Plan.

10. Nonetheless, there are certain ambiguities inherent in the Debtors' Plan which require clarification to enable the Objectors to assert claims and protect their interests without running afoul of the Plans' proscriptions.

11. In the first instance, the Objectors understand that there are certain indemnification provisions contained in the agreement by which LTIC was sold to Fidelity and/or Chicago. The Objectors do not know whether or not a claim against an officer or director of LTIC implicates any insurance proceeds to which the Debtors lay claim or assert the exclusive right to recovery, either directly or arising out of an indemnification provision contained in that agreement.

12. In the second instance, the Objectors understand that while claims against the officers and/or directors of LTIC are not barred *per se,* they may in fact be enjoined in the event that an individual LTIC officer or director may have acted in a dual capacity as an officer or director of the Debtors as well. Further, the Objectors understand that the Debtors have not disclosed a complete list of the officers and directors of the Debtors such as to enable them to identify the capacity or capacities in which the putative defendants acted.

13. Finally, the Objectors believe that the injunctions barring any claims against certain classes of individuals and or certain insurance proceeds available to said individuals are ambiguous and impermissibly overbroad.

14. The factors the Court should consider when determining the propriety of a third-party injunction include the following:

(1) whether there is an identity of interests between the debtor and the third party, usually an indemnity relationship, such that a suit against the nondebtor is, in essence, a suit against the debtor or will deplete assets of the estate;

(2) whether the non-debtor has contributed substantial assets to the reorganization;

(3) whether the injunction is essential to reorganization;

(4) whether a substantial majority of the creditors agree to such injunction; and

(5) whether the plan provides a mechanism for the payment of all, or substantially all, of the claims of the class or classes affected by the injunction.

*In re: Optical technologies, Inc., et al.* 216 B.R. 989; 39 Collier Bankr. Cas. 2d (MB) 448; 32 Bankr. Ct. Dec. 1; 11 Fla. L. Weekly Fed. B 311 (Bankr. M.D. FL 1997) citing *In re: Master Mortgage Investment Fund, Inc.,* 168 B.R. 930, 934; (Bankr. W.D.MO 1994).

15. The Objectors respectfully submit to the Court that while certain of the foregoing factors may support a narrowly-tailored injunction against certain third parties, including the Debtors and their affiliates and subsidiaries, the majority of the factors do not support the enjoining of their claim against certain employees of LTIC and/or LES pursuant to Paragraphs 14.2, 14.3 and 14.4 of the Debtors' Plan, or precluding any claim against the proceeds of certain policies of insurance, for the following reasons:

(1) The Debtors have not produced evidence that claims against certain employees of the Debtors or, more specifically, the Debtors' former underwriting subsidiaries, constitutes a claim against the Debtors' themselves. Moreover, any such claim must belong to the Debtors' Estate. It is not clear what claims the Debtors have determined fall into this category, but it is clear that enjoining claims against coverage, without adequately defining the types of claim to be included within the injunction, is overbroad and improper.

(2) The parties to be protected by the injunction, i.e., the liability insurer(s) of the Debtors, have not committed any funds to the Debtors' Plan, but rather have evidenced the intention to contest any claims asserted against said policies. The Plan proponents admit as much as the *raison d'etre* of their request for an injunction against claims implicating the proceeds of this policy or these policies. The Objectors assert that an injunction against non-debtor third parties must implicate claims containing certain defined characteristics, not merely rope off certain potential sources of recovery.

(3) The Debtors are not reorganizing, they are liquidating.

(4) The intentions of the substantial majority of the impacted creditors is unclear; moreover, as the holders of a claim unique to them, the Objectors assert that there are few, if any, other creditors the injunctions set forth in the Plan would similarly impact.

(5) The actual recovery to be obtained by the creditors cannot be ascertained with specificity as yet, but is a matter of speculation.

16. The Plan proponents assert that the injunctions are necessary to preserve the costs of defending a number of actions brought against the insureds under various policies of insurance. Such a contention presumes that the Plan proponents have standing to assert the Objectors' claim. The Objectors' assert, however, that their claim is unique to them.

16. The Objectors further assert that the Plan proponents' claims of costs savings to be derived by the prosecuting of numerous claims on behalf of a class of creditors to which they may or may not belong, by legal counsel they have not chosen, and according to financial terms undisclosed to them and to which they have not agreed, are speculative at best.

17. The Objectors note that the Fourth Circuit has approved the enjoining of claims against non-debtors where the non-debtors have conveyed a valuable consideration to the Debtors' Estate, and that contribution, as well as the injunction, were deemed to be vital to the Debtor's reorganization. Neither is the case here, where the Debtors' insurance carriers have made no such contribution and the Debtors are liquidating.

18. Finally, the Objectors assert that the issuance of an injunction barring the commencement or continuation of litigation against individuals who are alleged to have engaged in fraudulent conduct is violative of the proscriptions against discharge set forth in 11 U.S.C. § 523.

19. For the foregoing reasons, the Objectors aver that confirmation of the Debtors' Plan as violative of 11 U.S.C. § 524(e), which provides that the discharge of a debt of the debtor does not affect the liability of a third party obligor in regard to such debt, and request that this

Honorable Court enter an Order upholding their Objection to Plan Confirmation and stripping the Plan of the injunctions set forth in Paragraphs 14.2, 14.3 and 14.4 of the Plan.

Dated: November 10, 2009        Respectfully Submitted,

**JOSEPH J. GERMINARO AND
GABRIELLA P. GERMINARO**

By    /s/ Ronald A. Page, Jr.

Counsel

Bruce E. Arkema (VSB No. 18625)
barkema@durrettebradshaw.com
Kevin J. Funk (VSB No. 65465)
kfunk@durrettebradshaw.com
Ronald A. Page, Jr. (VSB No. 71343)
rpage@durrettebradshaw.com
DurretteBradshaw PLC
1111 East Main Street, 16th Floor
Richmond, Virginia 23219
Telephone: (804) 644-1400

-and-

Robert O. Lampl, Admitted *Pro Hac Vice*
Pa. I.D. # 19809
960 Penn Avenue
Suite 1200
Pittsburgh, PA 15222
(412) 392-0330 – phone
(412) 392-0335 – fax
rlampl@lampllaw.com

*Counsel for Joseph J. Germinaro and
Gabriella P. Germinaro*

# **CERTIFICATE OF SERVICE**

      I hereby certify that a true copy of the foregoing was served on November 10, 2009 by electronic means on all parties that receive CM/ECF pursuant to the terms of the Amended Case Management Order entered on December 23, 2008, including:

Robert B. Van Arsdale
Office of the United States Trustee
701 East Broad Street, Suite 4304
Richmond, VA 23219

G. William Evans, Chief Financial Officer
LandAmerica Financial Group, Inc.
5600 Cox Road
Glen Allen, Virginia 23060
      -and-
Dion W. Hayes
John H. Maddock III
MCGUIRE WOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
dhayes@mcguirewoods.com
jmaddock@mcguirewoods.com
      -and-
Lawrence O. Kamin
Terence K. McLaughlin
Elizabeth J. Bower
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, New York 10019
lkamin@wilkie.com
tmclaughlin@wilkie.com
ebower@wilkie.com
*Counsel for Debtors*

Jeffrey S. Sabin
BINGHAM McCUTCHEN LLP
399 Park Avenue
New York, New York 10022
jeffrey.sabin@bingham.com

      -and-
Bruce H. Matson
Christopher L. Perkins
LeCLAIRRYAN
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
bruce.matson@leclairryan.com
christopher.perkins@leclairryan
*Counsel for the Official Committee of Unsecured Creditors of LandAmerica Financial Group, Inc.*

Charles R. Gibbs
Keefe M. Bernstein
Sarah Link Schultz
AKIN GUMP STRAUSS
HAUER & FELD LLP
1700 Pacific Ave., Suite 4100
Dallas, Texas 75201
cgibbs@AkinGump.com
kbernstein@AkinGump.com
sschultz@AkinGump.com
      -and-
Lynn L. Tavenner
Paula S. Beran
Tavenner & Beran, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
ltavenner@tb-lawfirm.com
pberan@tb-lawfirm.com
*Counsel for the Official Committee of Unsecured Creditors of LandAmerica 1031 Exchange Services, Inc.*

By /s/ Ronald A. Page, Jr.

Counsel

.