# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# RICHMOND DIVISION

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **LandAmerica Financial** | ) | |
| **Group, Inc., _et al._** | ) | **Case No. 08-35994-KRH** |
| | ) | |
| Debtors. | ) | **Jointly Administered** |
| _____ | ) | |

## OBJECTION TO CONFIRMATION OF PLAN

**COMES NOW** TCAM Core Property Fund, LP ("TCAM"), a creditor and party in interest, through counsel, to object to the Joint Chapter 11 Plan of LandAmerica Financial Group, Inc., and its Affiliated Debtors [Docket No. 2206] pursuant to 11 U.S.C. § 1129(a).

### PRELIMINARY STATEMENT

1.  On October 13, 2009, the debtors filed their Joint Plan of Reorganization (the "Plan"). The Plan is not confirmable because it does not comply with § 1129(a) of the Bankruptcy Code. Specifically, the Plan does not provide for the necessary funding to pay TCAM's administrative expense claim asserted against the bankruptcy estate of Southland Title of San Diego ("Southland").

DOUGLAS A. SCOTT, PLC
1805 Monument Avenue, Suite 311
Richmond, Virginia 23220
Counsel for TCAM Core Properties, LP

# FACTS

2. On October 6, 2009, TCAM filed its Motion for Allowance of Administrative Expense, *et al.*, [Docket No. 2122] seeking payment of a post-petition administrative expense in the amount of at least $142,375 arising out of the failure of the debtor Southland Title of San Diego's ("Southland") to relinquish possession and for its continued utilization of certain leased nonresidential real property in the County of San Diego, California (the "Administrative Motion").

3. On October 26, 2009, a hearing with respect to the Administrative Motion was held by this Court. At that hearing and in its documents filed with the Court, Southland presented no disputes of fact or any evidence in support of its objection to the Administrative Motion. Southland, however, requested that it be able to cross-examine Megan Faircloth, who submitted declarations in support of the Administrative Motion. The Court continued the hearing on the Administrative Motion until December 17, 2009.

4. Article II of the Disclosure Statement filed in the case on October 13, 2009 provides a summary of the treatment of claims and interests under the Plan. On page 27 of the Disclosure Statement, the debtors identify Subsidiary Priority Non-Tax Claims against Southland Title as "Class SD 1." The debtors then say that the estimated amount of claims and interests in Class SD 1 is "$0.00," and that the estimated recovery by Class SD 1 is "N/A."

5. Article III of the Plan, beginning at page 28, sets out how the Plan will treat Administrative Expense Claims.[1] Section 3.1(b) of the Plan requires that on the later of

---

[1] Any terms not defined herein are as defined in the Plan.

the "Effective Date and the first Business Day after the date that is thirty (30) calendar days after the date an Administrative Expense Claim becomes an Allowed Claim, the holder of such Allowed Administrative Expense claim shall receive from the applicable Post-Effective Date Entity Cash in an amount equal to such Allowed Claim" (with an exception not relevant here).

6. Article V(a) of the Plan (beginning at page 33) states that the legal, equitable and contractual rights of the holders of Class SD 1 claims will be unaltered by the Plan, except if the holder agrees to different treatment.

7. Southland is one of the debtors in this case. Plan at footnote 1. Article 1.202 defines "*Subsidiary Debtor*" as any debtor other than LandAmerica Financial Group, Inc., and LandAmerica 1031 Exchange Services, Inc. Southland Title of San Diego is therefore a *Subsidiary Debtor* under the Plan.

8. The Plan classifies the Classes of Claims in Article 4.1. "Class SD 1" is designated as "Subsidiary Priority Non-Tax Claims." Article 4.2 says that SD1 claims are unimpaired; deemed to have accepted the Plan; and thus are not entitled to vote on the Plan.

9. TCAM's claim is an administrative claim brought pursuant to 11 U.S.C. §§ 365(d)(3), 503(a) and (b), and 507(a)(2). It is a *Priority Non-Tax Claim* as defined by Article 1.177 of the Plan and is required under the terms of the Plan and section 1129(a)(9) of the Bankruptcy Code <u>to be paid in full.</u>

10. TCAM's administrative claim is against Southland, a *Subsidiary Debtor* as defined by the Plan and its claim is a *Priority Non-Tax Claim*. TCAM's claim is therefore a Class SD 1 claim under the Plan.

11. Section 1129(a) of the Bankruptcy Code requires that the proposed Plan meet all of the requirements of § 1129(a). Section 1129(a)(9)(A) requires that the holder of a § 507(a)(2) claim receive on the effective date of the plan "cash equal to the allowed amount of such claim." Further, § 1129(a)(11) requires that a plan must be feasible. 11 U.S.C. § 1129(a)(11). To prove feasibility, the Debtor must show that the debtor is reasonably able to perform under the provisions of the Plan. 7 King, COLLIERS ON BANKRUPTCY, ¶ 1129.03[11] (15th Ed. 2009).

12. According to the Disclosure Statement, the debtors have not funded any payments to holders of Class SD 1 because they do not believe that there are any such claims. TCAM, however, holds an Administrative Claim against Southland and sought allowance and payment of the administrative claim well before the scheduled Plan Confirmation Hearing. As such, the Plan is not feasible because it does not provide for the payment of TCAM's administrative claim in full and may not be confirmed unless the Plan provides for the payment TCAM's administrative expense claim. .

**WHEREFORE**, TCAM prays that the Court deny confirmation of the Plan, and award to TCAM such other and further relief as may be just and proper.

Dated: November 10, 2009

\s\ Douglas Scott
DOUGLAS A. SCOTT, PLC
1805 Monument Avenue, Suite 311
Richmond, Virginia 23220
☏ 804.257.9860
📠 bankruptcycounsel@gmail.com

-and-

Vincent M. Coscino, Esq.
James A. Timko, Esq.
Allen Matkins Leck Gamble
   Mallory & Natsis LLP
1900 Main Street, Fifth Floor
Irvine, CA 92614-7321
Telephone: (949) 553-1313
Email: vcoscino@allenmatkins.com
jtimko@allenmatkins.com

*Attorneys for Creditor*
*TCAM Core Property Fund, LP*

C:\Documents and Settings\jtimko\Desktop\#887785 v1 - Redline - Changes to objection.doc