**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
-----------------------------------------------------------------------x
                                                                       :
**In re**                                                              : Case No. 08-35994 (KRH)
                                                                       :
**LandAmerica Financial Group, Inc., et al**                           :
-----------------------------------------------------------------------x

**ORDER GRANTING LANDAMERICA 1031 EXCHANGE SERVICES, INC. AND LANDAMERICA FINANICAL GROUP, INC., THROUGH THEIR SPECIAL COUNSEL, AUTHORITY TO ISSUE SUBPOENAS FOR THE PRODUCTION OF DOCUMENTS AND AUTHORIZING THE EXAMINATION OF PERSONS AND ENTITIES**

This order issues based upon the motion, dated November 5, 2009 (the "**Motion**"), of the Debtors and Debtors-in-Possession, LandAmerica 1031 Exchange Services, Inc. ("**LES**") and LandAmerica Financial Group, Inc. ("**LFG**") (together the "**Debtors**"), through their Special Counsel Jenner & Block LLP in the above referenced chapter 11 cases, for an order pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure authorizing them to issue subpoenas for the production of documents and the examination of persons and entities determined by the Debtors to have information relevant to the administration of the Debtors' estates, particularly information relevant to their potential claims related to the sale to, or purchase by, them of certain Auction Rate Securities ("ARS") as more fully set forth in the Motion. The information the Motion seeks to obtain includes, but is not limited to, information in the possession of financial institutions that had dealings with the Debtors related to ARS or that issued ARS purchased by Debtors such as SunTrust Robinson Humphrey, Inc., Citigroup Global Markets Inc., Smith Barney (now part of Morgan Stanley Smith Barney LLC), and RBC Capital Markets Corp. as well as regulators that may have investigated the issuance or sale of ARS by these institutions. The Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and venue being proper before this Court pursuant to 28

52310.1

U.S.C. §§ 1408 and 1409; and the Court finding that adequate notice of the Motion having been given in accordance with LBR 2004-1 to those parties who were served; and it appearing that no other notice need be given; and the Court having reviewed the Motion; and approval of the relief requested in the Motion being within the sound discretion of the Court; and the Court having determined that the relief sought in the Motion is in the best interest of the Debtors, their creditors, and all parties in interest; and the Court having determined that the legal and factual bases set forth in the motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the Motion is GRANTED to the extent specified below; and it is further

ORDERED that the Debtors are authorized, pursuant to Bankruptcy Rule 2004, to issue subpoenas on SunTrust Robinson Humphrey, Inc., SunTrust Investment Services, Inc., SunTrust Banks, Inc., Citigroup Global Markets Inc., Morgan Stanley Smith Barney LLC, Citigroup, Inc., RBC Capital Markets Corporation, Royal Bank of Canada, U.S. Securities and Exchange Commission, and Financial Industry Regulatory Authority (FINRA) and any others served with Debtors' Motion (the service list to which is appended to this Order) as may be necessary to compel the production of documents and the testimony of witnesses in connection with the administration of these cases, including but not limited to

(a) All documents provided to the Securities Exchange Commission, FINRA, or any State regulator or enforcement agency (collectively "**regulator**") by any financial institution that issued ARS sold to Debtors or sold ARS to Debtors in connection with any investigation ("**ARS investigation**") conducted by any such regulator concerning the institution's auction rate securities transactions;

(b) All communications between these financial institutions and a regulator concerning the investigation conducted by any such regulator concerning an ARS investigation;

2

52310.1

(c) All transcripts of witness statements, interviews or testimony taken by a regulator as part of an ARS investigation of these financial institutions;

(d) All communications by the specified financial institution with LandAmerica 1031 Exchange Services Company or LandAmerica Financial Group, Inc. concerning ARS transactions, including documents related to the opening of accounts in which ARS were traded and possible resolution of disputes concerning ARS, as well as internal documents concerning those same transactions; and it is further

ORDERED that, unless otherwise agreed to by the Debtors through their Special Counsel or as specified below, witnesses shall have ten (10) days from the service of a subpoena to either (1) produce to the Debtors all responsive documents requested in the Debtor's subpoena, other than those documents withheld under a claim of privilege or (2) file with the Court an objection or response to the subpoena with a hearing promptly scheduled; and it is further

ORDERED that, unless otherwise agreed to by the Debtors or as specified below, if a witness withholds any documents from the production based upon a claim of privilege, such witness is directed to provide the Debtors with a privilege log for each document withheld, containing the information required under Bankruptcy Rule 7026 within ten (10) days of the service of the subpoena on the witness; and it is further

ORDERED that SunTrust Robinson Humphrey, Inc, SunTrust Investment Services, Inc., and SunTrust Banks, Inc. (the aforementioned entities, collectively "SunTrust") shall in response to a subpoena encompassing the categories of documents delineated in (a) through (d) above, or in response to a subpoena seeking production of documents other than those delineated in (a) through (d) above, have ten (10) days from the service of the subpoena to produce documents responsive to the subpoena other than those documents withheld under a claim of privilege, as well as a privilege log for each document withheld, absent a motion to this Court

demonstrating good cause for an extension of an additional twenty (20) days or such other time as this Court may provide; and it is further

ORDERED that the Securities and Exchange Commission, in response to a subpoena encompassing the categories of documents delineated in (a) through (d) above, shall have thirty (30) days to produce any non-privileged documents, absent the Debtors' agreement to an extension or a motion to this Court demonstrating good cause for an extension. If the SEC withholds any of these documents under a claim of law enforcement privilege, it may assert that privilege by describing the documents in one or more categories in sufficient detail to allow privilege rulings by the Court. The SEC shall not have to produce documents that are subject to a protective order motion(s) with a hearing promptly scheduled until after such motions are resolved, and it is further

ORDERED that a witness is directed to submit to oral examination upon reasonable notice and, absent other agreement with the Debtor, in no event more than fifteen (15) days from the date of the service of a deposition subpoena upon such witness; and it is further

ORDERED that nothing herein shall limit the rights of any witness or any other party under applicable law to object to or oppose any subpoena the Debtors may serve upon such witness, except as to issues decided by this order; and it is further

ORDERED that the Debtors shall serve each subpoena and any copy of this order on the target of the subpoena and simultaneously serve all other entities identified in the paragraph 3 of this Order and their counsel with a copy of any such subpoena; and it is further

ORDERED that the Debtors shall file with the Court an affidavit or declaration of service for each subpoena it serves; and it is further

4

52310.1

ORDERED that it is reserved unto SunTrust, Citicorp Global Markets Inc. and its related entities, Smith Barney (now part of Morgan Stanley Smith Barney LLC) and RBC Capital Markets Corp. and its related entities the right to file motions to quash or otherwise limit any subpoenas issued by the Debtors, except as to issues already resolved by this Court, pursuant to the Motion with a hearing to be promptly scheduled, and that no response to production of documents and appearance for a deposition as requested by any subpoena shall be required until such time as this Court may have ruled on such motion; and it is further

ORDERED that this Court shall retain jurisdiction to resolve any disputes related to this Order; and it is further

ORDERED that this Order is without prejudice to the Debtor's right to file further motions seeking additional documents and testimony pursuant to Bankruptcy Rule 2004 or any other applicable law.

Dated: November __, 2009
　　　　Richmond, Virginia

_____
HONORABLE KEVIN R. HUENNEKENS
UNITED STATES BANKRUPTCY JUDGE

We ask for this:

 */s/ Lynn L. Tavenner*
Thomas C. Newkirk (*admitted pro hac vice*)
Larry P. Ellsworth (*admitted pro hac vice*)
JENNER & BLOCK LLP
1099 New York Avenue, N.W., Ninth Floor
Washington, D.C.  20001
Telephone:  (202) 639-6032 (Ellsworth)
Facsimile:  (202) 661-4926
E-mail:  tnewkirk@jenner.com
　　　　　lellsworth@jenner.com

　　　　Special Counsel for LandAmerica 1031 Exchange Services, Inc. and
　　　　LandAmerica Financial Group, Inc.

5

52310.1

-and-

Lynn L. Tavenner, Esquire (Va. Bar No. 30083)
Paula S. Beran, Esquire (Va. Bar No. 34679)
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Facsimile: (804) 783-0178

> Local Special Counsel for LandAmerica 1031 Exchange Services, Inc. and
> LandAmerica Financial Group, Inc. (for purposes of this Order and related Motion) and
> Co-Counsel for the Official Committee of Unsecured Creditors for LandAmerica 1031
> Exchange Services, Inc

Approved as to Form:

*/s/ Bruce H. Matson (per email dated 11/25/2009)*
Jeffrey S. Sabin (*admitted pro hac vice*)
Jared R. Clark (*admitted pro hac vice*)
BINGHAM McCUTCHEN LLP
399 Park Avenue
New York, New York 10029
Telephone (212) 705-7000
Facsimile: (212) 752-5378

-and-

Bruce H. Matson (Va. Bar No. 29874)
Christopher L. Perkins (Va. Bar No. 41783)
Christian K. Vogel (VSB No. 75537)
LECLAIRRYAN, A Professional Corporation
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
Telephone: (804) 783-2003

> Counsel for The Official Committee of Unsecured Creditors
> Of LandAmerica Financial Group, Inc.

6

*/s/ Kevin A. Lake (per email dated 11/25/2009)*
Kevin A. Lake, Esquire (VSB #34286)
VANDEVENTER BLACK LLP
P.O. Box 1558
Richmond, Virginia 23218-1558
Telephone: (804) 237-8811
Facsimile: (804) 2376-8801
E-mail: klak3@banblk.com

    Local Counsel to Suntrust

-and-

Jesse H. Austin, III (Georgia Bar No. 028813; *pro hac vice*)
PAUL HASTINGS JANOFSKY & WALKER LLP
600 Peachtree Street, Suite 2400
Atlanta, Georgia 30308
Telephone: (404_815-2400
Facsimile: (404) 815-2424
E-mail: jessaustin@paulhastings.com

    Lead Attorneys for SunTrust

-

Melinda Hardy
Assistant General Counsel


*/s/ Donna S. McCaffrey (per email dated 11/24/2009)*
Donna S. McCaffrey
Special Trial Counsel

Office of the General Counsel
Securities and Exchange Commission
100 F Street, N.E.
Washington, D.C. 20549-9612
Telephone: (202) 551-5174

-and-

Susan Sherrill-Beard
Senior Trial Counsel/Bankruptcy
Georgia Bar No. 001370

7

52310.1

Office of Reorganization
Atlanta Regional Office
Securities and Exchange Commission
Suite 1000 3475 Lennox Road, N.E.
Atlanta, GA 30326-1232
Telephone: (404) 842-8626
E-mail: Sherrill-beards@sec.gov

    Counsel for: Securities and Exchange Commission

## LOCAL RULE 9022-1 CERTIFICATION

    In accordance with Local Rule 9022-1, the foregoing proposed order has been endorsed by or served upon all necessary parties.

                                    /s/ Lynn L. Tavenner
                                            Co-Counsel

52310.1