**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

```
-------------------------------------------------------- x
In re:                                                    :
                                                          :   Chapter 11
LandAmerica Financial Group, Inc., et al.,                :
                                                          :   Case No. 08-35994
Debtors.                                                  :
                                                          :   Jointly Administered
                                                          :
-------------------------------------------------------- x
```

**SUMMARY FOR FOURTH AND FINAL APPLICATION OF BINGHAM McCUTCHEN
LLP FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF
EXPENSES AS CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED
<u>CREDITORS OF LANDAMERICA FINANCIAL GROUP, INC.</u>**

Name of Applicant:                                          **BINGHAM McCUTCHEN LLP**

Authorized to Provide                                       **Co-Counsel to Official Committee**
Professional Services to:                                   **of Unsecured Creditors of**
                                                            **LandAmerica Financial Group,**
                                                            **Inc.**

Date of Retention:                                          ***nunc pro tunc* as of 12/3/2008**

Current Interim Period:                                     **9/1/2009 through 12/6/2009**

Final Application Period (includes Current Interim Period): **12/3/2008 through 12/6/2009**

Gap Period for which Substantial Contribution is Sought:    **11/26/2008 through 12/2/2008**

Current Interim Period:
    Fees Requested:                     **$1,632,577.50**
    Expenses Requested:                 **$    49,125.84**
    Total Current Interim Period:                                **$1,681,703.34**

Prior Period Fees and Expenses (1st through
  3rd Applications - see chart below):
    Fees Requested and Awarded:         **$5,088,530.00**
    Expenses Requested and Awarded:     **$  174,106.07**
    Total Previously Awarded:                                    **<u>$5,262,636.07</u>**

Final Period (includes Current Interim and Prior Periods):
    Total Fees Requested: **$6,721,107.50**
    Total Expenses Requested: **$  223,231.91**
    Total Final Period Fees & Expenses
     (the "Final Allowance"): **$6,944,339.41**

Gap Period (11/26/2008 - 12/2/2008):
    Fees Requested: **$   57,673.50**
    Expenses Requested: **$   2,605.67**
    Total Gap Period Fees & Expenses: **$  60,279.17**

Total Fees All Periods: **$6,778,781.00**
Total Expenses All Periods: **$  225,837.58**
TOTAL FEES & EXPENSES ALL PERIODS: **$7,004,618.58**

Fees & Expenses Paid for Final Period: **$(6,380,719.50)**

Net Payment Requested: **$623,899.08**

**Summary of Prior Applications filed:**

| | Fee Applica-tion Filing Date; Docket No. | Total Fees Requested | Total Expenses Requested | Fee Order Filing Date; Docket No. | Total Fees Previously Awarded | Total Expenses Previously Awarded | Total Amount Previously Awarded |
|---|---|---|---|---|---|---|---|
| 1 | 4/14/09 #1263 | $1,796,844.50 | $50,017.13 | 5/20/09 #1460 | $1,796,844.50 | $50,017.13 | $1,846,861.63 |
| 2 | 7/15/09 #1738 | $1,572,479.50 | $60,277.25 | 8/27/09 #1940 | $1,572,479.50 | $60,277.25 | $1,632,756.75 |
| 3 | 10/15/09 #2220 | $1,719,206.00 | $63,811.69 | 11/18/09 #2617 | $1,719,206.00 | $63,811.69 | $1,783,017.69 |
| | TOTAL | $5,088,530.00 | $174,106.07 | | $5,088,530.00 | $174,106.07 | $5,262,636.07 |

**This is a final application.**

A/73259546.4

Jeffrey S. Sabin (admitted *pro hac vice*)
Jared R. Clark (admitted *pro hac vice*)
Justin G. Imperato (VSB No. 72167)
BINGHAM McCUTCHEN LLP
399 Park Avenue
New York, New York 10029
Telephone: (212) 705-7000
Facsimile: (212) 752-5378

*Co-Counsel to the Official Committee of Unsecured Creditors*
*of LandAmerica Financial Group, Inc.*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

```
----------------------------------------------------------  x
In re:                                                       :
                                                             :   Chapter 11
LandAmerica Financial Group, Inc., et al.,                   :
                                                             :   Case No. 08-35994
Debtors.                                                     :
                                                             :   Jointly Administered
                                                             :
----------------------------------------------------------  x
```

## FOURTH AND FINAL APPLICATION OF BINGHAM McCUTCHEN LLP FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES AS CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF LANDAMERICA FINANCIAL GROUP, INC.

Bingham McCutchen LLP ("**Bingham**") submits this fourth and final application (the "**Application**") for allowance and payment of compensation and reimbursement of expenses incurred as co-counsel to the Official Committee of Unsecured Creditors of LandAmerica Financial Group, Inc. (the "**Committee**") (A) pursuant to Sections 330 and 331 of the United States Bankruptcy Code, 11 U.S.C. § 101, *et seq.* (as amended, the "**Bankruptcy Code**") for (i) final allowance and approval of all fees and expenses incurred in the Chapter 11 Cases from December 3, 2008 through and including August 31, 2009 (the "**Prior Interim Period**"), and (ii) final allowance and approval of fees and expenses incurred during the final interim fee period

from September 1, 2009 through and including December 6, 2009 (the "**Current Interim Period**") and (B) pursuant to sections 503(b)(3) and 503(b)(4) of the Bankruptcy Code and Rule 2016 of the Bankruptcy Rules, final allowance and approval of fees and expenses incurred during the Gap Period (as hereinafter defined) as a substantial contribution. In support of its Application, Bingham respectfully represents as follows:

## I. SUMMARY OF AMOUNTS REQUESTED

1. By this Application, Bingham requests (i) for the Current Interim Period, an allowance of compensation in the amount of $1,632,577.50 (the "**Current Period Fees**") and reimbursement of actual and necessary expenses in the amount of $49,125.84 (the "**Current Period Expenses**"); (ii) for the Prior Interim Period, final allowance and approval of compensation in the amount of $5,088,530.00 and reimbursement of actual and necessary expenses in the amount of $174,106.07 (the "**Prior Period Fees and Expenses**")[1] ; and (iii) an aggregate final allowance for the period from December 3, 2008 through and including December 6, 2009 (the "**Final Application Period**") of compensation totaling $6,721,107.50 and reimbursement of expenses totaling $223,231.91 for combined total fees and expenses of $6,944,339.41 (the "**Final Allowance**").[2]

2. In addition, by this Application, Bingham requests an order of this Court awarding Bingham $60,279.17 for fees and expenses incurred commencing on November 26, 2008 through and including December 2, 2008 (the "**Gap Period Fees and Expenses**") as a substantial contribution to the Debtors' estates.

---

[1] The Prior Period Fees and Expenses included amounts previously awarded and paid. Bingham's prior interim fee applications are incorporated herein by reference.
[2] The Final Allowance includes all amounts sought for the Current Interim Period and the Prior Interim Period.

## II.  BACKGROUND

3.      On November 26, 2008 (the "**Petition Date**"), LandAmerica Financial Group, Inc. (the "**Debtor**") filed a voluntary petition for relief with this Court under chapter 11 of the Bankruptcy Code, thereby commencing the instant bankruptcy proceedings (the "**Bankruptcy Case**").  Also, on November 26, 2008, an affiliate of the Debtor, LandAmerica 1031 Exchange Services, Inc. ("**LES**"), filed a voluntary petition for relief with this Court under chapter 11 of the Bankruptcy Code.  In addition, on March 6, 2009, March 27, 2009, March 31, 2009, July 17, 2009, October 12, 2009 and November 4, 2009 affiliates of the Debtor (LandAmerica Assessment Corporation, LandAmerica Title Company, Southland Title Corporation, Southland Title of Orange County, Southland Title of San Diego, LandAmerica Credit Services, Inc., Capital Title Group, Inc. and LandAmerica OneStop, Inc., collectively, the "**Subsidiary Debtors**") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code with this Court.  The chapter 11 proceedings for the Debtor, LES, and the Subsidiary Debtors (collectively, the "**Debtors**") have been procedurally consolidated for administrative purposes (collectively, the "**Chapter 11 Cases**").

4.      The Debtor continues to operate its businesses and manage its properties as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in the Chapter 11 Cases.

5.      On December 3, 2008, the United States Trustee for Region Four (the "**U.S. Trustee**"), pursuant to section 1102 of the Bankruptcy Code, appointed the Committee to represent the interests of the Debtor's unsecured creditors in the Bankruptcy Case.

6.      On December 3, 2008, the Committee held its first meeting.  At its first meeting, the Committee decided to retain: (i) Bingham as counsel to the Committee; (ii) LeClairRyan, A Professional Corporation ("**LeClairRyan**"), as co-counsel to the Committee; and (iii) Alvarez &

Marshal Dispute Analysis & Forensic Services, LLC and Alvarez & Marsal North America, LLC as financial advisor to the Committee.

7.     On January 22, 2009, this Court entered an order authorizing the employment of Bingham as counsel to the Committee, *nunc pro tunc*, to December 3, 2008 [Doc. No. 723] (the "**Retention Order**").

8.     The law firm of McKee Nelson, LLP ("**McKee**") merged with and into Bingham effective August 15, 2009.  Bingham researched McKee's client database prior to the merger to determine whether McKee had any potential conflicts of interest with interested parties to these chapter 11 proceedings including, but not limited to, current or former relationships with the Debtors or subsidiaries/affiliates of the Debtors and on November 6, 2009, Bingham filed the Affidavit of Jeffrey S. Sabin in Further Support of the Application of the Official Committee of Unsecured Creditors of LandAmerica Financial Group, Inc., Under 11 U.S.C. §§ 328(a), 330(a), 504 and 1103(a) and Fed. R. Bankr. P. 2014 For an Order Authorizing and Approving Retention and Employment Nunc Pro Tunc of Bingham McCutchen LLP as Counsel [Doc. No. 2492].  No such relationships were found.

### III.     JURISDICTION AND VENUE

9.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### IV.     CASE STATUS

10.     As stated above, no trustee or examiner has been appointed pursuant to 1107(a) and 1108 of the Bankruptcy Code.

11.     On September 9, 2009, the Debtor and its affiliated debtors filed the Joint Chapter 11 Plan of LandAmerica Financial Group, Inc. and Its Affiliated Debtors [Doc. No. 1992] (as

amended on October 2, 2009 [Doc. No. 2109], on October 12, 2009 [Doc. No. 2185], on October 13, 2009 [Doc. No. 2206], on October 24, 2009 [Doc. No. 2342], on November 16, 2009 [Doc. No. 2576], the "**Plan**") and a Disclosure Statement [Doc. No. 1991] (as amended on October 2, 2009 [Doc. No. 2110], on October 12, 2009 [Doc. No. 2186], on October 13, 2009 [Doc. No. 2207], the "**Disclosure Statement**") with respect to the Plan.  On October 14, 2009, the Court approved the Disclosure Statement in its Omnibus Order: (A) Approving Disclosure Statement; (B) Fixing Voting Record Date; (C) Approving Solicitation Materials and Procedures for Distribution Thereof; (D) Approving Forms of Ballots and Establishing Procedures for Voting on Debtors' Plan; (E) Scheduling Hearing and Establishing Notice and Objection Procedures in Respect of Confirmation of Debtors' Plan; and (F) Granting Related Relief [Doc. No. 2214].

12.     On November 23, 2009, this Court entered an Order Confirming Joint Chapter 11 Plan of LandAmerica Financial Group, Inc. and Its Affiliated Debtors [Doc. No. 2666] (the "**Confirmation Order**").  The Plan and the Confirmation Order provide that the LFG Trustee[3] is responsible for the fees and expenses requested by Bingham in the Application.

13.     On December 7, 2009 the Plan became effective and the Debtors concurrently filed the Notice of: (I) Entry of Order Confirming Joint Chapter 11 Plan of LandAmerica Financial Group, Inc. and its Affiliated Debtors; (II) Occurrence of Effective Date; and (III) Deadline for Filing Administrative Expense Claims, Fee Claims and Claims Arising from Rejection of Executory Contracts or Unexpired Leases [Doc. No. 2732].

14.     On Bingham's information and belief, as of the filing date of this Application, all quarterly fees due and owing to the United States Trustee have been paid.  Furthermore, upon information and belief, the Debtors have filed Monthly Operating Reports for each monthly period from the months ended December 2008 through and including October 2009.

---

[3]  All capitalized terms not defined herein shall have the meanings ascribed to them in the Plan.

## V.     PROCEDURES

15.     On December 21, 2008, this Court entered that certain Order Under Sections 105(a) and 331 of the Bankruptcy Code Establishing Interim Compensation Procedures dated December 21, 2008 (the "**Compensation Procedures Order**").

16.     Pursuant to the terms of the Compensation Procedures Order, if no objection to a professional's monthly fee request is served within twenty (20) days of the date of service of such monthly fee request, then the Debtor is authorized to pay such professional eighty-five percent (85%) of the requested fees and one hundred percent (100%) of the requested expenses. The Compensation Procedures Order provides for the payment of the remaining fifteen percent (15%) of fees following approval of the professional's interim fee application by this Court.

17.     On November 2, 2009, Bingham served its monthly fee request for the period from September 1, 2009 through and including September 30, 2009 for the amount of $712,226.48[4] consisting of $692,514.50 for professional fees and $19,711.98 for expenses.

18.     On December 14, 2009, Bingham served its monthly fee request for the period from October 1, 2009 through and including October 31, 2009 for the amount of $596,634.37, consisting of $579,335.00 for professional fees and $17,299.37 for expenses.

19.     On December 30, 2009, Bingham served its monthly fee request for the period from November 1, 2009 through and including November 30, 2009 for the amount of $326,808.47, consisting of $317,055.00 for professional fees and $9,753.47 for expenses.

20.     On January 14, 2010, Bingham served its fee request for the period from December 1, 2009 through and including December 6, 2009 for the amount of $46,034.02, consisting of $43,673.00 for professional fees and $2,361.02 for expenses.

---

[4]  Bingham credited $40.00 to the total amount requested to reflect an overpayment received on May 8, 2009 for the interim payment of Bingham's January 2009 fees and expenses.

21.     Pursuant to the Compensation Procedures Order, Bingham has received eighty-five percent (85%) of its monthly fees and one hundred percent (100%) of its monthly expenses for the period September 1, 2009 - September 30, 2009 and October 1, 2009 - October 31, 2009. Bingham has submitted, but not received payment for its fee statements for November 1, 2009 - November 30, 2009 and December 1, 2009 - December 6, 2009.  As of the date hereof, Bingham has received payments totaling $6,380,719.50, consisting of $6,169,602.08 in fees and $211,117.42 in expenses.

22.     With respect to the expenses for which reimbursement is sought hereunder, Bingham applies the following practices:

       a.     Photocopying – charged by Bingham at $.20 per page; copies billed by third party vendors (where indicated) are charged at the invoiced cost thereof;

       b.     Telecommunications – long distance calls are billed at $.35 per minute and are included in the entry for telephone charges on Exhibit C. Bingham does not charge for the first page of outgoing facsimiles; subsequent pages, to the extent facsimiles are billed hereunder, are charged at $1.50 per page, which amount has been reduced to $1.00 per page in accordance with the U.S. Trustee's Guidelines (as defined below).  There is no charge for incoming facsimiles;

       c.     Meals – Bingham does not charge for in-house meals, except for working meals or in respect of meetings with third parties, which meals are charged at cost;

       d.     Travel (Transportation) – taxis and car fare are billed at the invoiced cost thereof.  Domestic air travel is billed by coach class at the rates in effect at the time of travel;

       e.     Westlaw and Lexis – Bingham pays a flat monthly fee for Westlaw and Lexis, and there is no effective way to bill the actual cost to the client as usage varies each month.  Accordingly, Bingham charges the client based on scheduled rates provided by Westlaw and Lexis without further markup. Bingham believes this is a fair price and understands the arrangement is typical of law firms throughout the country.  PACER charges, to the extent billed, are billed at actual cost.

23.     Bingham has complied with (i) Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), (ii) the Local Bankruptcy Rules for the Eastern District of Virginia (the "**Local Rules**"), (iii) the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, dated January 30, 1996 (the "**U.S. Trustee's Guidelines**"), and (iv) the Compensation Procedures Order.

## VI.     BASIS FOR RELIEF

### A.     Retention of Bingham and General Description of Services Provided

24.     Pursuant to the Retention Order, Bingham was retained as co-counsel to the Committee *nunc pro tunc* to December 3, 2008.

25.     During the Current Interim Period, attorneys at Bingham expended 2,607.3 hours on the Chapter 11 Cases, while paralegals expended 82.5 hours, producing a blended hourly rate of $618.17 (excluding paralegals).

26.     The fees and expenses for which Bingham requests allowance of compensation and reimbursement related to the Current Interim Period were rendered in connection with the Chapter 11 Cases and in the exercise of Bingham's professional responsibilities as co-counsel to the Committee.  Bingham respectfully submits that the services rendered by it during the Current Interim Period were at the request of the Committee and in all respects have been reasonable, necessary and beneficial to the Committee and to the Debtors' estates.

27.     A copy of the detailed time records maintained by Bingham with respect to the Current Interim Period is attached hereto as **Exhibit A**.  Furthermore, attached hereto as **Exhibit B** is a schedule that sets forth (a) the name of each attorney and paralegal who performed services in connection with this case during the Current Interim Period, (b) the number of hours expended by each attorney and paralegal, (c) the year in which each attorney was licensed to

8

practice law, (d) the position of each attorney or paralegal within Bingham, (e) the standard hourly rate that Bingham charges for the same or similar services of each attorney or paralegal in matters not related to the Chapter 11 Cases, and (f) the total fees attributable to all such services rendered by each attorney or paralegal.

28.     Bingham also maintains records of all actual and necessary out-of-pocket expenses incurred in connection with the rendering of professional services. Annexed hereto as **Exhibit C** is a schedule that sets forth the categories of expenses incurred and amounts for which reimbursement is sought, together with computer records maintained in the ordinary course of business, which were used to compile such information.

29.     Prior to the Current Interim Period, Bingham's services to the Committee initially centered on the sale of the Debtor's primary title insurance underwriting subsidiaries -- Commonwealth Land Title Insurance Company, Lawyers Title Insurance Corporation, and United Capital Title Insurance Company (the "**Underwriters**"), on representing the Committee (in coordination with the Committee's other professionals) in the litigation pending in the LES bankruptcy proceeding concerning claims asserted by customers of LES pursuant to this Court's Order Establishing Schedule Protocol for Adversary Proceedings, dated January 16, 2009, on representing the Committee in two mediations concerning certain inter-estate issues pursuant to this Court's Order Pursuant to Section 105(a) and 105(d) of the Bankruptcy Code, Approving (I) Mediation Protocol to Resolve Certain Inter-Estate Issues and (II) Mediation Protocol Regarding Global Settlement of Lead Case Litigation and Plan of Liquidation for LandAmerica 1031 Exchange Services, Inc. and on developing a strategy for proposing and confirming a plan of reorganization or liquidation for the Debtors.

30.     Bingham's services to the Committee during the Current Interim Period, as set forth more fully herein and in the annexed fee statements and summaries, generally focused on representing the Committee in reviewing and analyzing claims asserted against the Debtors and their non-debtor affiliates, working with the Committee and its professionals to evaluate the Debtor's remaining businesses to determine the manner in which to best maximize value for the Debtor's estate, including through one or more sales of such remaining businesses and/or the prompt and orderly wind-down and liquidation of such businesses.  Bingham also analyzed other potential sources of recovery for the Debtor's estate, including, but not limited to, potential tax refunds, avoidance actions and other claims for recoveries against insiders, creditors and third parties.  Bingham also worked to prepare a notice letter for applicable insurance carriers on behalf of the Committee and the Official Committee of Unsecured Creditors of LandAmerica 1031 Exchange Services, Inc. (the "**LES Committee**") addressing potential claims the estates, the Committee and the LES Committee might have against such insiders.  Bingham further worked with the Committee, its professional advisors and the Debtors to propose, prepare and confirm a plan of reorganization or liquidation for the Debtors.  Bingham submits that the hard work of the Committee and its professionals, including Bingham, to preserve value for the Committee's constituents has been reasonable, necessary and beneficial to the Debtor's estate and its creditors.

31.     In accordance with the factors enumerated in Section 330 of the Bankruptcy Code, the Fees requested are fair and reasonable given (a) the complexity of the Chapter 11 Cases, (b) the time expended in rendering services in connection with the Chapter 11 Cases, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services rendered in cases not under this title.  Moreover, with respect to the

expenses sought hereunder, Bingham has disbursed and/or incurred the expenses in the ordinary course of rendering professional services during the Current Interim Period. Such expenses were necessary and reasonable in scope and amount and do not include a charge for profit. Accordingly, Bingham hereby requests approval and payment of all fees and expenses sought hereunder.

**B.  Summary of Services Rendered by Category**

32.  The services rendered by Bingham during the Current Interim Period have been segregated into several distinct categories in accordance with the U.S. Trustee's Guidelines. Each such category is described in more detail below and with reference to the detailed time entries annexed hereto as **Exhibit A**. A summary of the individuals providing services in each respective category during the Current Interim Period and the fees requested on account of such services is also incorporated in **Exhibit A**. With respect to each category of services, Bingham has worked closely with its co-counsel, LeClairRyan, to avoid duplication of effort.

**Case Administration**
**(Fees Sought:  $32,222.00; Hrs. Billed:  80.1)**

33.  The services performed by Bingham in this category primarily related to general administrative matters and document management regarding numerous pleadings and discovery filed in the Chapter 11 Cases and related adversary proceedings. Additionally, pursuant to the Committee by-laws, Bingham finalized Committee meeting minutes for Committee meetings held since December 2008.

**Fee/Employment Applications**
**(Fees Sought:  $41,097.50; Hrs. Billed:  128.3)**

34.  The services performed by Bingham in this category primarily related to preparation of monthly fee statements for the months of July, August, September and October

2009, as well as preparation of Bingham's third interim fee application and a first and final fee application for McGrath North.

### Committee Meetings and Communications
**(Fees Sought: $164,766.00; Hrs. Billed: 290.0)**

35.     The services performed by Bingham in this category related to written, electronic and telephonic communications with Committee members and the orderly conduct, coordination and management of communications with the Committee.  The services within this category include ongoing extensive efforts by Bingham in developing proposed case strategies for consideration by the Committee, as well as coordination with the Committee in terms of approval and implementation of such strategies.  Bingham arranged and attended meetings of the Committee and its professional advisors, including regularly scheduled telephonic meetings, to discuss various issues including general case status, Committee governance, business issues, asset sales, litigation matters, plan terms and overall case strategy.  Bingham also prepared weekly reports for distribution to the Committee.

### Relief from Stay Proceedings
**(Fees Sought: $527.50; Hrs. Billed: 0.8)**

36.     Bingham's services in this category related to review and analysis of the relief from stay motion and supporting brief filed by the Texas Department of Insurance.

### Fee/Employment Objections
**(Fees Sought: $178.00; Hrs. Billed: 0.4)**

37.     During the Current Interim Period, Bingham's services in this category related to review and analysis of the Frontier Pepper and Finkelstein fee applications.

A/73259546.4

## Employment Benefits/Pensions
### (Fees Sought: $68,609.00; Hrs. Billed: 122.3)

38.     Bingham's services in this category related to analysis regarding pension and deferred compensation matters, including, but not limited to, reviewing claims asserted against the Debtors by the Pension Benefit Guaranty Corporation, addressing pension plan termination issues, analyzing control group liability issues and analyzing pension plan valuation issues.

## Business Operations
### (Fees Sought: $12,264.00; Hrs. Billed: 21.7)

39.     Bingham's services in this category related primarily to the analysis of data retention issues and the review of issues regarding leases in connection with the Debtor's operations.

## Asset Disposition
### (Fees Sought: $301,245.00 Hrs. Billed: 422.3)

40.     Bingham's services in this category related to evaluating the manner in which to best maximize value for the Debtor's estate through asset sales or the orderly winding down of burdensome businesses and assets.  Bingham's services during the Current Interim Period centered primarily on addressing the Debtor's interests in the following entities, which include, but are not limited to, Centennial Bank, LandAmerica OneStop, Inc., RQ Holdings and Orange County BanCorp., which included analysis of valuation issues, assisting the Committee in its evaluation of the impact of the proposed sales on the Debtor's estate, and negotiating with parties that asserted interests in, or claims against, those assets.  Bingham also evaluated the Debtor's sale of certain auction rate securities to third-parties.  Additionally, Bingham worked with the Committee and its professionals to evaluate the Debtor's remaining businesses and assets to ascertain the best approach to maximizing the value of those assets for the Debtor's estate.

13

Bingham further worked with Jones Trading to sell the stock of Fidelity National Financial, Inc. ("**Fidelity**") acquired by the Debtors as a result of the sale of the Underwriters.

## Asset Analysis and Recovery
### (Fees Sought: $217,923.50; Hrs. Billed: 474.2)

41.     During the Current Interim Period, Bingham analyzed potential avoidance actions and other potential claims for recoveries against equity, insider, creditor, and third party constituencies, and advised the Committee regarding these claims. In connection with such analysis, Bingham worked with the LES Committee to prepare a notice letter for applicable insurance carriers on behalf of the Committee and the LES Committee addressing potential claims the Committee and the LES Committee might have against such insiders. Bingham also analyzed issues that arose in connection with applicable director and officer insurance policies and advised the Committee on the same. Additionally, Bingham analyzed, developed and implemented strategies to recover assets, including possible resolution of issues within any plan of reorganization or liquidation. Further, Bingham reviewed a supplemental document production from the Debtors, which consisted of reviewing 5,000+ additional and new documents related to the Chapter 11 Cases.

## Claims Administration and Objection
### (Fees Sought: $185,041.50; Hrs. Billed: 324.3)

42.     Bingham's services in this category relate primarily to analysis and research of certain claim issues related to administrative expense claims and pre-payment premium claims filed against the Debtor, intercompany claims, potential government claims, claims included in the Debtor's schedules and claims set forth in proofs of claim filed against the Debtors. Additionally, during the Current Interim Period, Bingham prepared objections to certain claims filed against the Debtors.

**Litigation**
**(Fees Sought: $10,427.50; Hrs. Billed: 16.6)**

43.     During the Current Interim Period, Bingham worked with the Debtors and Fidelity (the "**Fidelity Settlement**") to: (i) resolve certain claims held by the Debtors against Fidelity related to Southland Title Corporation, Southland Title of Orange County and Southland Title of San Diego as part of the sale of the Underwriters; and to (ii) resolve certain claims asserted by Fidelity against the Debtors related to the Transition Services Agreement by and between Fidelity and the Debtor dated December 22, 2008.  Additionally, Bingham analyzed potential litigation issues associated with the interest held by Debtor in RQ Holdings.

**Plan and Disclosure Statement**
**(Fees Sought: $394,614.00; Hrs. Billed: 558.7)**

44.     During the Current Interim Period, Bingham worked extensively with the Committee to develop frameworks for a potential plan of reorganization or liquidation.  As part of this process, Bingham researched and analyzed legal issues relevant to the development, proposal and confirmation of any such plan.  Specifically, Bingham researched and analyzed issues which included but were not limited to, securities laws applicable to certain proposed plan terms, subordination issues, the tax consequences of certain plan provisions and issues relating to plan injunctions.  Bingham also worked extensively with the Debtors and the LES Committee to prepare a disclosure statement for any such proposed plan.  Additionally, Bingham prepared revisions and edits to draft versions of the plan and to plan supplement documents, including but not limited to, draft trust agreements, a draft cooperation agreement and plan schedules.  Further, Bingham analyzed objections filed in connection with the proposed plan and worked with the Debtors and the LES Committee to develop appropriate replies to such objections.

A/73259546.4

## Review of Pleadings
**(Fees Sought:  $9,596.00; Hrs. Billed:  17.7)**

45.     The services performed by Bingham in this category related to the review and consideration of various pleadings and electronic docketing notices in the Chapter 11 Cases and the scheduled hearing dates and response deadlines for each pleading.

## Non-Working Travel
**(Fees Sought:  $19,896.00; Hrs. Billed:  30.7)**

46.     The entries in this category represent time expended by attorneys while traveling for purposes relating to the Chapter 11 Cases and not otherwise working.  Non-working travel time is billed at 50% of actual time traveling.

## General Court Attendance
**(Fees Sought:  $6,185.00; Hrs. Billed:  10.0)**

47.     The services performed by Bingham in this category related to preparation for and participation in omnibus hearings before this Court.

## Tax Issues
**(Fees Sought:  $166,663.50; Hrs. Billed:  190.0)**

48.     During the Current Interim Period, Bingham analyzed the outstanding tax claims asserted against the Debtors.  Additionally, Bingham analyzed the tax consequences associated with the Fidelity Settlement.  Bingham also analyzed the tax consequences of potential sales of the Debtor's assets.   In addition, Bingham analyzed a variety of tax issues relevant to the development of any plan of reorganization or liquidation.   Further, Bingham analyzed net operating loss carryback issues and potential refund issues.

## 1031 Matters
**(Fees Sought:  $1,321.50; Hrs. Billed:  1.7)**

49.     Bingham's services in this category included monitoring the Grunstead adversary proceeding appeal process and reviewing pleadings filed in the appeal.

A/73259546.4

## VII.   AMOUNT REQUESTED FOR CURRENT INTERIM PERIOD

50.     Bingham deems the fair and reasonable value of its services for the Current Interim Period to be $1,632,577.50.  For purposes of this Application, Bingham has computed the Current Period Fees on the basis of its regular hourly rates applicable to the performance of legal services unrelated to the Chapter 11 Cases.

51.     In accordance with the factors enumerated in Section 330 of the Bankruptcy Code, the amount requested is fair and reasonable given (a) the complexity of the Chapter 11 Cases; (b) the time expended in rendering services in connection with the Chapter 11 Cases; (c) the nature and extent of the services rendered; (d) the value of such services; and (e) the costs of comparable services rendered in cases not under this title.

52.     Contemporaneously with the filing of the Application, a copy of this Application has been provided to The Prudential Insurance Company of America (as chair of the Committee) for approval.

53.     In accordance with Rule 2016, Bankruptcy Code Section 504, and the U.S. Trustee's Guidelines, no payments (other than those approved by the Court and as stated herein) have heretofore been made or promised to Bingham for services rendered or to be rendered in any capacity whatsoever in connection with the Chapter 11 Cases.   No agreement or understanding exists between Bingham and any other person or entity for a division of compensation or reimbursement received or to be received herein or in connection with the Chapter 11 Cases.

## VIII.   SUBSTANTIAL CONTRIBUTION

54.     Commencing on November 26, 2008 (the Petition Date) through and including December 2, 2008 (the day before Bingham's retention as co-counsel to the Committee) (the "**Gap Period**"), Bingham was instrumental in affording a voice to the unsecured creditors in

connection with an objection to the Debtor's motion to sell the Underwriters. Annexed hereto as **Exhibit D** is a copy of Bingham's invoice for services rendered during the Gap Period.

55.     Specifically, during the Gap Period, Bingham (i) participated in negotiations with the Debtor regarding the sale of the Underwriters; (ii) prepared discovery requests to the Debtor concerning the sale of the Underwriters; (iii) prepared an initial objection to the sale of the Underwriters; (iv) communicated with the Nebraska Department of Insurance concerning the rehabilitation proceedings for the Underwriters; and (v) analyzed the cash management system utilized by the Debtor.

56.     All of the foregoing tasks were inherent in the role of counsel to the Committee and served to protect the interests of all unsecured creditors as of the Petition Date. Bingham's involvement in analyzing the sale of the Underwriters and analyzing the Debtor's cash management system conferred a benefit on all unsecured creditors, placing them in a more favorable position than that in which they would have been absent Bingham's involvement. Accordingly, the Court should award Bingham its Gap Period Fees and Expenses as a substantial contribution to the Chapter 11 Cases in the amount of $60,279.17.

## IX.     NOTICE

57.     A copy of this Application will be served on the Office of the United States Trustee, the Debtors, counsel for the Debtors, and co-counsel to the Committee, counsel to the LES Committee and all other required parties in accordance with Fed. R. Bankr. P. 2002(a)(6) and the Compensation Procedures Order. Bingham submits that no further notice is necessary.

## X.     CONCLUSION

WHEREFORE, Bingham respectfully requests this Court enter an order: (A) (i) with respect to the Current Interim Period, awarding Bingham a final allowance and approval of compensation in the amount of $1,632,577.50 and reimbursement of actual and necessary

expenses in the amount of $49,125.84; (ii) with respect to the Prior Interim Period, awarding Bingham final allowance and approval of compensation in the amount of $5,088,530.00 and reimbursement of actual and necessary expenses in the amount of $174,106.07; (iii) with respect to the Final Application Period, awarding Bingham an aggregate final allowance of compensation in the amount of $6,721,107.50 and reimbursement of actual and necessary expenses totaling $223,231.91; (iv) authorizing Bingham to retain and apply to the foregoing award the amount of payments received in respect of the Final Application Period; and (v) authorizing and directing the LFG Trustee to pay to Bingham the unpaid balance of amounts awarded in respect of the Final Application Period; (B) with respect to the Gap Period Fees and Expenses, (i) awarding Bingham $60,279.17 as an allowance and reimbursement of Bingham's fees and expenses incurred during the Gap Period as a substantial contribution to the Debtors' estates, and (ii) authorizing and directing the LFG Trustee to pay to Bingham the sum of $60,279.17 (representing the balance due in respect of the Gap Period Fees and Expenses); and (C) granting such other and further relief as the Court may deem proper.

**[Remainder of page intentionally left blank.  Next page is signature page.]**

Dated: New York, New York
January 15, 2010

BINGHAM McCUTCHEN LLP


/s/ Jeffrey S. Sabin
Jeffrey S. Sabin (admitted *pro hac vice*)
Jared R. Clark (admitted *pro hac vice*)
Justin G. Imperato (Va. Bar No. 72167)
399 Park Avenue
New York, New York  10029
Telephone:  (212) 705-7000
Facsimile:  (212) 752-5378

*Co-Counsel to the Official Committee of Unsecured Creditors of LandAmerica Financial Group, Inc.*


Filed by:

/s/ Martha E. Hulley
Bruce H. Matson (Va. Bar No. 29874)
Christopher L. Perkins (Va. Bar No. 41783)
Martha E. Hulley (Va. Bar No. 73052)
LECLAIRRYAN, A Professional
  Corporation
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia  23219
Telephone:  (804) 783-2003
Facsimile:  (804) 783-2994

*Co-Counsel to the Official Committee of Unsecured Creditors of LandAmerica Financial Group, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that pursuant to the Court's Order Under Sections 105(a) and 331 of the Bankruptcy Code Establishing Interim Compensation Procedures dated December 21, 2008, on the 15th day of January 2010, a true and correct copy of the foregoing was served on all persons receiving electronic notice in these cases, including the following:

Anna King, Esq.
Chad Perrine, Esq.
LandAmerica Financial Group, Inc.
5600 Cox Road
Glen Allen, Virginia 23060

Robert B. Van Arsdale
Office of the United States Trustee
701 East Broad St. Suite 4304
Richmond, Virginia 23219
  *Assistant United States Trustee*

Dion W. Hayes, Esq.
John H. Maddock, III, Esq.
McGuireWoods LLP
One James Center
901 East Cary Street
Richmond, Virginia 23219
  *Counsel for the Debtors*

Paul V. Shalhoub, Esq.
Rachel C. Strickland, Esq.
WILLKIE FARR & GALLAGHER, LLP
787 Seventh Avenue
New York, New York 10019
  *Counsel for the Debtors*

Charles R. Gibbs, Esq.
AKIN GUMP STRAUSS HAUER & FELD LLP
1700 Pacific Avenue. Suite 4100
Dallas, Texas 75201
  *Counsel for the Official Committee of Unsecured Creditors*
  *for LandAmerica 1031 Exchange Services, Inc.*

Lynn Tavenner, Esq.
TAVENNER & BERAN, PLC
20 North Eighth Street, Second Floor
Richmond, VA 23219
> *Counsel for the Official Committee of Unsecured Creditors*
> *of LandAmerica 1031 Exchange Services, Inc.*

Bruce H. Matson, Esq.
LECLAIRRYAN
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
> *The LFG Trustee*

Gerard A. McHale, Jr.
1601 Jackson Street, Suite 200
Fort Meyers, Florida 33901
> *The LES Trustee*

/s/ Martha E. Hulley