# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# RICHMOND DIVISION

```
-------------------------------------------------------x
In re                                   :   Chapter 11
                                        :
LandAmerica Financial Group, Inc., et. al.,  :   Case No. 08-35994 (KRH)
                                        :
                Debtors.                :   (Jointly Administered)
-------------------------------------------------------x
```

## ORDER ESTABLISHING PROCEDURES FOR
## AVOIDANCE ACTION ADVERSARY PROCEEDINGS

Upon the Motion of Bruce H. Matson, Trustee for the LFG Liquidation Trust (the "**LFG Trustee**"), for entry of an order establishing procedures for Avoidance Action Adversary Proceedings (the "**Motion**"), and the Court having reviewed the Motion; and the Court having determined that the relief requested in the Motion is in the best interests of the LFG Trust, its creditors and other parties in interest; the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 157 and § 1334; consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); venue being proper before the Court pursuant to 28 U.S.C. § 1408 and § 1409; proper notice of the Motion having been provided to all necessary and appropriate parties, including pursuant to this Court's December 23, 2008, amended administrative order entered in these cases, and no further notice being necessary; and after the deliberation and sufficient cause appearing therefore, it is hereby

**ORDERED, ADJUDGED AND DECREED** that

1. The Motion is GRANTED, and the procedures set forth in Exhibit A to this Order (the "**Avoidance Action Procedures**") are hereby approved and shall govern the Avoidance Actions, effective as of the date of this Order.

2. The Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules shall apply to the Avoidance Actions, except to the extent that they conflict with the Avoidance Action Procedures.

3. The time periods set forth in this Order and the Avoidance Action Procedures shall be calculated in accordance with Bankruptcy Rule 9006(a).

4. The requirement under Local Bankruptcy Rule 9013-1(G) to file a memorandum of law in connection with the Motion is hereby waived.

5. Adequate notice of the relief sought in the Motion has been given and no further notice is required.

6. The Court retains jurisdiction to hear and determine all matters arising from or related to the implementation or interpretation of this Order.

Richmond, Virginia

Dated: January 18, 2011

_____
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

/s/ Martha E. Hulley
Christopher L. Perkins (VSB No. 41783)
Martha E. Hulley (VSB No. 73052)
LeCLAIRRYAN, A Professional Corporation
Riverfront Plaza, East Tower
951 East Byrd Street, Eighth Floor
Richmond, Virginia 23219
(804) 783-2003

William E. Callahan, Jr.  (VSB No. 37432)
LeCLAIRRYAN, A Professional Corporation
1800 Wachovia Tower, Drawer 1200
Roanoke, Virginia 24006
(540) 510-3000

*Counsel for Bruce H. Matson, LFG Trustee*

## Local Rule 9022-1 Certification

  I hereby certify that that a copy of the proposed order has been served upon all necessary parties.

              /s/ Martha E. Hulley
              Counsel

Christopher L. Perkins (VSB No. 41783)
Martha E. Hulley (VSB No. 73052)
LeCLAIRRYAN, A Professional Corporation
Riverfront Plaza, East Tower
951 East Byrd Street, Eighth Floor
Richmond, Virginia 23219
(804) 783-7550

William E. Callahan, Jr.  (VSB No. 37432)
LeCLAIRRYAN, A Professional Corporation
1800 Wachovia Tower, Drawer 1200
Roanoke, Virginia 24006
(540) 510-3000

*Counsel for Bruce H. Matson, LFG Trustee*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

---------------------------------------------------------x
In re                                                    :     Chapter 11
                                                         :
LandAmerica Financial Group, Inc., et. al.,              :     Case No. 08-35994 (KRH)
                                                         :
                       Debtors.                          :     (Jointly Administered)
---------------------------------------------------------x

## AVOIDANCE ACTION ADVERSARY PROCEEDING PROCEDURES

The following procedures (the "**Avoidance Action Procedures**") have been approved by the United States Bankruptcy Court for the Eastern District of Virginia (the "**Court**") in the above-captioned bankruptcy case by order dated January 18, 2011.  Capitalized terms used but not defined herein shall have the meanings ascribed to the terms in the Motion for order establishing procedures for the avoidance action proceedings (the "**Motion**") [Docket No. 4149].  These Avoidance Action Procedures apply to all Avoidance Actions filed for the benefit of the LFG Liquidation Trust (the

4

"**LFG Trust**"), including any and all Avoidance Actions filed in the name of LandAmerica Financial Group, Inc. ("**LFG**").

    a. **Answer-Only Summons**. The summons issued for each Avoidance Action will vary from the Court's standard form and will be an "Answer Only" summons. The summons will inform the defendant that it has thirty days from the date of service of the summons (rather than the date of issuance) to respond to the complaint. The summons will not set a pretrial conference date; any pretrial or other scheduling conference will be set only after it is requested by the parties in accordance with these procedures, unless otherwise ordered by the Court.

    b. **Extension of Time by Which Plaintiff Must Serve the Summons.** The time period under Federal Rule of Civil Procedure 4(m), made applicable to the Adversary Proceedings pursuant to Bankruptcy Rule 7004, by which the plaintiff must serve the summonses and complaints in the Adversary Proceedings on defendants in the United States shall be extended by 30 days, without prejudice to the plaintiff to seek further extensions of time for cause shown. Notwithstanding this provision, the LFG Trustee will serve the summons and complaints as promptly as practicable after issuance of the summons.

    c. **Stipulation to Extend Time for Defendants to Respond to the Complaint**. Without further order of the Court, the parties may stipulate to extend the time by which a defendant must respond to a complaint by no more than thirty (30) days. The stipulation must be in writing to be binding on the plaintiff. Any further or longer extensions of time will require Court approval.

d. **Extension of Time to Conduct Rule 26(f) Conference**. Within thirty (30) days following the filing of an answer or other responsive pleading, the parties shall confer pursuant to Federal Rule of Civil Procedure 26(f)(2) (the "**Rule 26(f) Conference**"), made applicable to the Avoidance Actions pursuant to Bankruptcy Rule 7026, to consider the nature and basis of their claims and defenses and the possibilities for promptly settling or resolving the case.

e. **Scheduling of Pretrial Conferences**. If an Avoidance Action has not settled within 60 days following the Rule 26(f) Conference, the LFG Trustee shall notice a pretrial scheduling conference on the next Omnibus Hearing that is at least 14 days after the expiration of the 60-day period. The Court has scheduled the following Omnibus Hearings: January 27, 2011 at 10:00 a.m., February 22, 2011 at 10:00 a.m., March 17, 2011 at 10:00 a.m., April 21, 2011 at 10:00 a.m.

f. **Stay of Discovery.** The parties' obligations to conduct formal discovery in each Avoidance Action shall be stayed until a scheduling order is entered, provided that the stay of discovery shall in no way preclude the parties from informally exchanging documents and information in an attempt to resolve an Avoidance Action without further litigation.

g. **Pretrial Scheduling Conferences/Motion Hearing Dates.** In addition to those disclosed in Paragraph E above, the Court will schedule regular Omnibus Hearing dates in the bankruptcy case, on which dates any pretrial scheduling conferences in the Avoidance Actions will take place. Any pretrial motions filed by the parties in the Avoidance Actions must be set for hearing on one of the Omnibus Hearing dates or unless otherwise ordered by the Court.

h. **Application of Existing Case Management Orders.** The Court's December 23, 2008 *Amended Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9001, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management, and Administrative Procedures* [Docket No. 435] (the "**Case Management Order**"), remains in full force and effect. A copy of the Case Management Order is attached as Exhibit 1.

i. **Notice of Avoidance Action Procedures**. A copy of the Avoidance Action Procedures will be served on each defendant with the summons and complaint in each Avoidance Action.

Richmond, Virginia

BRUCE H. MATSON, LFG TRUSTEE

/s/ Martha E. Hulley
Counsel

Christopher L. Perkins (VSB No. 41783)
Martha E. Hulley (VSB No. 73052)
LeCLAIRRYAN, A Professional Corporation
Riverfront Plaza, East Tower
951 East Byrd Street, Eighth Floor
Richmond, Virginia 23219
(804) 783-7550

William E. Callahan, Jr. (VSB No. 37432)
LeCLAIRRYAN, A Professional Corporation
1800 Wachovia Tower, Drawer 1200
Roanoke, Virginia 24006
(540) 510-3000

*Counsel for Bruce H. Matson, LFG Trustee*