Peter J. Barrett  (VA 46179)
KUTAK ROCK LLP
Bank of America Center
1111 East Main Street, Suite 800
Richmond, Virginia  23219-3500
Telephone:  (804) 644-1700
peter.barrett@kutakrock.com
-and-
Paul S. Medved
Mallery & Zimmerman, S.C.
731 N. Jackson Street, Suite 900
Milwaukee, Wisconsin 53202
Telephone:  (414) 271-2424
pmedved@mzmilw.com

*Counsel to Sentry Insurance a Mutual Company*

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF VIRGINIA
### RICHMOND DIVISION

| | |
|---|---|
| In re: | |
| LANDAMERICA FINANCIAL GROUP, INC., *et al.*, | Case No. 08-35994-KRH<br>Chapter 11 |
| Debtors. | Jointly Administered |

### OBJECTION TO THE LFG TRUSTEE'S MOTION FOR ENTRY OF AN ORDER ESTABLISHING MANDATORY MEDIATION PROCEDURES FOR AVOIDANCE ACTIONS

Sentry Insurance a Mutual Company ("Sentry"), by counsel, objects to *The LFG Trustee's Motion for Entry of an Order Establishing Mandatory Mediation Procedures* (the "Procedures Motion") [Docket No. 4629] and, in opposition to the Procedures Motion, respectfully states as follows:

### Background

1.     On January 29, 2011, LandAmerica Financial, Inc. ("LFG") filed a *Complaint to Avoid and Recover Transfer Pursuant to 11 U.S.C. §§ 544, 547 and 550 and to Disallow Claim(s) Pursuant to 11 U.S.C. § 502(d)* (the "Sentry Complaint") (Adv. Pro. No. 11-03023-

KRH).  The Sentry Complaint alleged "Claims and/or Causes of Action held by the LFG [Liquidation] Trust" against Sentry.  *See* Sentry Complaint ¶ 2.

2. On September 5, 2011, this Court entered a Stipulation and Consent Order extending Sentry's deadline to answer the Sentry Complaint to and including October 31, 2011.

3. On September 30, 2011, Bruce H. Matson (the "Trustee"), trustee for the LFG Liquidation Trust (the "LFG Trust"), filed the Procedures Motion seeking entry of an order establishing mandatory mediation procedures in connection with the 76 actions or potential actions under Chapter 5 of the Bankruptcy Code that have been or may be asserted on behalf of the LFG Trust.

4. Later on September 30, 2011, LFG filed its *Joinder of LandAmerica Financial Group, Inc. to the LFG Trustee's Motion for Entry of an Order Establishing Mandatory Mediation Procedures for Avoidance Actions* (the "Joinder") [Docket No. 4631] in which it sought to join the Procedures Motion in order to have the same requested procedures made applicable to that portion of those same 76 actions or potential actions under chapter 5 of the Bankruptcy Code that have been or may be asserted on behalf of the LFG Trust in the name of LFG.[1]

## Argument

### The Requested Mediation Procedures Are Unnecessary

5. The LFG Trust has pursued 222 actions or potential actions under chapter 5 of the Bankruptcy Code in these cases.  *See* Procedures Motion ¶ 7.  To date, the LFG Trust has resolved 146 of those actions.  *Id.* ¶ 9.  This means that the LFG Trust has resolved 65% of its asserted claims without the need to institute the mediation protocol requested in the Procedures

---

[1] For the sake of simplicity, Sentry refers to the proponents of the requested relief as the "LFG Trust" and the moving papers filed by such proponents, collectively, as the "Procedures Motion."

4827-5232-3595.1                                       2

Motion. There is no reason to believe that the LFG Trust and the remaining defendants will not continue to work together to consensually resolve those cases that can be resolved and to try, in the most efficient manner possible, those cases where no agreement is possible.

6. The LFG Trust's pleading demonstrates the various parties' level of cooperation without the need for further court oversight or extra-procedural structure. More than one-third of the remaining claims asserted by the LFG Trust consist of "Tolled Actions". *Id.* ¶ 10. This significant number of Tolled Actions suggests that a great number of the relatively small group of defendants remaining are committed to diligently working with the LFG Trust to resolve those claims. As discussed below, the one-sided procedures requested by the LFG Trust will do nothing to further encourage the parties to settle. They may, however, provide the LFG Trust with an unfair advantage in continued negotiations.

### The Requested Mediation Procedures Are Both One-Sided and Incomplete

7. The proposed mediation process set forth in the Procedures Motion unfairly favors the LFG Trust. In addition, and potentially more troublesome, the proposed procedures fail to address a number of issues that could be disputed by the parties thereby increasing the costs and delays associated with the resolution or adjudication of the few claims still outstanding.

8. Two examples of terms that highlight both the unfairness and the incompleteness of the proposed procedures are below:

- The mediator must be selected from a list to be provided by the LFG Trust. *Id.* ¶ 12(i). First, limiting the universe of potential mediators to those hand-picked by the LFG Trust is inherently unfair to the defendants. Both parties to a mediation must be comfortable that their particular mediator is an acceptable neutral, especially in light of the broad powers

proposed in the Procedures Motion. *See id.* ¶¶ 14(b), (d) and (e). Second, the LFG Trust failed to include the list of proposed mediators with its Procedure Motion. Without the names, locations and hourly rates of the proposed mediators, the defendants do not have the information necessary to evaluate the LFG Trust's requested mediation procedures.

- The mediation shall be attended by at least one representative of the defendant with full authority to settle the action. *Id.* ¶ 14(c). There is no similar requirement that a representative of the LFG Trust with authority to settle be required to attend.

9. The LFG Trust's proposed mediation procedures also leave open a number of issues that could have a significant impact on the fairness of the process. For example, the Procedures Motion fails to address the following (i) where the mediations will take place; (ii) whether the mediators will bill for travel time; (iii) whether the defendants be required to file answers or other responsive pleadings during the time period the mediations are on-going; and (iv) whether the $100,000 cap for telephonic appearances is based on the LFG Trust's initial demand or the current amount the LFG Trust alleges is owed at the time of the mediation.

**In the Alternative, if Permitted, the Mediation Procedures Should Be Modified**

10. Sentry recognizes that mediation is favored over litigation and that there is some precedent in this Court for mandatory mediation in avoidance litigation (albeit in significantly different circumstances than exist in the case at hand). Should the Court be inclined to order mandatory mediation, Sentry requests, in the alternative, that such procedures contain the following additions or revisions to the procedures proposed by the LFG Trust:

a. The mediator shall be selected jointly by the LFG Trust and the defendant.

    b. The location of the mediation shall be mutually agreed by the parties.

    c. The costs and expenses associated with the mediation shall be paid by the LFG Trust.

    d. The mediation shall be attended by at least one representative of the defendant and one representative of the LFG Trust, neither of whom may be counsel for the parties and each with full authority to settle the action.

    e. The parties may participate telephonically in the mediation if the current amount the LFG Trust alleges is owed at the time of the mediation is equal to or less than $150,000.00.

    f. All response deadlines, including deadlines to file responsive pleadings to any complaint filed by the LFG Trust, shall be extended until ten (10) days following the filing of the Mediator's Report.

11. To the extent the Court considers anything other than the outright denial of the Procedures Motion, Sentry respectfully requests that the proposed alternatives to the terms requested by the LFG Trust be considered.

**WHEREFORE**, Sentry respectfully requests that the Procedures Motion be denied or, in the alternative, that any mediation process include the revisions and additions suggested herein and that Sentry be awarded such further relief the Court deems just and proper.

                        **SENTRY INSURANCE, A MUTUAL COMPANY**

                        By: /s/ Peter J. Barrett
                              Counsel

Peter J. Barrett  (VA 46179)
KUTAK ROCK LLP
Bank of America Center
1111 East Main Street, Suite 800
Richmond, Virginia  23219-3500
Telephone:  (804) 644-1700
peter.barrett@kutakrock.com
-and-
Paul S. Medved
Mallery & Zimmerman, S.C.
731 N. Jackson Street, Suite 900
Milwaukee, Wisconsin 53202
Telephone:  (414) 271-2424
pmedved@mzmilw.com

*Counsel to Sentry Insurance, a Mutual Company*

## CERTIFICATE OF SERVICE

    I hereby certify under penalty of perjury that on October 12, 2011, a true and exact copy of the foregoing was forwarded via ECF notification to all necessary parties.

                                            /s/ Peter J. Barrett