



September 5, 2019

The Honorable Kevin R. Huennekens
U.S. Bankruptcy Court
701 E. Broad Street
Richmond, VA 23219

**RE: Land America Financial Group, Inc., et al. (Case No. 08-35994)**

Dear Judge Huennekens:

Protiviti, Inc. ("Protiviti") serves as Financial Advisor to the LFG Liquidation Trust ("LFG Trust" or "Trust") and has served in that role without interruption since 11/23/09.

This letter is in response to those of Bruce Matson ("Mr. Matson") and Robert Smith ("Mr. Smith") filed with the Court on 8/26/19. Mr. Matson has been the Liquidation Trustee for the LFG Trust. Mr. Smith is a former Protiviti employee who led Protiviti's engagement as Financial Advisor to the LFG Trust prior to his separation from Protiviti on 4/2/18. Mr. Matson has represented that Mr. Smith continued to advise the Trust since that separation through his consulting firm, RS Financial Consulting, LLC ("RS Consulting").

On or about August 12, 2019, Protiviti was provided a copy of the LFG Trust's Form 2 Estate *Cash Receipts and Disbursements Record* ("Form 2") which indicated the LFG Trust account at Union Bank had no remaining funds as of 4/18/19. Guy Davis ("Mr. Davis"), a Managing Director at Protiviti, met with Mr. Matson on August 21, 2019 to inquire about distributions from the Trust in late 2018 and early 2019 that left the Trust bank account with no funds, including a payment to RS Consulting on 1/9/19 for $1.5 million (described on Form 2 as "Payment of Fees") and the payments to Matson Consulting on 2/13/19 and 4/18/19 for $1,000,000 and $341,953, respectively. Mr. Matson informed Mr. Davis that the funds were being held in escrow for the benefit of the Trust.

In its capacity as Financial Advisor to the LFG Trust, Protiviti requested account statements for the period since the funds were transferred (January 2019 until present) for RS Financial Consulting, LLC and Matson Consulting to confirm the manner in which the funds are being held, the balances and all disbursements. Mr. Matson indicated that Mr. Smith has since returned the funds he held to Mr. Matson and Protiviti is continuing to discuss with Mr. Matson an appropriate mechanism to confirm the status of the funds and any disbursements, to which he has been receptive. Protiviti has also suggested to Mr. Matson that he consider filing a motion to reopen the case so that the Court's input can be obtained with respect to how the remaining funds should be held and disbursed.

If the Court has any questions, please contact Guy Davis or Suzanne Roski at (804) 644-7000.

Respectfully submitted,

PROTIVITI INC.