UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

In re:

LandAmerica Financial Group, Inc., et al.,
                         Debtors

Case No. 08-35994-KRH
Chapter 11
Jointly Administered

## REQUEST FOR STATUS MEETING

Comes now, John P. Fitzgerald, III, Acting U.S. Trustee for Region 4, (the "U.S. Trustee") and, under the provisions of 11 U.S.C. § 105, respectfully requests this Court to schedule a status meeting in this case to discuss matters which have recently arisen, and in support of his request states as follows:

1. This jointly administered case was filed on November 26, 2008.
2. On November 23, 2009, the Joint Chapter 11 Plan (the "Plan") was confirmed by an order of this Court.
3. Under the terms of the Plan, and Liquidation Trust Agreements ("Trust Agreements") contained therein, the Trustees of the Trusts were to administer, liquidate and distribute all remaining property of the debtors.
4. The Plan and the Trust Agreements provide for post-termination services concerning the Terminating Trusts, including that the LFG Trustee shall retain the books, records and files that have been delivered to or created by the LFG Trustee six years after the final distributions. Accordingly, the Terminating Trusts established reserves to fund the administrative tasks required by the Plan.
5. This case was closed by the Court on December 22, 2015.
6. On or about August 26, 2019 the Court received a letter from Bruce H. Matson and a letter from Robert B. Smith concerning funds attributable to this case. Mr. Matson's letter is attached hereto as Exhibit "A", and Mr. Smith's letter is attached hereto as Exhibit "B."

Robert B. Van Arsdale, Esq., AUST, VSB 17483
Shannon Pecoraro, Esq., VSB 46864
Office of the U.S. Trustee
701 East Broad Street
Suite 4304
Richmond, VA 23219
(804) 771-2310

7. On September 5, 2019, a letter from Protiviti concerning the wind down of this case was also received by the Court. A copy of their letter is attached hereto as Exhibit "C."
8. Under the circumstances that currently exist concerning the undistributed funds attributable to this case, U.S. Trustee respectfully requests the Court to set a hearing date for a status hearing and to direct all necessary parties to attend, and for such other relief as the Court shall order.

Respectfully submitted,

John P. Fitzgerald, III
Acting U.S. Trustee
Region Four

by: /s/Robert B. Van Arsdale
Robert B. Van Arsdale
Assistant U.S. Trustee

## CERTIFICATE OF SERVICE

I hereby certify that on September 9, 2019 this Request for Status Meeting was filed with the United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division and that by the operation of ECF/CM system, a copy of the foregoing was served via electronic delivery on all parties receiving service through that system. In addition service was provided via first class mail, postage prepaid, to the following parties at the addresses listed below.

/s/Robert B. Van Arsdale
Robert B. Van Arsdale
Assistant U.S. Trustee


Bruce H. Matson
117 Thomashire Court
Richmond, VA 23219

Robert B. Smith
RS Financial Consulting, LLC
492 Hope Springs Lane
Manakin-Sabot, VA 23103

Protiviti, Inc.
1051 East Cary Street
Suite 602
Richmond, VA 23219
    Attn: Suzanne Roski



EXHIBIT "A"

Bruce H. Matson
117 Thomashire Court
Richmond, VA 23229
brucehmatson@gmail.com
804-771-7326



August 26, 2019

<u>By Hand</u>
Honorable Kevin R. Huennekens
U.S. Bankruptcy Court
701 E. Broad Street
Richmond, VA 23219

    Re: LandAmerica Financial Group, Inc., et al.

Dear Judge Huennekens:

    As you know the referenced cases date to 2008. I was appointed liquidation trustee in December 2009 and the case was closed (and I was discharged) at the end of 2015. As you also know, there were post-closing wind-down tasks and obligations that were approved as part of the closing of the cases.

    Although the wind-down budget and the wind-down period runs through 2021, it now appears likely that we will be left with substantially more than originally thought and budgeted. (Perhaps we have been visited with the same good fortune in the wind-down process as in the case itself where we recovered over 80% for creditors even though the disclosure statement projected a recovery of approximately 31 cents on the dollar.) Although over two years remains in the original plan, there is over $2.8 million still in escrow as a result of cost savings and unexpected recoveries. It is difficult to see a scenario where much more of that fund will be used (although there will be inevitably some expenses, such as those I'm currently incurring in transferring LFG client files from LeClairRyan).

    Just in case the Court might need an overview of how we got here, I have asked Rob Smith[1], who you will recall was the lead financial advisor for me as trustee during the case, to provide an overview of the wind-down budget process and some of the financial highlights over the past three plus years. His analysis is contained in a separate letter enclosed with this letter.

---

[1] Mr. Smith has stayed involved assisting me through the wind-down. As a security and contingency plan, he has even served as is a "temporary" or substitute fiduciary (during some absence and international travel) and has contractually agreed would complete the wind-down process if something was to happen to me. In fact, he holds $1.5 million of the wind-down funds at the present time for the same reasons.

It would be my intention to continue to proceed as originally approved in the wind-down budget, including additional payments to charities and professionals, however, I wanted to provide this report and if the Court believes that some other approach is more appropriate, I will proceed accordingly.

Very Truly Yours,

Bruce H. Matson

**EXHIBIT B**

Robert B. Smith
RS Financial Consulting, LLC
492 Hope Springs Lane
Manakin-Sabot, Virginia 23103
804.467.8998
rbsiv@comcast.net

RICHMOND DIVISION
FILED
AUG 26 2019
CLERK
U.S. BANKRUPTCY COURT

August 26, 2019

Honorable Kevin R. Huennekens
U.S. Bankruptcy Court
701 E. Broad Street
Richmond, VA 23219

Re: LFG and SD Liquidation Trusts Winddown Review

Dear Judge Huennekens,

At Bruce Matson's request, I am writing this letter to update the Court and give a brief accounting of the winddown of the former LFG Liquidation Trust (the "LFG Trust") and SD Liquidation Trusts ("SD Trusts" and together with the LFG Trust, the "Trusts"). I understand it will accompany a letter from him on the same topic, a letter which I have reviewed and approve.

As I'm sure you recall, in 2009 Mr. Matson, the LFG Liquidation Trustee ("Mr. Matson" or "Trustee") retained Protiviti and LeClairRyan (the "Professionals") to assist in the liquidation of the LFG and SD assets after confirmation of the Plan. The original Trusts were to remain in effect for five years, through 2014, though the Trusts were extended through December 31, 2015, at which time they were dissolved.

As part of the Trusts' dissolution, the Trustee and his Professionals worked diligently to prepare an appropriate 6-year winddown budget totaling $3.1 million.[1] This winddown budget's two primary expenses included continued storage costs ($1.4 million) and payment of professionals ($1.4 million). Protiviti staff diligently researched storage and destruction costs at the various facilities still housing the approximately forty thousand boxes of documents. Similarly, the Professionals prepared an estimate of six years' professional fees, based in part on the Trusts' declining needs. This winddown budget was presented to and accepted by this Court in conjunction with the final dissolution of the Trusts.

In the year following the dissolution, Mr. Matson and Protiviti undertook a review of all remaining documents, servers, microfilm, and other information to determine the efficacy of continued storage for a six-year period. We visited multiple California storage facilities, going through thousands of boxes. We also negotiated with EnTrust, a Richmond-based storage facility, to retain relevant boxes of

---

[1] Earlier versions of the winddown budget contemplated a retention of significantly more capital, as much as $6 million, but at Mr. Matson's and my urging and with additional research and analyses it was determined that Mr. Matson would likely need no more than $3.1 million.

documents and destroy others. As a result of several orders issued by the Court in 2016, and despite its up-front cost, the storage cost savings continues to this day.

In the past 3+ years, there has also been a cost savings in the form of professional fees, which have been less than budgeted. Although there have been some material exercises involving professionals (like the 401k litigation), we've been surprised there have not been more unexpected needs to address miscellaneous matters arising post-dissolution.

Further, there have also been some unexpected increases to the remaining proceeds being held. First, primarily as a result of the document retention review, the SD Trusts winddown expenses were reduced. This resulted in an increase of approximately $357,000 from STC-SD, STC, OneStop, and CTG. Second, in the year following the dissolution order, there were LFG claims reserves and / or proceeds paid and returned in the approximate amount of $352,000. Third, as referenced in the attachments to the winddown budget, the LAC Trust had a reserve of $809,000 based on a multi-million dollar real estate lawsuit that had been ongoing for years. (Though the exposure was significantly higher than the reserve, plaintiff's counsel agreed to reduce the reserve for inclusion in the winddown budget after significant negotiation with LeClairRyan.) Unexpectedly, that matter resolved with no liability to LAC. Since all creditors had previously received 100% in the LAC Trust, those proceeds were transferred to LFG.[2] Finally, there were outstanding payments of approximately $161,000 that had not cleared as of the dissolution date. The aggregate of these excess proceeds totals $1.66 million.

As of the date of this letter, the winddown estate retains a total of slightly more than $2.84 million (excess proceeds of $1.66 million plus remaining proceeds of $1.18 million). Excluding the unexpected proceeds listed above, the winddown estate has a positive budget variance of approximately $360,000 through its first 3 ½ years (budgeted remaining proceeds of $820,000, actual remaining proceeds of $1.18 million).

In April 2018, I left Protiviti to start my own consulting firm while also working for a start-up patent analytics company here in Richmond. The Trustee retained my consulting firm to continue to assist with the winddown. Early in 2019, shortly after returning from an extended sabbatical, Mr. Matson determined that the remaining proceeds of about $2.8 million should be divided and held in escrow pending the conclusion of the winddown period in order to decrease the concentration risk in any one bank or any one person.[3] I am currently retaining $1.5 million, and await further instruction as to the disposition of the proceeds.

Very truly yours,

*Robert Smith* (signature)

Rob Smith
RS Financial Consulting, LLC

---

[2] LFG owned 100% of the equity in LAC. After bank fees, $789,000 was transferred to LFG.
[3] Trustee had previously deemed it important to create a succession plan and appointed me as substitute trustee in the unlikely event of Trustee's demise.



EXHIBIT C



**protiviti®**
*Face the Future with Confidence*

RICHMOND DIVISION
F I L E D
SEP - 5 2019
CLERK
U.S. BANKRUPTCY COURT

September 5, 2019

The Honorable Kevin R. Huennekens
U.S. Bankruptcy Court
701 E. Broad Street
Richmond, VA 23219

**RE: Land America Financial Group, Inc., et al. (Case No. 08-35994)**

Dear Judge Huennekens:

Protiviti, Inc. ("Protiviti") serves as Financial Advisor to the LFG Liquidation Trust ("LFG Trust" or "Trust") and has served in that role without interruption since 11/23/09.

This letter is in response to those of Bruce Matson ("Mr. Matson") and Robert Smith ("Mr. Smith") filed with the Court on 8/26/19. Mr. Matson has been the Liquidation Trustee for the LFG Trust. Mr. Smith is a former Protiviti employee who led Protiviti's engagement as Financial Advisor to the LFG Trust prior to his separation from Protiviti on 4/2/18. Mr. Matson has represented that Mr. Smith continued to advise the Trust since that separation through his consulting firm, RS Financial Consulting, LLC ("RS Consulting").

On or about August 12, 2019, Protiviti was provided a copy of the LFG Trust's Form 2 Estate *Cash Receipts and Disbursements Record* ("Form 2") which indicated the LFG Trust account at Union Bank had no remaining funds as of 4/18/19. Guy Davis ("Mr. Davis"), a Managing Director at Protiviti, met with Mr. Matson on August 21, 2019 to inquire about distributions from the Trust in late 2018 and early 2019 that left the Trust bank account with no funds, including a payment to RS Consulting on 1/9/19 for $1.5 million (described on Form 2 as "Payment of Fees") and the payments to Matson Consulting on 2/13/19 and 4/18/19 for $1,000,000 and $341,953, respectively. Mr. Matson informed Mr. Davis that the funds were being held in escrow for the benefit of the Trust.

In its capacity as Financial Advisor to the LFG Trust, Protiviti requested account statements for the period since the funds were transferred (January 2019 until present) for RS Financial Consulting, LLC and Matson Consulting to confirm the manner in which the funds are being held, the balances and all disbursements. Mr. Matson indicated that Mr. Smith has since returned the funds he held to Mr. Matson and Protiviti is continuing to discuss with Mr. Matson an appropriate mechanism to confirm the status of the funds and any disbursements, to which he has been receptive. Protiviti has also suggested to Mr. Matson that he consider filing a motion to reopen the case so that the Court's input can be obtained with respect to how the remaining funds should be held and disbursed.

If the Court has any questions, please contact Guy Davis or Suzanne Roski at (804) 644-7000.

Respectfully submitted,

PROTIVITI INC.

1051 East Cary Street, Suite 602, Richmond, VA 23219 USA
T +1.804.644.7000   F +1.804.644.7055   www.protiviti.com