UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| In re: ) | |
| ) | |
| LANDAMERICA FINANCIAL GROUP, INC., ) | |
| et al. ) | |
| ) | Case No. 08-35994-KRH |
| Debtor. ) | |
| ) | |

**PROPOSED ORDER DESIGNATING SUCCESSOR TRUSTEE**

This matter came before the Court on the Motion (the "Motion") of the United States Trustee to Appoint a Successor Trustee for the LFG Liquidation Trust (the "Trust").

The Court having considered the Motion and the Reservation of Rights filed by PGIM, Inc., an affiliate of The Prudential Insurance Company of America, the former chair of the Liquidation Oversight Committee and a large stakeholder in funds held by the Trust.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334. Venue is appropriate in this Court pursuant to 28 U.S.C. §1408 and 1409. This is a core matter under 28 U.S.C. §157(b)(2).

A.  This Court retained jurisdiction in the order confirming the Joint Chapter 11 Plan of LandAmerica Financial Group, Inc. and its affiliated debtors, entered November 23, 2009 [Docket No. 2666] (the "Confirmation Order"). Relief under the Motion is authorized by 11 U.S.C. §§ 1142 and 105(a) and by Bankruptcy Rules 3020(d) and 3021. In addition, the Final Decree entered in this case on December 22, 2015 [Docket No. 5754], expressly provided for the retention of jurisdiction by this Court to hear and determine all matters arising from or related to the implementation or interpretation of the Final Decree.

B.  The LFG Liquidation Trust Agreement (the "Trust Agreement"), which was approved by this Court through the Confirmation Order, provided authority for a majority of the members of the Liquidation Oversight Committee, which was later dissolved as of the entry of the Final Decree, and if necessary, this Court to appoint a successor trustee for the Trust.

Robert B. Van Arsdale, Esq., AUST, VSB 17483
Shannon Pecoraro, Esq., VSB 46864
Office of the U.S. Trustee
701 East Broad Street
Suite 4304
Richmond, VA 23219
(804) 771-2310

Upon consideration of the Motion and the facts and circumstances of this case, and having determined that the appointment of a replacement fiduciary for the Trust is in the best interests of creditors, the Court hereby orders as follows:

1. The Motion is GRANTED.

2. Benjamin C. Ackerly, Sr., a member in good standing of the Bar of this Court, is hereby appointed as the successor trustee in this case under the Trust Agreement (the "Successor Trustee") to Bruce H. Matson (the "Prior Trustee"), as of the date of entry of this Order. In that capacity, the Successor Trustee shall have the powers granted to the Prior Trustee under Section 6.1 of the Trust Agreement as contemplated by Section 8.5 of the Trust Agreement.

3. The Successor Trustee shall be empowered to conduct examinations of any entity under Bankruptcy Rule 2004 in order to carry out his duties hereunder, including issuing service of process to compel production of documents and/or appearance of persons for examination without the need for further order of this Court.

4. In accordance with the Trust Agreement, the Prior Trustee shall cooperate with the Successor Trustee, including, but not limited to, by duly assigning, transferring and delivering to the Successor Trustee all money and other property of the Trust held by or on account of the Trust and all books and records that reflect Trust assets, transfers or other transactions with the Trust. The Prior Trustee shall execute and deliver all instruments requested by the Successor Trustee conveying and transferring to the Successor Trustee all rights held by the Prior Trustee in the Trust or to its money, books and records and other property.

5. For the avoidance of doubt, the Successor Trustee shall succeed to all privileges and rights to privileged and confidential information of the Trust previously held by the Prior Trustee in his capacity as such.

6. No person shall institute judicial proceedings against or serve process upon the Successor Trustee without approval of this Court.

7. The Successor Trustee shall provide monthly reports to the Office of the United States Trustee with copies of any and all checks, transmittals or other evidence of any transfer from the Trust as well as evidence of the balance held in the Trust in bank accounts or otherwise.

8. For his services, the Successor Trustee shall be entitled to reasonable compensation at the rate of $600.00 per hour of services performed, plus actual expenses.

9. To secure his performance as Successor Trustee, the Successor Trustee shall obtain a surety bond in the amount of $3 million, the cost of which shall be paid by the Trust.

10. Upon completion of the responsibilities provided for herein, the Successor Trustee shall submit a further order to this Court, endorsed by the United States Trustee, closing this bankruptcy case and relieving the Successor Trustee of further responsibilities hereunder.

11. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation or interpretation of this Order.

ENTERED:

_____
UNITED STATES BANKRUPTCY JUDGE

I ASK FOR THIS:

By:_____
Robert B. Van Arsdale, Esq.
Shannon F. Pecoraro, Esq.
Office of the United States Trustee
701 East Broad Street
Richmond, VA 23219

**LOCAL RULE 9022-1 CERTIFICATION**

Pursuant to Local Rule 9022-1(C), I hereby certify that the foregoing Order has been endorsed by or served upon all necessary parties.

_____