**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
Richmond Division

| | | |
|---|---|---|
| IN RE: | LANDAMERICA FINANCIAL GROUP, INC., et al., | Case No. 08-35994<br>Chapter 11<br>Jointly Administered |
| | Debtors. | |

## ORDER APPOINTING SUCCESSOR TRUSTEE FOR LFG LIQUIDATION TRUST

This matter came before the Court on November 19, 2019 (the "Hearing") on the Motion to Designate Successor Trustee [ECF No. 5792] filed by the United States Trustee (the "U.S. Trustee"), whereby the U.S. Trustee requested the Court designate a successor trustee for the LFG Liquidation Trust (the "Trust") in the above-captioned jointly administered Chapter 11 bankruptcy cases (the "Chapter 11 Cases").  The Court having considered the Motion and the Reservation of Rights of PGIM, Inc. to Motion to Designate Successor Trustee [ECF No. 5793] filed by PGIM, Inc., an affiliate of The Prudential Insurance Company of America, the former chair of the Liquidation Oversight Committee and a large stakeholder in funds held by the Trust, and the proposed orders submitted concerning the Motion [ECF Nos. 5796, 5797, 5798], the Court finds as follows:

A.	This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1408 and 1409. This is a core matter under 28 U.S.C. § 157(b)(2).

B.	This Court retained jurisdiction over all matters arising in, arising under, or related to the Chapter 11 Cases pursuant to the Order Confirming Joint Chapter 11 Plan of LandAmerica Financial Group, Inc. and Its Affiliated Debtors [ECF No. 2666] (the "Confirmation Order") entered November 23, 2009. In addition, the Final Decree entered in these Chapter 11 Cases on December 22, 2015 [ECF No. 5754] (the "Final Decree"), expressly provided for the retention of

jurisdiction by this Court to hear and determine all matters arising from or related to the implementation or interpretation of the Final Decree. The Court has exclusive jurisdiction over the Trust and the trustee for the Trust (the "LFG Trustee") pursuant to section 9.3 of the LFG Liquidation Trust Agreement [ECF No. 2576-6] (the "Trust Agreement").

C. The relief requested by the Motion is authorized by sections 1142 and 105(a) of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 3020(d) and 3021 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

D. The Trust Agreement was approved by this Court through the Confirmation Order.

E. The Trust Agreement provided authority for a majority of the members of the Liquidation Oversight Committee, which was later dissolved as of the entry of the Final Decree, and if necessary, this Court to appoint a "Successor Trustee" for the Trust, as that term is used in the Trust Agreement.

F. Upon consideration of the Motion and the facts and circumstances of these Chapter 11 Cases, the Court has determined that the appointment of a Successor Trustee for the Trust is in the best interests of creditors, in order for such Successor Trustee to undertake the following actions with respect to activities of the Trust during the period since the entry of the Final Decree (the "Duties"):

    i. Review all receipts and disbursements by or on behalf of the Trust, all transactions involving property of the Trust and any other transactions involving the Trust and all books and records relating thereto;

    ii. Collect any funds that the Successor Trustee determines were distributed or paid by or on behalf of the Trust inconsistent with the Trust Agreement, or that are otherwise owed to the Trust, by any method deemed reasonably

    appropriate by the Successor Trustee, including, without limitation, by judicial proceedings, compromise or otherwise;

 iii. Employ and compensate such professional persons as the Successor Trustee determines would be helpful in assisting the Successor Trustee in carrying out his Duties hereunder without the need to file retention applications or fee applications with this Court;

 iv. File any amended tax returns with respect to the Trust as the Successor Trustee deems necessary or appropriate and pay from the Trust any taxes, interest and penalties necessary;

 v. After paying all fees, expenses and other amounts incurred by the Trust or to be incurred by the Successor Trustee, make pro rata distributions of the remaining Trust property to the creditors who were the beneficiaries of the Trust (the "Creditors"), as set forth in the Final Report approved by the Final Decree; and

 vi. Take such other action and incur and pay all fees, expenses and other amounts the Successor Trustee reasonably believes are necessary to wind down the Trust.

Based upon the foregoing, the Court hereby orders as follows:

1. The Motion is **GRANTED**, as set forth herein.

2. Benjamin C. Ackerly, a member in good standing of the Bar of this Court, is hereby appointed as the Successor Trustee under the Trust Agreement to Bruce H. Matson (the "Prior Trustee"), as of the acceptance of such appointment by the Successor Trustee in accordance with paragraph 11 of this Order. In that capacity, the Successor Trustee shall have the powers granted

3

to the LFG Trustee under section 6.1 of the Trust Agreement as contemplated by section 8.5 of the Trust Agreement to carry out the above-described Duties.

3. The Successor Trustee shall be empowered to conduct examinations of any entity under Bankruptcy Rule 2004 in order to carry out his Duties hereunder, including issuing service of process to compel production of documents and/or appearance of persons for examination without the need for further order of this Court.

4. In accordance with the Trust Agreement, the Prior Trustee shall cooperate with the Successor Trustee, including, but not limited to, by duly assigning, transferring and delivering to the Successor Trustee all money and other property of the Trust held by or on account of the Trust and all books and records that reflect Trust assets, transfers or other transactions with the Trust, and to the extent requested by the Successor Trustee, by meeting with the Successor Trustee or his professionals in the Successor Trustee's efforts to carry out his Duties. The Prior Trustee shall execute and deliver all instruments requested by the Successor Trustee conveying and transferring to the Successor Trustee all rights held by the Prior Trustee in the Trust or to its money, books and records and other property.

5. For the avoidance of doubt, the Successor Trustee shall succeed to all privileges and rights to privileged and confidential information of the Trust previously held by the Prior Trustee in his capacity as such.

6. No person shall institute judicial proceedings against or serve process upon the Successor Trustee without approval of this Court.

7. To the extent the Successor Trustee reasonably concludes, following the making of any distribution or distributions to the Creditors, that the funds remaining in the Trust are insufficient to justify the costs of making any additional distribution to the Creditors, the Successor

Trustee may petition the Court for authorization to make a charitable contribution of such funds to one or more charitable entities.

8. The Successor Trustee shall file with the Court monthly reports with copies of any and all checks, transmittals or other evidence of any transfer from the Trust, including amounts paid by the Successor Trustee for his fees and expenses and those of his professionals, as well as evidence of the balance held in the Trust in bank accounts or otherwise.

9. For his services, the Successor Trustee shall be entitled to reasonable compensation at the rate of $600 per hour for services performed, plus actual expenses.

10. To secure his performance as Successor Trustee, the Successor Trustee shall obtain a surety bond in the amount of $3 million, the cost of which shall be paid by the Trust.

11. In accordance with section 8.5 of the Trust Agreement, the Successor Trustee shall accept this appointment by signing a copy of this Order and filing such acceptance with this Court.

12. Upon completion of the responsibilities provided for herein, the Successor Trustee shall submit a final report with the Court and an order endorsed by the United States Trustee, closing this bankruptcy case and relieving the Successor Trustee of further responsibilities hereunder.

13. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation or interpretation of this Order.

Dated:   November 25, 2019        /s/ Kevin R. Huennekens
                                  UNITED STATES BANKRUPTCY JUDGE

Entered on Docket:  November 25, 2019

      I hereby accept the appointment as Successor Trustee in accordance with the terms of this Order.

By: _____
        Benjamin C. Ackerly

Date: _____

`
`

**Copies to:**

**Robert B. Van Arsdale**
701 E. Broad Street, Suite 4304
Richmond, VA 23219

**Bruce H. Matson**
117 Thomashire Court
Richmond, VA 23219

**Robert B. Smith**
RS Financial Consulting, LLC
492 Hope Springs Lane
Manakin-Sabot, VA 23103

**Protiviti, Inc.**
1051 East Cary Street, Suite 602
Richmond, VA  23219

**Michael G. Wilson**
MICHAEL WILSON PLC
P.O. Box 6330
Glen Allen, VA 23058

**Paula S. Beran**
**David N. Tabakin**
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, VA 23219

**Benjamin C. Ackerly**
HUNTON ANDREWS KURTH, LLP
951 E. Byrd Street
Richmond, VA 23219